IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| Catherine Zaborowski and Simone Jackson, individually and on behalf of a class, | FILED: DECEMBER 04, 2008<br>08CV6946<br>JUDGE ST. EVE<br>MAGISTRATE JUDGE VALDEZ<br>BR |
| *Plaintiffs,* |  |
| -*vs*- | No. 08 CV _____ |
| Sheriff of Cook County and Cook County, Illinois | *(jury demand)* |
| *Defendants.* |  |

## COMPLAINT

Plaintiffs complain about defendants' policy to shackle women during childbirth and, by counsel, allege as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S. C. §1343.

2. Plaintiffs Catherine Zaborowski and Simone Jackson are residents of the Northern District of Illinois. As set out below with greater specificity, each plaintiff was in the custody of the Sheriff of Cook County immediately before and immediately after she gave birth at Stroger Hospital.

1



3. Defendants are the Sheriff of Cook County and Cook County, Illinois. The Sheriff is sued in his official capacity only; the County is joined pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

4. Plaintiff Zaborowski entered the Cook County Jail on June 3, 2008; plaintiff Jackson entered the Jail on November 23, 2007.

5. Each plaintiff was pregnant when she entered the jail.

6. Pursuant to the policies of defendant Sheriff, each plaintiff was transferred from the Jail to the Sheriff's "MOM's" program, an off-site, residential treatment program run by the Haymarket Center.

7. Plaintiff Zaborowski went into labor on August 29, 2008 and was taken by a counselor from the Haymarket Center to Stroger Hospital. Zaborowski was not handcuffed or otherwise restrained while she was being taken to the hospital.

8. Following her arrival at Stroger Hospital, and in accordance with the policies of defendants, deputy sheriffs shackled plaintiff Zaborowski hand and foot to a hospital bed.

9. Plaintiff Zaborowski remained shackled hand and foot to the hospital bed for about eleven hours while she was in labor. An armed deputy sheriff remained in the hospital room while plaintiff was in labor.

2

10. Immediately before the birth, the attending physician requested the deputy sheriff to unshackle plaintiff Zaborowski's foot. The deputy complied with this request and Zaborowski was shackled to the bed by one arm when she delivered her child at about 8:15 a.m. on August 30, 2008.

11. In accordance with the policies of defendants, the deputy sheriff re-shackled plaintiff Zaborowski's foot about an hour after the birth.

12. Plaintiff Zaborowski remained at Stroger Hospital until the evening of the next day, September 1, 2008. During this period, and as required by defendants' policies, Zaborowski was shackled hand and foot to the hospital bed and was not permitted to use the toilet or to get up from the bed to walk

13. Plaintiff Jackson went into labor on May 3, 2008 and was taken by her counselor from the Haymarket Center to Stroger Hospital. Jackson was not handcuffed or otherwise restrained while she was being taken to the hospital.

14. Following her arrival at Stroger Hospital, and in accordance with the policies of defendants, deputy sheriffs shackled plaintiff Jackson hand and foot to a hospital bed.

15. Plaintiff Jackson remained shackled hand and foot to the hospital bed while she was in labor and during birth. An armed deputy sheriff remained in the hospital room while plaintiff was in labor and was present when plaintiff delivered her child while shackled.

16. Plaintiff Jackson remained at Stroger Hospital for about four days. During this period, and as required by defendants' policies, Jackson was shackled hand and foot to the hospital bed and was not permitted to use the toilet or to get up from the bed to walk.

17. Each plaintiff was deprived of rights secured by the Fourth, Eighth, and Fourteenth Amendment to the Constitution of the United States by defendants' above described shackling policy.

18. As a direct and proximate result of defendants' shackling policy, plaintiffs and all other persons subjected to the above referred policy were unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

19. Plaintiffs bring this action individually and for all women in the custody of defendant Sheriff who, in the two year period preceding the filing of this lawsuit, were shackled during labor and after delivery. The proposed

class satisfies each of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and class certification is appropriate under Rule 23(b)(3).

20. Plaintiffs hereby demand trial by jury.

Wherefore plaintiffs request that judgment be entered in their favor and in favor of the proposed class, and that plaintiffs and each class member receive compensatory damages in an amount in excess of one hundred thousand dollars, and that the Court grant whatsoever other relief as may be appropriate.

/s/ <u>Thomas G. Morrissey</u>
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Il. 60643
(773)-233-7900


Kenneth N. Flaxman
200 S. South Michigan
Suite 1240
Chicago, Il. 60604-2430
(312) 427-3200

*Attorneys for Plaintiffs*

