**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CATHERINE ZABOROWSKI and SIMONE JACKSON, individually and on behalf of a class, | ) ) ) ) | |
| Plaintiff, | ) ) | 08 C 6946 |
| vs. | ) ) | Honorable Judge Amy St. Eve |
| SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

NOW COME Defendants, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH, and, answer Plaintiffs' Amended Complaint as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S. C. §1343 and 28 U.S.C. §1367.

ANSWER: Defendants admit the allegations contained in paragraph one.

2. Plaintiffs Catherine Zaborowski and Simone Jackson are residents of the Northern District of Illinois. As set out below with greater specificity, each plaintiff was in the custody of the Sheriff of Cook County immediately before and immediately after she gave birth at Stroger Hospital.

ANSWER: Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph two.

3. Defendants are the Sheriff of Cook County and Cook County, Illinois. The Sheriff is sued in his official capacity only; the County is joined pursuant to Carver v. Sheriff of LaSalle County, 324 F. 3d 947 (7th Cir. 2003).

ANSWER: Defendants admit the allegations contained in paragraph three.

4. Plaintiff Zaborowski entered the Cook County Jail on June 3, 2008; plaintiff Jackson entered the Jail on November 23, 2007.

ANSWER: Defendants admit the allegations contained in paragraph four.

5. Each plaintiff was pregnant when she entered the jail.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five.

6. Pursuant to the policies of defendant Sheriff, each plaintiff was transferred from the Jail to the Sheriffs "MOM's" program, an off-site, residential treatment program run by the Haymarket Center.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six.

7. Plaintiff Zaborowski went into labor on August 29, 2008 and was

taken by a counselor from the Haymarket Center to Stroger Hospital. Zaborowski was not handcuffed or otherwise restrained while she was being taken to the hospital.

    ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven.

    8. Following her arrival at Stroger Hospital, and in accordance with the policies of defendants, deputy sheriffs shackled plaintiff Zaborowski hand and foot to a hospital bed.

    ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight.

    9. Plaintiff Zaborowski remained shackled hand and foot to the hospital bed for about eleven hours while she was in labor. An armed deputy sheriff remained in the hospital room while plaintiff was in labor.

    ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine.

    10. Immediately before the birth, the attending physician requested the deputy sheriff to unshackle plaintiff Zaborowski's foot. The deputy complied with this request and Zaborowski was shackled to the bed by one arm when she delivered her child at about 8:15 a.m. on August 30, 2008.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten.

11. In accordance with the policies of defendants, the deputy sheriff re-shackled plaintiff Zaborowski's foot about an hour after the birth.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven.

12. Plaintiff Zaborowski remained at Stroger Hospital until the evening of the next day, September 1, 2008. During this period, and as required by defendants' policies, Zaborowski was shackled hand and foot to the hospital bed and was not permitted to use the toilet or to get up from the bed to walk.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve.

13. Plaintiff Jackson went into labor on May 3, 2008 and was taken by her counselor from the Haymarket Center to Stroger Hospital. Jackson was not handcuffed or otherwise restrained while she was being taken to the hospital.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen.

14. Following her arrival at Stroger Hospital, and in accordance with the policies of defendants, deputy sheriffs shackled plaintiff Jackson hand and foot to a hospital bed.

    ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen.

15. Plaintiff Jackson remained shackled hand and foot to the hospital bed while she was in labor and during birth. An armed deputy sheriff remained in the hospital room while plaintiff was in labor and was present when plaintiff delivered her child while shackled.

    ANSWER: Defendants deny the allegations contained in paragraph fifteen.

16. Plaintiff Jackson remained at Stroger Hospital for about four days. During this period, and as required by defendants' policies, Jackson was shackled hand and foot to the hospital bed and was not permitted to use the toilet or to get up from the bed to walk.

    ANSWER: Defendants deny the allegations contained in paragraph sixteen.

17. Each plaintiff was deprived of rights secured by the Fourth, Eighth, and Fourteenth Amendment to the Constitution of the United States by defendants' above described shackling policy.

    ANSWER: Defendants deny the allegations contained in paragraph seventeen.

18. At all times relevant, there was in force and effect an Illinois statute compiled as 55 ILCS 5/3-15003.6 which provided as follows:

> **Pregnant female prisoners**. Notwithstanding any other statute, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital from a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant female prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital

ANSWER: Defendants admit the rule set out in Illinois statute compiled as 55 ILCS 5/3-15003.6.

19. Defendants have failed and or refused to implement the above referred Illinois statute.

ANSWER: Defendants deny the allegations contained in paragraph nineteen.

20. Each plaintiff was damaged as the direct and proximate result of defendants' failure and or refusal to implement the above referred Illinois statute.

ANSWER: Defendants deny the allegations contained in paragraph twenty.

21. As a direct and proximate result of defendants' shackling policy,

and by defendants failure and or refusal to implement the above referred Illinois statute, plaintiffs and all other persons subjected to the above referred policy were unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

    ANSWER:    Defendants deny the allegations contained in paragraph twenty-one.

22.    Plaintiffs bring this action individually and for all women in the custody of defendant Sheriff who, in the two year period preceding the filing of this lawsuit, were shackled during labor and after delivery. The proposed class satisfies each of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and class certification is appropriate under Rule 23(b)(3).

    ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-two.

23.    Plaintiffs hereby demand trial by jury.

    ANSWER:    Defendants admit the allegations contained in paragraph twenty-three.

## AFFIRMATIVE DEFENSE

The Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). See Massey v. Helman 196 F.3d 727 (7th Cir. 1999) and Pavey v. Conley 528 F.3d 494 (7th Cir. 2008).

**JURY DEMAND**

Defendants respectfully request a trial by jury.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiffs are entitled to any damages or attorney's fees. Defendants pray that this Honorable Court grant judgment in their favor and against Plaintiffs on all aspects of their amended complaint and further requests that this Honorable Court grant Defendants' fees, costs, and such other belief that this Court deems just and appropriate.

                                      Respectfully Submitted,

                                      ANITA ALVAREZ
                                      State's Attorney of Cook County

By:    /s/ Patrick S. Smith
         Patrick S. Smith
         Deputy Supervisor
         Torts/Civil Rights Litigation Section
         500 Richard J. Daley Center
         Chicago, IL 60602
         (312) 603-2388