UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHERINE ZABOROWSKI and SIMONE JACKSON, individually and on behalf of a class, | |
| Plaintiff, | 08 C 6946 |
| v. | Honorable Judge Amy St. Eve |
| SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS | |
| Defendants. | |

**COUNTY DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR REASSIGNMENT OF CASE NO. 09 C 1546, CASE NO. 09 C 3470 AND CASE NO. 09 C 3546 PURSUANT TO LOCAL RULE 40.4**

Defendants SHERIFF OF COOK COUNTY (the "Sheriff") and COUNTY OF COOK (the "County") (collectively the "County Defendants"), by and through their counsel, ANITA ALVAREZ, State's Attorney of Cook County, by her Assistant State's Attorneys, DONALD J. PECHOUS, PATRICK S. SMITH and PAUL A. CASTIGLIONE, submit the following reply brief in support of their motion for reassignment of Case No. 09 C 1546, Case No. 09 C 3470 and case No. 09 C 3546 pursuant to Local Rule 40.4.

## INTRODUCTION

The purpose of reassignment is to move substantially related cases to a single docket and, thereby, promote the efficient use of limited judicial resources through the authority granted by Local Rule (LR) 40.4. Two or more civil cases may be related if one or more of the following conditions are met: (1) the cases share some issues of fact or law, (2) they involve the same property, (3) each grows out of the

same transaction or occurrence or (4) they involve one or more of the same classes if the motion is made relating to multiple class action suits. In addition to establishing relatedness through one of the four criteria above, the movant has also to show consolidation into a single docket will increase judicial efficiency.

The County Defendants have met their burden under Local Rule 40.4. *Zaborowski, Bryant, Embrey*, and *Morales* all share the exact same defendants and raise similar factual and legal issues. Judicial economy would be ill-served if four judges had to learn the same legal claims and legal defenses as opposed to one judge.

## ARGUMENT

### A. The Pending Class Certification Motion In *Zaborowski* Has No bearing On Whether *Zaborowski, Bryant, Embrey*, and *Morales* Are Related Cases Under Local Rule 40.4

In *Zaborowski,* the plaintiffs have moved for class certification. The parties are engaging in class discovery and the County Defendants' response to Plaintiffs' motion for class certification is due on or before August 31, 2009. Plaintiffs note that the County Defendants have not yet taken a position on class certification but note that they anticipate the County Defendants to argue that the putative class members' claims are too individualized to be subject to class treatment. *See, e.g., Oplchenski v. Parfums Givenchy, Inc.*, 254 F.R.D. 489, 500 (N.D. Ill 2009) (holding that "a fact-dependent examination of each individual [putative class member's] work experience with Defendants and could not be determined for the class solely on the basis of Defendants' employee handbook" and that the claims were not

suitable for class treatment). The County Defendants may well argue that the putative class members' proposed damage claims in the present case are also not suitable for class treatment. Such an argument does not contradict the County Defendants' position that *Zaborowski, Bryant, Embrey*, and *Morales* are all related cases.

Interestingly, because the *Zaborowski* plaintiffs have moved for class certification, they have at least tacitly acknowledged that the legal theories of plaintiffs alleging that all pregnant women in the Sheriff's custody are shackled during labor and recovery following are related. The County Defendants submit that the claims in *Zaborowski* must be considered on a case-by-case basis and are not suitable for class treatment. Nonetheless, it is odd for the *Zaborowski* plaintiffs to move for class certification on the one hand and object to the County Defendants motion for reassignment based on relatedness pursuant to Local Rule 40.4 on the other hand.

The *Zaborowski* plaintiffs also note they seek class certification of only "official capacity" issues and that in accordance with *Arreola v. Godinez*, 546 F.3d 788 (7th Cir. 2008), "all questions of damages for unnamed members of the class will be reserved to individual damage actions." (Plaintiffs' Resp. to Defendants' Motion for Reassignment at ¶5(b).) In their response to the *Zaborowski* plaintiffs' motion for class certification, the County Defendants anticipate arguing, *inter alia*, that: (1) the Sheriff's *actual* policy regarding the shackling of pregnant women in custody is constitutional, (2) the complaint of each putative class member regarding the

*application* of that policy in their particular case is a matter that must be decided on a case-by-case basis and (3) the putative class members' proposed damage claims are too individualized for class treatment. The number of individual damage actions (which Plaintiffs estimate to be over one hundred) further demonstrates that the *Zaborowski* case is not a proper class action.

In any event, Plaintiffs' discussion about possible individual damage claims is truly beside the point. At this point, four cases are before the Court: *Zaborowski, Bryant, Embrey*, and *Morales*. Plaintiffs cannot properly ask this Court to speculate about individual cases that have not yet been filed or the number of damage claims of putative class members, particularly where no class has yet been certified. The proper question is whether *Zaborowski, Bryant, Embrey*, and *Morales* meet the criteria for reassignment under Local Rule 40.4. They do.

### B.     *Zaborowski, Bryant, Embrey*, and *Morales* are Related Cases.

Courts in this District have recognized that the reassignment of fundamentally similar cases pending in the same district "promotes efficient use of judicial resources." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 U.S. Dist. LEXIS 33296, *6 (N.D. Ill. April 23, 2008) (Kocoras, J.).

Plaintiffs do not seriously dispute that *Zaborowski, Bryant, Embrey* and *Morales* arise out of the same issues of fact or law. The County Defendants have satisfied Local Rule 40.4(a). *See, e.g., BP Corp. North America, Inc. Savings Plan Investment Oversight Committee v. Northern Trust Investments, N.A.*, 2009 U.S. Dist. LEXIS 50283, *4-*5 (N.D. Ill. June 15, 2009) (Hibbler, J.) (holding that "the

two suits both concern allegations surrounding Defendants' securities lending practices and have sufficient common issues of fact and law to be deemed related").

The County Defendants have also satisfied Local Rule 40.4(b). *Zaborowski, Bryant, Embrey* and *Morales* are all pending in this district. One judge handling these four cases will result in a substantial saving of judicial time and effort. Plaintiffs do not really argue otherwise and, indeed, only note that *Embrey* and *Morales* may lead to interlocutory appeals on questions of qualified and absolute immunity. This argument is wholly speculative and beside the point. Local Rule 40.4(b)(2) addresses whether judicial economy is best served with one judge learning the four cases as opposed to four judges learning each of the cases. These cases all concern the Sheriff's policy for securing pregnant detainees and inmates in his custody, particularly during labor and recovery. The legal and factual issues in these cases are similar enough to warrant reassignment based upon relatedness.

Plaintiffs also argue that the plaintiff in *Bryant* is prepared to file a motion for summary judgment. As an initial matter, no such motion has yet been filed and discovery has not been closed. If the *Bryant* plaintiffs ultimately file such a motion, the County Defendants will determine whether they need any additional discovery to respond to the motion and to file their own dispositive motion. Plaintiffs cannot reasonably ask this Court to deny a motion for reassignment based upon relatedness based on motions that they have not yet been filed, much less decided.

## **CONCLUSION**

Defendants Tom Dart, the Sheriff of Cook County and the County of Cook respectfully request that the Court grant this motion and issue an order: (a) finding that the *Zaborowski, Bryant, Embrey* and *Morales* cases are related, (b) recommending to the Executive Committee that the cases of *Bryant v. Sheriff of Cook County and County of Cook*, No. 09-C-1546 (pending before Judge Gottschall), *Embrey v. Sheriff of Cook County and County of Cook*, No. 09-C-3470 (pending before Judge Gettleman) and *Morales v. Sheriff of Cook County and County of Cook*, No. 09-C-3546 (pending before Judge Pallmeyer) be reassigned to this Court's calendar and (c) entering such other and further relief as this Court deems appropriate.

        Respectfully Submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

    By:  s/ Patrick S. Smith

Donald J. Pechous
Patrick A. Smith
Paul A. Castiglione
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3362