IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Catherine Zaborowski and | ) | |
| Simone Jackson, individually | ) | |
| and on behalf of a class, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 08 CV 6946 |
| vs. | ) | |
| | ) | Judge St. Eve |
| SHERIFF OF COOK COUNTY, | ) | |
| And COOK COUNTY ILLINOIS | ) | |
| | ) | |
| Defendant. | ) | |

**SHERIFF THOMAS DART'S RESPONSE TO PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION**

NOW COMES Defendant SHERIFF THOMAS DART, by and through his attorney ANITA ALVAREZ, STATE'S ATTORNEY OF COOK COUNTY, by her Assistant State's Attorney Pat Smith, for Defendant's Response to Plaintiffs' Motion for Class Certification asking this court to deny the motion for class certification because the Plaintiffs fail to meet the criteria under Fed. R. Civ. P. 23. In support, the Defendant states as follows:

**I        INTRODUCTION**

The motion for class certification should be denied. Class treatment is inappropriate because each incident of shackling is an individualized factual event subject to case-by-case analysis to determine if each occurrence was cruel and unusual punishment under the Eighth Amendment, and/or a violation of Illinois § 730 ILCS 125/17.5 which states:

> Notwithstanding any other statute, directive, or administrative
> regulation, when a pregnant female prisoner is brought to a
> hospital from a county jail for the purpose of delivering her baby,
> no handcuffs, shackles, or restraints of any kind may be used
> during her transport to a medical facility for the purpose of

>delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant female prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

The Plaintiffs (*Zabrowski and Jackson 08 C 6946*) seek to have the class certified under Federal Rules of Civil Procedure 23(b)(3). Plaintiffs will likely seek to join three additional parties, claimants in other suits against Sheriff Dart, as class members (*Bryant 09 C 1546, Embrey 09 C 3470* and *Morales 09 C 3546*). Plaintiffs define the proposed class as, "All women in the custody of defendant Sheriff on and after December 4, 2006 who have been or who will be shackled during labor, delivery, or recovery following delivery." (Plaintiffs' Motion for Class Certification, CM/ECF Document 26, P. 1). Plaintiffs do not make a facial challenge to the constitutionality of the Illinois statute. Instead Plaintiffs' argue the Sheriff's policies and procedures to comply with the Illinois pregnant inmate statute, specifically in regards to each plaintiff's experience while at Stroger hospital, were unconstitutional in their application. (*See* CM/ECF Document 26).

      This case turns on individual issues. Plaintiffs and Defendant together concede the constitutionality of the statute in question. It is the constitutionality of the application of that Illinois statute to a particular set of events which is the issue in all four cases. However, the constitutionality of the application of a statute is a case-by-case analysis. The purpose of a class action is to establish the law or facts of a multitude of significantly similar cases in a single action where having individual Plaintiffs would be burdensome to the judicial system. When the proper analysis of the cases sought to be included in the classes all require a case-by-case

analysis, then the purpose of declaring the class cannot be achieved.

Further, Plaintiffs cannot establish numerosity as there are not so many cases involved that individual treatment is not the preferred method of adjudication. Additionally, Plaintiffs have not suffered any actual injuries (physical injury, emotional injury supported by monetary expense or physical manifestation, or any other kind of injury) and therefore could not be representative of any class. Plaintiffs are also unable to satisfy their burden on most or all of the remaining criteria necessary to establish class certification including: commonality, typicality, adequacy, predominance and superiority. Finally, Plaintiffs' definition of whom to include in the class is inappropriate for class certification. Therefore, based upon the above statements and the following supportive arguments, Plaintiffs' Motion for Class Certification should be denied.

## Standards for Class Certification and Review

The Plaintiffs (*Zabrowski and Jackson 08 C 6946, Bryant 09 C 1546, Embrey 09 C 3470* and *Morales 09 C 3546*) seek to have the class certified under Federal Rules of Civil Procedure 23(b)(3). The Court may certify a case as a class action if the party seeking certification demonstrates in a two prong inquiry that the party has met all the requirements of Rule 23(a) and that the claims fall under one of the four types of class actions listed at 23(b)(1)-(3). Under Rule 23(a), the party must prove that the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the proposed class, the class representatives' claims are typical of the claims of the class, and the representatives will fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(1)-(4). As for the second prong, Plaintiffs seek to show their claims fall under the class action type defined at Rule 23(b)(3). To succeed, Plaintiffs must show that "questions of law or fact common to the members of the class *predominate* over any questions affecting individual members, and a class

3

action is *superior* to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3)(emphasis added). Plaintiffs bear "the burden of demonstrating that certification is appropriate." *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993).

In *Szabo v. Bridgeport Machs., Inc.,* 249 F.3d 672 (7th Cir. 2001), the Seventh Circuit stated that, in deciding a motion for class certification, the district court should not assume that whatever the plaintiff alleges is true while disregarding the fact that the defendant contests the plaintiff's position on "key points." *Szabo,* 249 F.3d at 674-676. The Court should look beyond the Complaint before deciding the issue of certification. Indeed, the Eighth Amendment analysis and analysis of each individual application of the Illinois statute by Sheriff's deputies requires an in depth evaluation of the individualized facts of each pregnancy and each shackling incident making class treatment inappropriate. Therefore, the Court need not rely solely on the allegations in plaintiffs' complaint in assessing whether to certify a class, but instead "should make whatever factual and legal inquiries are required under Rule 23." *Id.*

Additionally, the definition of the class in the Seventh circuit must be phrased adequately to allow determination of class members. Plaintiffs bear the burden of proving that the class they propose is, in fact, identifiable as a class. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). While Rule 23 does not include a "definiteness" requirement, the Seventh Circuit has accepted that the definition of a proposed class must be "sufficiently definite to permit ascertainment of the class members . . ." *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977-78 (7th Cir. 1977).

**Argument**

a) **Individual Treatment is the Proper Analysis of Determining the Constitutionality of Statutory Applications**

Statutes are presumed constitutional. *Lockport v. Citizens for Community Action at Local Level, Inc.*, 430 U.S. 259, 272 (1977). The Sheriff is reasonable in relying upon the constitutionality of a statute. *General Motors Corp. v. Oklahoma County Bd. Of Equalization*, 678 P.2d 233, 237 (Okla. 1983). Therefore, the Illinois Statute § 730 ILCS 125/17.5 is constitutional, and the Sheriff acted appropriately in relying upon that statute. The Defendant admits, without waiving any defenses or admitting to any liability, the particular manner in which adherence to or application of a statute as carried forth in a particular situation can be found unconstitutional. However, determining the constitutionality of the application of a statute to a situation is a case-by-case analysis. *Heller v. Doe*, 509 U.S. 312, 320 (1993) *quoting Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973). Case-by-case analyses are, by definition, highly fact specific to the events of that case and are therefore highly individualized.

For instance, some of the plaintiffs mentioned above claim to have been shackled hand and foot throughout delivery (Ms. Jackson)(*Zabrowski Complaint* ¶ 15), while another claims only handcuffing during delivery (Ms. Zabrowski)( *Zabrowski Complaint* ¶ 10), while yet another claims to have been shackled only before and after delivery (Ms. Bryant)(*Bryant Complaint* ¶ 8). Some of the plaintiffs bring claims of U.S. Treaty violation (Ms. Embry and Ms. Morales)(*Embry Complaint* ¶ 7)(*Morales Complaint* ¶ 8) while the other three claim only constitutional violations. Four plaintiffs had vaginal deliveries while one (Ms. Embry) delivered through a cesarean procedure. (*Embry Complaint* ¶ 15). Additionally, Ms. Embry states

anesthetization while the others do not. (*Embry Complaint* ¶ 18). Plaintiffs do not even all come from the same location, as some come from the MOMs program while Ms. Morales come from Division 3. (*Morales Complaint* ¶ 10-11). There are many additional differences, but the point is that the factual specifics and the particulars of when and how each plaintiff was shackled or handcuffed, as well as the particulars of the whole labor experience, differ between the various complaints.

Consequently, while these cases all have the common theme of shackling while pregnant, that theme does not override the necessity of an individualized analysis of each application of the Illinois statute. The four cases at issue here (*Zabrowski and Jackson 08 C 6946, Bryant 09 C 1546, Embry 09 C 3470* and *Morales 09 C 3546*) therefore, are inappropriate for class certification because there are factual differences, those factual difference require individualized treatment according to precedent, and such treatment runs in stark contrast to class certification.

      b) **Numerosity**

Rule 23(a)(1) requires that a class be so numerous that joinder of all its members is impracticable. Courts may not rely on conclusory allegations as to the size of a class or the impracticability of joinder and may require that a plaintiff prove class size through affidavits or other evidence. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989); *Szabo,* 249 F.3d at 676. The plaintiff need not specify the exact number of persons in the class. *Marcial,* 880 F.2d at 957. However, recent Seventh Circuit precedent has determined fewer than 14 class members are not sufficient to support a certification of class status. *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008). Further, "the party supporting the class cannot rely on 'mere speculation' or 'conclusory allegations' as to the size of the putative class to prove that joinder is impractical for numerosity purposes. *Roe v. Town of Highland*, 909 F.2d 1097, 1100 n.4 (7th

Cir. 1990).

In this case, Plaintiffs' proposed class currently consists of five detainees who were shackled while at Stroger Hospital, there for the purpose of giving birth from December 4, 2006. Plaintiffs base their claim of numerosity on their unsupported statements to this court that they have "likely more than one hundred" plaintiffs available. (Plaintiff's Response to Defendant' Motion to Reassign P. 3). However, Plaintiffs have submitted no affidavits executed by putative class members, or any documentation beyond unsupported claims and postulations. Plaintiffs inappropriately make assertions of the existence of enough parties to the putative class to satisfy the numerosity requirement without any support for this claim. With only five plaintiffs in four cases and no supporting affidavits from additional parties, the Plaintiffs fail to meet the burden of establishing numerosity.

    c) **Commonality**

Rule 23(a)(2) requires the existence of questions of law or fact common to the class. "A common nucleus of operative facts is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998) (quoting *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992)). It may be true that when "defendant[s] have engaged in [identified] standardized conduct toward members of the proposed class," the class satisfies Rule 23(a)(2)'s commonality requirement. See e.g. *Keele v. Wexler,* 149 F.3d 589 at 594. However, in cases so holding the complained of standardized conduct is not legal conduct but rather illegal conduct. In this case, plaintiffs have identified no factual or legal issues common to the class which are different from those already approved by the Supreme Court. Defendant asserts that there are factual differences between the individual shackling in question which preclude a commonality finding and that the identified similar facts are no more intrusive.

7

d) **Typicality**

The typicality requirement focuses on "whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983). The representatives' claims are "typical if [they] arise from the same event or practice or course of conduct that gives rise to the claims of the other class members and [their] claims are based on the same legal theory." *De La Fuente,* 713 F. 2d at 232. Factual distinctions between the representative parties' claims and the class members' claims do not destroy typicality so long as the claims share the same legal theory. *Id.*

First, Plaintiffs claim to draw class members from two sources, those in the MOMs program and those originating from Division 3. (*Morales supra.*). However, considering the separate origins of the proposed plaintiffs, the one source cannot be typical of the other. Surprisingly, Plaintiffs would like for the court to consider the factual story of female inmates from Division 3 (the jail) sufficiently similar to women from the MOMs program (a drug rehabilitation program). MOMs participants are in the rehabilitation and pregnancy program by election. They are screened, approved and placed by a process which considers, among other things, past criminal behavior and violent tendencies. Pregnant inmates remaining in Division 3 are there because they chose not to participate in MOMs or were ineligible do to their criminal record. MOMs is a privileged living condition program provided by the Sheriff to help ease the transition of inmates into motherhood. Division 3 is, quite simply, jail. The experience of these two groups, no matter the claim, cannot be typical of each other.

Second, Plaintiffs have done nothing to support their claim of typicality except to point again to their guesses that there are numerous pregnant inmates who went into labor at Stroger Hospital and were shackled during that labor. Again, Defendant argues that named plaintiffs'

8

claims vary as to the manner in which shackling was conducted and nothing in the record supports a finding that these five class representatives are typical of unknown putative class members.

### e) **Adequacy**

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy this requirement, the interests of the representative parties must coincide with those of the rest of the class, and class counsel must be prepared and able to prosecute the action effectively. *See Retired Police Ass'n,* 7 F.3d at 598; *Levie v. Sears, Roebuck & Co.,* 496 F. Supp. 2d 944, 950 (N.D. Ill. July 17, 2007).

First Plaintiffs have failed to provide affidavits sufficient to establish numerosity. Secondly, Plaintiffs have failed to prove typicality of those plaintiffs already named. Therefore, this court lacks any reasonable notion as to what the situation of additional members of the resulting class will resemble. This Court, therefore, has no way to determine if Plaintiffs can fairly and adequately represent the interest of the remaining class. Defendant Tom Dart challenges the adequacy of the named plaintiffs and contends those plaintiffs' interests are at odds with those of other putative class members if for no other reason than the fact that the interests of the remaining class members cannot be indentified to any reasonable degree.

### f) **Rule 23(b)(3): Predominance and Superiority**

Even if Plaintiffs could establish all aspects of Rule 23(a)(1)-(4), Plaintiffs' class still fails because Plaintiffs cannot complete the second prong of class certification: establishing that Plaintiffs' claim falls under the class type indentified under Rule 23(b)(3). Rule 23(b)(3) requires the Court to find "that questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members, and that the class action is

*superior* to other available methods for the *fair and efficient* adjudication of the controversy." Fed. R. Civ. P. 23(b)(3)(emphasis added). Generally, when a class challenges a uniform policy or practice, the validity of the policy or practice tends to be the predominant issue in the ensuing litigation. *See General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 159 n.15, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) ("Significant proof that an employer operated under a general policy of discrimination conceivably could justify a class of both applicants and employees."); *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992) (holding that certification was appropriate when plaintiffs alleged that defendant had "an ongoing scheme to defraud and deceive prospective students"). The motion in this case alleges the manner in which Sheriff's Deputies complied with General Order 32 was a violation of Illinois Statute § 730 ILCS 125/17.5 regarding the shackling of pregnant inmates in labor and therefore was an Eighth Amendment constitutional violation regarding cruel or unusual punishment.

As mentioned above state statutes are presumed constitutional. *Lockport* 430 U.S. at 272. The Sheriff is reasonable in relying upon the constitutionality of a statute. *General Motors Corp.* 678 P.2d at 237. Therefore, the Illinois Statute § 730 ILCS 125/17.5 is presumed constitutional, and Sheriff Deputies acted appropriately in relying upon that statute and the manner in which it was enforced. However, the analysis of the application of a statute to a situation is a case-by-case analysis. *Heller* 509 U.S. at 320 (*quoting Lehnhausen*, 410 U.S. at 364). Such case-by-case analyses are highly fact specific to the events of that case and are therefore highly individualized. The four cases at issue here (*Zabrowski, Bryant, Embrey* and *Morales*) therefore, are inappropriate for class certification because highly individualized factual analyses run in stark contrast to class certification. Plaintiffs are unable to meet their burden to show a predominating question of fact or law to establish the class considering the proper inquiry into each allegation is

10

an individualized case-by-case analysis.

In addition to failing to establish questions of law or fact common to the members of the class which predominate over individual factual analysis; plaintiffs also fail to show superiority. Plaintiffs must show that the class action method is superior to other available methods for the fair and efficient adjudication of the issues. Plaintiffs have merely guessed that the class size is likely more than 100 persons. There is simply no justifiable reason that a class action is a superior venue to adjudicate the claims of five individuals. These plaintiffs have already filed their individual suits, wherein they can receive a proper and individualized assessment of the constitutional violation they allege.

Given that the Court is allowed to look beyond the complaint when determining class certification, it is relevant to consider Plaintiffs' counsel history. Bringing these class actions could simply be part of a Morrissey-Flaxman business plan motivated solely by fees and not the vindication of fundamental rights. The difficulty of certifying a class here is that a $1,000.00-$10,000.00 case (taking into consideration that Plaintiffs have suffered no physical injury and have to date incurred no expense for mental injury) quickly becomes a $10,000,000.00 - $100,000,000.00 case. This is precisely why the Seventh Circuit permits review of certification decisions. Such a claim puts a bet-your-company decision to the Cook County Board and may induce a substantial settlement even if the Plaintiffs' position is weak. The pressure that class certification places on the defendant, and the ensuing settlement, prevents resolution of the underlying issues. *See Szabo,* 249 F.3d at 675.

The motion is silent on the "*fair and efficient*" adjudication prongs. There is no showing of any "mad rush to the courthouse" to file shackling cases and it's because there is no real injury from such restraint. It is true that none of the currently named plaintiffs suffered any physical or

actual damages. In terms of efficiency, plaintiffs argue that one case is better than hundreds, but those hundreds are not being brought. In terms of fairness, the *Szabo* case points out how unfair it is to a defendant to end up settling an otherwise non-meritorious case because of the risk of an even larger judgment. Therefore, Defendants state that allowing Plaintiffs' class is neither fair nor efficient.

### g) **Class Definition**

The purported class as defined by Plaintiffs states, "All women in the custody of defendant Sheriff on and after December 4, 2006 who have been or who will be shackled during labor, delivery, or recovery following delivery." This definition is unworkable.

First, the class definition is inappropriate because the definition seeks to include hypothetical and future plaintiffs when it states "have been *or who will be shackled*." In order to have a claim, a plaintiff must first have been in involved in a transaction or occurrence and then suffered an injury from that transaction or occurrence. However, in the class definition, Plaintiffs seek to include unknown and hypothetical plaintiff who have yet to suffer any incident, much less the injury. If Plaintiffs were concerned that the events occurring to them would continue to occur in the future to others, then such a claim is properly brought as an injunction. Plaintiffs' definition leaves the inference that Plaintiff expects the Sheriff's behavior to continue unaltered, and rather than enjoin that behavior, Plaintiffs seek to find new parties to join Plaintiff's lawsuit. Regardless of the intent, it is improper to seek to join future tort victims as such a status under the law does not exist.

Secondly, Plaintiffs' class definition is inaccurate because a class is not identifiable if an extensive search of individual records is necessary to identify that class. If individual inquiry needs to be made to identify a claim of the proposed class, the definition is deficient. *Lau v.*

*Arrow Fin. Servs., LLC,* 245 F.R.D. 620, 624 (N.D. Ill. September 28, 2007). Such inquiry needs to be made on each member of the purported class as defined by Plaintiffs and is extremely burdensome in terms of time and dollars spent pulling files, finding information in the files, and making copies of the information or recording the information elsewhere. The Jail's CIMIS system cannot and does not determine who was pregnant. Even if the CIMIS did determine such things, that information is restricted by HIPAA.

The Sherriff's department has already spent significant man hours and expense locating un-centralized records for documents for the current five named plaintiffs and for documents which would reveal the names of potential class members. Class Counsel may offer sworn declarations from putative class members but has failed to do so. Therefore, class certification is neither fair nor efficient in this case.

## Conclusion

WHEREFORE, the MOTION FOR CLASS CERTIFICATION should be denied for failure to meet any one the requirements of Rule 23(b)(3) as numerosity, typicality, commonality and adequacy of representation are lacking. Further, no identifiable issues of law or fact exist as plaintiffs have only enunciated one fact issue and that issue must be analyzed on a case-by-case basis. Finally, class certification is neither the superior, nor fair method of evaluation since no issues of fact predominate over individual questions, thus requiring case by case analysis. For these reasons and all others listed above, the Plaintiffs' Motion for Class Certification should be denied.

                Respectfully submitted,

                ANITA ALVAREZ

                State's Attorney of Cook County

By:    <u>/s/ Pat Smith</u>

                Pat Smith
                Deputy Supervisor of Federal Litigation
                Cook County State's Attorney
                Richard J. Daley Center
                50 W. Washington Street, Room 500
                Chicago, IL 60602
                (312) 603-2388