# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6946 | **DATE** | 9/15/2009 |
| **CASE TITLE** | Zaborowski et al vs. Sheriff of Cook County et al | | |

**DOCKET ENTRY TEXT**

The Court denies Defendants' motion to reassign and consolidate [37].

■ [ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

      Defendants Sheriff of Cook County and County of Cook request that the Court reassign and consolidate the following cases pending in the Northern District of Illinois – *Danielle Bryant v. Sheriff of Cook County & County of Cook*, No. 09 C 1546 (the "*Bryant* case"); *Katina Embrey v. Sheriff of Cook County & County of Cook*, No. 09 C 3470 (the "*Embrey* case"); and *Marilu Morales v. Sheriff of Cook County & County of Cook*, No. 09 C 3546 (the "*Morales* case") to the present action pursuant to Northern District of Illinois Local Rule 40.4. For the following reasons, the Court, in its discretion, denies Defendants' motion for reassignment.

## BACKGROUND

      On December 4, 2008, Plaintiffs Catherine Zaborowski and Simone Jackson, on behalf of a class, filed their original complaint in the present matter. On January 28, 2009, Plaintiffs filed an Amended Complaint alleging that the Sheriff of Cook County has an unconstitutional policy pertaining to pregnant women in custody, namely, that pregnant women must be shackled during labor and during their recovery following labor. On June 15, 2009, Plaintiff filed a motion to certify the proposed class pursuant to Federal Rule of Civil Procedure 23. In their class certification motion, Plaintiffs state that: "Pursuant to Rule 23(c)(4), plaintiffs request that the case be maintained as a class action solely to adjudicate the legality of the Sheriff's shackling policy, and that all questions of damages for unnamed members of the class be reserved to individual damage actions." Plaintiffs' motion for class certification became fully briefed on September 14, 2009.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

On March 11, 2009, Plaintiff Danielle Bryant filed an action against Defendants alleging that she was shackled during labor and recovery. Likewise, on June 8, 2009, Plaintiff Katina Embrey filed a similar lawsuit, and, on June 11, 2009, Plaintiff Marilu Morales filed her action based on similar facts. Plaintiffs' counsel is the same for all four lawsuits.

## LEGAL STANDARD

"A district court may consolidate actions that involve a common question of law or fact." *Star Ins. Co. v. Risk Mktg. Group, Inc.,* 561 F.3d 656, 660 (7th Cir. 2009); Fed.R.Civ.P. 42(a)(2). Northern District of Illinois "Local Rule 40.4(b) also allows for related cases to be consolidated before the judge assigned to hear the earlier-filed case." *Star Ins.*, 561 F.3d at 660. Local Rule 40.4(b) states in entirety:

> (b) Conditions for Reassignment. A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and ***each*** of the following criteria is met:
>
> (1) both cases are pending in this Court;
>
> (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
>
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
>
> (4) the cases are susceptible of disposition in a single proceeding.

N.D. Ill. L.R. 40.4(b) (emphasis added). The moving party bears the burden "to specifically identify why each of the factors has been met, and the motion should be denied if the moving party fails to satisfy each of the requirements." *Goldhamer v. Nagode,* No. 07-C-5286, 2007 WL 4548228, at *2 (N.D. Ill. Dec. 20, 2007); *see also* N.D. Ill. L.R. 40.4(c) (moving party must "indicate the extent to which the conditions required under section (b) will be met if the cases are found to be related"). Whether to reassign a case under Local Rule 40.4 lies within the sound discretion of the district court. *See Star Ins.*, 561 F.3d at 660; *Clark v. Insurance Rentals, Inc.,* 42 F.Supp. 846, 847 (N.D. Ill. 1999).

## ANALYSIS

The parties do not dispute that there are common questions of law or fact under Rule 42(a)(2) or that the cases are related under Local Rule 40.4(a). Instead, Plaintiffs maintain that the four related cases are not susceptible to disposition in a single proceeding as required by Local Rule 40.4(b)(4). In particular, Plaintiffs argue that in the present matter they are seeking class certification only on the official capacity liability issues and that all questions of damages for the unnamed class members will be reserved to individual damages actions. Plaintiffs further argue that the Sheriff's individual liability is at issue in *Embrey* and *Morales,* and thus there may be possible questions of qualified immunity – questions that may result in interlocutory appeals. Plaintiffs' counsel further maintains that although the plaintiff in *Bryant* is suing the Sheriff in his official capacity only, the *Bryant* plaintiff is ready to file her summary judgment motion. To date, however the plaintiff in *Bryant* has not filed her summary judgment motion and discovery is ongoing.

Meanwhile, since Defendants filed the present motion to reassign, they have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) in the *Morales* matter arguing that the plaintiff failed to properly allege a claim against the Sheriff in his individual capacity. In *Morales*, the district court set a briefing schedule for Defendants' motion to dismiss, which the court recently stayed pending a status hearing. Moreover, in *Embrey*, plaintiff filed an Amended Complaint on September 8, 2009, clarifying her individual capacity claim against the Sheriff.

Because these four related cases are at different stages of litigation and the legal theories and defenses concerning official and individual liability vary, they are not susceptible of disposition in a single proceeding nor would reassignment result in a substantial saving of judicial time and effort. To clarify, in both the *Embrey* and *Morales*, the Sheriff's qualified immunity will come into play, which could include interlocutory appeals that would delay the other proceedings. Meanwhile the plaintiffs in *Zabrowski* seek class certification only on the official capacity liability issues while the plaintiff in *Bryant* is in the middle of discovery and intends on filing a dispositive motion soon. In sum, because there are different legal issues and defenses, as well as different schedules for dispositive motions, Defendants' request to reassign these cases will not result in a substantial saving of judicial time and effort. *See Williams v. Walsh Constr.,* No. 05 C 6807, 2007 WL 174309, at *2 (N.D. Ill. Jan. 16, 2007) ("if the cases will require different discovery, legal findings, defenses or summary judgment motions, it is unlikely that reassignment will result in a substantial judicial savings"). As such, Defendants have failed in their burden of demonstrating the requisite criteria under Local Rule 40.4(b), and the Court denies their motion to reassign. *See* N.D. Ill. L.R. 40.4(c).