IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Catherine Zaborowski and          )
Simone Jackson, individually       )
and on behalf of a class,          )
                                   )
            *Plaintiffs,*           )        No. 08 CV 6946
        -vs-                       )
                                   )
Sheriff of Cook County and        )        *(Judge St. Eve)*
Cook County, Illinois,             )
                                   )
            *Defendants.*          )

# PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

Plaintiffs file this supplemental memorandum to respond to the questions posed by the Court on October 1, 2009.

## I.  Background

Plaintiffs have asked the Court to allow this case to proceed as a class action under Rule 23(b)(3) for

> All women in the custody of defendant Sheriff on and after December 4, 2006 who have been or who will be shackled during labor, delivery, or recovery following delivery.

Plaintiffs proposed in their motion for class certification that the case be maintained as a class action to adjudicate the legality of the Sheriff's shackling policy, pursuant to Rule 23(c)(4). Plaintiffs' sugges-tion to limit the class issues may have been premature. As discussed

below at 4-6, it might be "especially prudent," *Merk v. Jewel Food Stores Div.,* 702 F.Supp. 1391, 1395 (N.D.Ill. 1988), to certify the class "and reserve judgment as to whether narrowing of the class or subclass certification is appropriate." *Id.* at 1395-96.

## II.    Rule 23(c)(1)(B) and Rule 23(c)(4)

Rule 23(c)(4) was adopted as part of the 1966 amendments to Rule 23 and allows a case to "be brought or maintained as a class action with respect to particular issues."[1] An analogous provision was added to Rule 23(c)(1) in the 2003 amendments to Rule 23.[2] "Rule 23(c)(1)(B) specifically recognizes the possibility of certifying not just 'class claims,' but also class 'issues.'" *Arreola v. Godinez,* 546 F.3d 788, 800 (7th Cir. 2008).

The drafters of Rule 23(c)(4) intended that the rule be used to split a case into a determination of liability for a class, to be followed by individual damage proceedings. As the Advisory Committee explained:

---

[1] Rule 23(c)(4) provides as follows:

> When appropriate, an action may be brought or maintained as a class action with respect to particular issues.

[2] Rule 23(c)(1)(B) provides as follows:

> An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g).

This provision recognizes that an action may be maintained as a class action as to particular issues only. For example, in a fraud or similar case the action may be to retain its "class" character only through the adjudications of liability to the class; the members of the class may thereafter be required to come in individually and prove the amounts of their respective claims.

Advisory Committee Note, 39 F.R.D. 69, 106 (1966)

The years following the adoption of Rule 23(c)(4) have seen "courts commonly use Rule 23(c)(4) to certify some elements of liability for class determination, while leaving other elements to individual adjudication – or, perhaps more realistically, settlement." *Chiang v. Veneman,* 385 F.3d 256, 267 (3d Cir. 2004).

If the Court finds in favor of the plaintiff class, and the parties are unable to negotiate a settlement, "that won't be the end of the world." *Carnegie v. Household International,* 376 F.3d 656, 661 (7th Cir. 2004). This is because

Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issues. Those solutions include "(1) bifurcating liability and damage trials with the same or different juries; (2) appointing a magistrate judge or special master to preside over individual damages proceedings; (3) decertifying the class after the liability trial and providing notice to class members concerning how they may proceed to prove damages; (4) creating subclasses; or (5) altering or amending the class."

*Carnegie v. Household International*, 376 F.3d at 661, quoting *In re Visa Check/MasterMoney Antitrust Litigation*, 380 F.3d at 141.

One example of a procedure to adjudicate individual damage claims is that approved in *Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620 (5th Cir. 1999). There, a trial was scheduled on the common liability issues. *Id.* at 623. Then, "[i]f the class prevails on the common liability issues in phase one, the issues affecting only individual class members will be tried in a second phase in waves of approximately five class members at a time." *Id.*

A similar procedure to adjudicate individual damage claims was established in *In re Ampicillin Antitrust Litigation,* 88 F.R.D. 174 (D.D.C. 1980). There, the district court concluded that the case would be bifurcated into a "liability" stage and, "assuming a violation was found, a 'damage' stage where each plaintiff would show the amount of damage sustained as a result of the violation." *Id.* at 178-79.

### III.  The Court May Choose to Reserve Decision on the Procedure to Adjudicate Individual Damage Claims

In *Merk v. Jewel Food Stores Div.,* 702 F.Supp. 1391 (N.D.Ill. 1988), the defendant opposed class certification, arguing that affirmative defenses as to some class members predominated over the common issues. *Id.* at 1394-95. Judge Aspen overruled these objections, recognizing that "Courts have not been reluctant to devise a litigation procedure that allows a class action to proceed despite early perceived

certification problems as long as all of the requirements of Rule 23 are ultimately satisfied at later stages in the litigation." *Id.* at 1395. Rather than limit class certification to the common issues, the court certified "the class as broadly defined by the plaintiffs and reserve[d] judgment as to whether narrowing of the class or subclass certification is appropriate." *Id.* at 1395-96.

The district court reached the same result in *Deutschman v. Beneficial Corp.,* 132 F.R.D. 359 (D.Del. 1990). There, in a securities fraud case, the defendants argued that their "no reliance" defense caused individual issues to predominate over the common issues. *Id.* at 377. The court concluded that there were three ways to resolve this argument: deny class certification, certify the class and deal with the reliance issue "when its prominence in the litigation becomes more clear," *id.* at 378, or adopt "an intermediate solution." *Id.* After analyzing these options, and recognizing that Rule 23(c)(4)(A) allowed the case to proceed as a class action with respect to discrete issues rather than the entire claim, the court adopted what it described as an "intermediate approach."

> The court will tentatively certify the class with respect to the entire claim. In order to simplify and expedite the case, the court will bifurcate the trial *sua sponte* pursuant to Fed.R.Civ.P. 42(b). In the first stage of the proceedings, the liability issues will be tried as a class action. If the plaintiff

class succeeds in proving misrepresentation, materiality, and scienter, the court will at that time revisit whether the litigation should continue as a class action or whether the class should be decertified for purposes of litigating the recovery issues.

*Deutschman v. Beneficial Corp.,* 132 F.R.D. 359, 358.

The Court may well choose to follow this course, and certify the case as a class action under Rule 23(b)(3) for the proposed class on the class claims asserted in paragraphs 17-19 of the amended complaint.

## IV.   Conclusion

For the reasons above stated, plaintiffs request that the Court allow this case to proceed as a class action under Rule 23(b)(3) for

All women in the custody of defendant Sheriff on and after December 4, 2006 who have been or who will be shackled during labor, delivery, or recovery following delivery.

The class claims are whether the alleged shackling policy

1. Caused class members to have been deprived of rights secured by the Fourth, Eighth, and Fourteenth Amendment to the Constitution of the United States, and

2. Violated the Illinois statute compiled in 55 ILCS 5/3-15003.6

The Court should also appoint Thomas G. Morrissey and Kenneth N. Flaxman as class counsel.


Respectfully submitted,


/s/ <u>Kenneth N. Flaxman</u>

Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200

Thomas G. Morrissey.
10249 S Western Ave
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Patrick S. Smith, ASA, 500 Daley Center, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  none.


/s/  Kenneth N. Flaxman
_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)