IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Catherine Zaborowski and Simone Jackson, individually and on behalf of a class, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. 08-CV-6946<br>)<br>) Judge St. Eve |
| THOMAS DART, Sheriff of Cook County and COOK COUNTY ILLINOIS, | )<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' MOTION IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM CLARIFYING QUESTIONS BY THE COURT**

NOW COME Defendants SHERIFF THOMAS DART and COOK COUNTY ILLINOIS, by and through their attorney ANITA ALVAREZ, STATE'S ATTORNEY OF COOK COUNTY, by her Assistant State's Attorney, Pat Smith, asking this court to deny Plaintiffs' motion for class certification because the Plaintiffs fail to meet the requirements of Fed. R. Civ. P. 23. In support, the Defendants state as follows:

**I. INTRODUCTION**

Plaintiffs have the burden to show that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3) However, Plaintiffs' most recent Memorandum on the issue of class certification is not an argument in favor of certification; it is merely a primer on some of the various powers that Rule 23 grants to courts and litigants. (Plaintiffs' Sup. Mem., Doc. 51.) Indeed, aside from the Introduction and Conclusion, which contain basic recitations of Plaintiffs' motion, the Memorandum does not make any attempt to tie the cited authorities to the facts or alleged facts

1

of the case at bar. (Id.) Defendants do not dispute Plaintiffs' contention that Rules 23(c)(1)(B) and 23(c)(4) *allow* the court to limit, split, or bifurcate issues in a class-action case. However, Defendants repeat their objection that—*in this case*—the use of those tools would be unwise and inappropriate.

## II. ANALYSIS

### A. Class Action Would Require Personalized Determinations

Plaintiffs have said that they expect to prove that Defendants violated *May v. Sheahan*, 226 F.3d 876 (7th Cir. 2000). There, the Seventh Circuit held that using "bodily restraints constitutes punishment in the constitutional sense if their use is not rationally related to a legitimate non-punitive government purpose or they appear excessive in relation to the purpose they allegedly serve." *Id.* at 884. However, Plaintiffs have yet to demonstrate how the questions of punitive purpose and apparent excess can be resolved other than on a case-by-case basis. To that end, the Seventh Circuit in *May* designed its test to be applied to individual claimants. *See*, *id.* ("Perhaps after some discovery Sheahan can produce evidence justifying both his shackling policy in general *and his shackling of May in particular* . . .") (emphasis added).

Plaintiffs have made no indication that they are willing or able to attack the alleged shackling policy in this case solely on general, non-particularized grounds. In fact, Plaintiffs admit that their evidence does not show uniform application of the alleged policy. (*E.g.*, Plaintiffs' Reply, Doc. 46 at 6 (claiming that the Plaintiffs' evidence will show restraints were sometimes removed for birthing for some inmates, but sometimes they were not); *compare* Amended Compl., Doc. 13, ¶ 10 (Plaintiff Zaborowski allegedly shackled by one arm only) *with* Doc. 13, ¶ 15 (Plaintiff Jackson allegedly shackled by both an arm and a leg)).

The punitive purpose of the restraints (if any) and their degree of apparent excess (if any) will vary from claimant to claimant based on each individual's situation and the particular application of restraints to them. The test in *May* requires this Court to examine the particular restraining of an inmate, and the purported rationale for that restraint, against the degree to which that restraint exceeds what is necessary for that inmate; *May* does not establish a *per se* rule against shackling pregnant inmates. *May v. Sheahan*, 226 F.3d 876, 884 (7th Cir. 2000).

Even if the class were certified solely for the purpose of adjudging constitutional liability, each claimant would have to prove that shackles were inappropriate *for her* because they were applied for punitive reasons, for an illegitimate government purpose, or were apparently excessive in her situation given the purpose articulated for restraining her. *Id*.; *see e.g.*, *Harper v. Sheriff of Cook County*, 581 F.3d 511 (7th Cir. 2009) (Seventh Circuit found that common issues did not predominate (and, therefore, class certification was inappropriate) where question of liability required individual findings of unreasonable treatment for each claimant. "[T]he constitutionality of this detention depends on whether the length of the delay . . . was reasonable in any given case. That is an individual issue. . . ." (citation omitted)).

Individualized determinations are also necessary for Plaintiffs' state-law claim. The statute in question, 730 ILCS 125/17.5, prohibits, *inter alia*, the use of "leg irons or shackles or waist shackles" on a "pregnant female prisoner *who is in labor*." (Emphasis added.) Whether a given claimant was "in labor," for purposes of the state law, at the time she was allegedly shackled, is a highly individualistic medical question that would turn a class-action proceeding (even if limited solely to the issue of liability) into a series of mini-trials for each class member. Mini-trials would also be necessary for the Court to determine the manner in which each claimant was restrained and whether such restraint included impermissible "leg irons or shackles

or waist shackles." *Id*. There is simply no broad manner in which the issues of either law or damages in this case can be addressed, analyzed, and determined.

It should not be disputed that when the proper analysis of the claims sought to be included in the class all require a case-by-case analysis, then the purpose of declaring the class cannot be achieved. To prevail in their motion for class certification, Plaintiffs must show that "questions of law or fact common to the members of the class *predominate* over any questions affecting individual members, and a class action is *superior* to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added). Plaintiffs have yet to bear their "burden of demonstrating that certification is appropriate." *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993).

**B. No Evidence of Excessive Application**

In *Szabo v. Bridgeport Machs., Inc.*, the Seventh Circuit stated that, in deciding a motion for class certification, the district court should not assume that whatever the plaintiff alleges is true while disregarding the fact that the defendant contests the plaintiff's position on "key points." *Szabo*, 249 F.3d 672, 674-676 (7th Cir. 2001). The Court should look beyond the Complaint before deciding the issue of certification. *Id*.

Here, Plaintiffs have yet to produce any evidence showing that Defendants have any routine or common practice of illegally restraining pregnant inmates that would suggest a likelihood of finding additional allegedly wronged inmates to join the class. Plaintiffs even admit that Defendants' MOM's program is a special, off-site privilege for pregnant inmates who do not pose a significant risk. (Doc. 13, ¶ 6.) It is counter-intuitive to assume that Defendant Sheriff would accord special treatment to many pregnant inmates by moving them outside of the

4

potentially stressful jail environment for the bulk of their pregnancy, only to brazenly violate their constitutional rights in the final hours before delivery.

Defendants maintain that, to the extent any pregnant inmates have been shackled, such restraint was appropriate in light of all of the circumstances.

### C. Lack of Numerosity

Plaintiffs bear the burden of proving that the class they propose is, in fact, identifiable as a class. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). While Rule 23 does not include a "definiteness" requirement, the Seventh Circuit has accepted that the definition of a proposed class must be "sufficiently definite to permit ascertainment of the class members . . ." *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977-78 (7th Cir. 1977).

Rule 23 requires that the party seeking class certification show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While "the exact number of class members need not be pleaded or proved, . . . impracticality of joinder must be positively shown, and cannot be speculative." *Cwiak v. Flint Ink Corp.*, 186 F.R.D. 494, 496 (N.D. Ill 1999) (citing *Gomez v. Comerford*, 833 F. Supp. 702, 706 (N.D. Ill. 1993); *Kohn v. Mucia*, 776 F. Supp. 348, 352 (N.D. Ill. 1991)).

Plaintiffs' Motion for Class Certification has been pending since it was first filed June 15 2009. (Doc. 26.) In that time, Defendants have made several requests for the names of the putative class members. In their Reply in support of class certification, Plaintiffs indicate that at least 49 women gave birth while in Defendants' custody during the relevant time period. (Doc. 46 at 10.) However, Plaintiffs have not shown, and do not claim, that any of the 49 potential class members were ever "shackled during labor, delivery, or recovery following delivery" to bring them within the definition of the proposed class. (Doc. 26 at 1.)

Plaintiffs have asked this Court to allow them to rely on a "rule of thumb" in order to show numerosity, without affirmatively showing impracticality of joinder. (Doc. 46 at 10.) Even if this Court were to permit that practice in other cases, it should not rely on a "rule of thumb" here where there is significant doubt as to whether there are actually enough class members in existence to even trigger the "rule."

The "rule of thumb" cited by Plaintiffs indicates that forty members can tip the scales in favor of class certification. (*See,* Doc. 26, at 6.) However, Plaintiffs do not claim to have more than forty class members; they claim to know of 49 women who meet *some* of the characteristics of the proposed class (namely that those women were pregnant while in Defendants' custody). Crucially, Plaintiffs do not claim to know of *any* women who meet *all* the criteria of their proposed class (other than those who are already plaintiffs in this case and the related pending actions *Danielle Bryant v. Sheriff*, 09-cv-1546 (N.D. Ill. Filed Mar. 11, 2009) (Judge Gotschall); *Katina Embry v. Dart*, 09-cv-3470 (N.D. Ill. Filed Jun. 8, 2009) (Judge Gettleman); and *Marilu Morales v. Dart*, 09-cv-3546 (N.D. Ill. Filed Jun. 11, 2009) (Judge Kennelly)). However, Plaintiffs' have already admitted that, should a class be formed, the parties in the three cases above will abstain from joining. (Doc. 46 at 13 n.2.)

Allowing Plaintiffs to secure class certification by claiming that they know of a handful of people (none of whom have filed affidavits) who meet some, but not all, of the class characteristics would defeat the purpose of Rule 23's numerosity burden. Rule 23 requires the proponent of the class to affirmatively show that joinder would be impracticable. While the Rule does not always require the proponent to know the exact number of class members, the proponent "cannot rely on conclusory allegations or speculation as to the size of the purported class in order to prove numerosity." *Beale v. Edgemark Fin. Corp.*, 164 F.R.D. 649, 653 (N.D.

Ill. 1995) (citing *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989)); *see also, Valentino v. Howlett*, 528 F.2d 975, 978 (7th. Cir. 1976) ("a conclusory allegation that a class is so numerous that joinder is impracticable is not sufficient to meet the requirements of Rule 23(a)(1)"). Further, the individuals that Plaintiffs *have* identified do not wish to join the class. (Doc. 46 at 13 n.2.) Mere speculation by Plaintiffs that the members of the proposed class number somewhere between zero and forty-nine is insufficient to show numerosity under Rule 23(a)(1).

### D. Damages

Further, Plaintiffs have failed to address this Court's concern with the issue of individualized damages. Plaintiffs' claim that issues of liability and damages can be separated in this case does not hold up. Plaintiffs have essentially brought a simple emotional damages claim which can only result in nominal recovery, but are asking the court to determine liability wholly isolated from any consideration of the harm to Plaintiffs. In the recent Eighth Circuit case of *Nelson v. Corr. Med. Servs.*, 2009 U.S. App. LEXIS 21730 (8th Cir. Oct. 2, 2009) the court found the defendant liable, and plaintiff's recovery was based upon an injury to her hip that, according to experts who testified at trial, may have been exacerbated by being shackled throughout the labor process. *Id*. at *5-9. In that case, damages were integral to the determination of liability, but the case also highlights the individual nature of these types of claims. Was the plaintiff shackled or not shackled during active labor; if so, did she suffer physical injury or not? If there are no physical damages, what theory can the plaintiff recover on? If there is no recovery, does the plaintiff have a claim?

These are all factual determinations, but the answers are integral to the determination of legal liability. Absent physical injury, Plaintiffs only have emotional damages, which as a

general rule, under common law, are insufficient to stand alone. There is no efficiency purpose, and in fact it increases judicial inefficiencies, to go through the process of a class action to settle liability questions when the same questions of liability will have to be readdressed anew with each subsequent damage case. Where harm to a plaintiff may be undisputed, as in an asbestos or contaminated groundwater suit, it may be reasonable to determine liability in a bifurcated action. However, in this case, the harm is disputed and liability is integrally linked to a determination of harm to the Plaintiffs.

If a class were to be certified now, it would later have to be decertified during the trial. The parties have done extensive discovery at this point, and at no time during any proceeding has either Plaintiff alleged anything greater than some pain and discomfort, which appears nominal especially in contrast to the pain and discomfort naturally associated with the birthing process. Further, any minor increase in pain or discomfort brought about by the alleged restraining is justified by the fact that restraint is reasonable in an open hospital environment outside of the secure facilities of the jail or the MOM's program. Although the risk of flight or violence may be small for some pregnant inmates, it may be greater for others and it is always present.

### III. CONCLUSION

Although Plaintiffs have shown that class certification for the purpose of deciding limited issues is *possible* in the abstract, they have done nothing to extend that argument to explain why such certification is *superior* to other methods of adjudication *in this case*. Because Eighth Amendment analysis and analysis of each individual application of the Illinois statute by Sheriff's deputies requires an in-depth evaluation of the individualized facts of each pregnancy and each shackling incident, class treatment is inappropriate.

Further, Plaintiffs have still not met their burden under Rule 23 to show that the proposed class contains so many members that joinder would be impracticable. Merely asserting that the number of class members might range from zero to forty-nine is insufficient to "permit ascertainment of the class members." *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977-78 (7th Cir. 1977).

Finally, Plaintiffs have not explained how it is possible to achieve the goals of Rule 23 when damages issues are highly specific to each individual claimant, yet also inextricably linked to the threshold issue of liability. Because the question of liability turns on whether Defendants' treatment of the claimants was reasonable, given the circumstances, it will not be possible to decide liability without simultaneously making individualized factual findings related to the degree of harm (damages) suffered by each claimant

For the reasons outlined here and in Defendant's Response to Plaintiffs' Motion for Class Certification (Doc. 44), Defendants again ask this honorable court to deny the Motion for Class Certification (Doc. 26).

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: /s/ Patrick S. Smith
Patrick S. Smith
Deputy Supervisor
Torts/Civil Rights Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-2388