IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Catherine Zaborowski and | ) | |
| Simone Jackson, individually | ) | |
| and on behalf of a class, | ) | |
| | ) | |
| *Plaintiffs,* | ) | No. 08 CV 6946 |
| -vs- | ) | |
| | ) | |
| Sheriff of Cook County and | ) | *(Judge St. Eve)* |
| Cook County, Illinois, | ) | |
| | ) | |
| *Defendants.* | ) | |

# PLAINTIFFS' REPLY SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

Defendants have declined to respond to plaintiffs' supplemental memorandum, but instead seek to use their answering memorandum to add to their original arguments in opposition to class certification. Plaintiffs show below that defendants supplemental arguments are without merit.

## I. *May v. Sheahan* Does Not Foreclose Class Certification

There is no merit in defendants' argument that *May v. Sheahan,* 226 F.3d 876 (7th Cir. 2000) requires a case by case determination of "the particular restraining of an inmate, and the purported rationale

for that restraint, against the degree to which that restraint exceeds what is necessary for that inmate." (Def.Supp.Mem. 3.)

Defendants raised the identical argument on remand in *May* when the plaintiffs sought to maintain the case as a class action.[1] There, plaintiffs sought to proceed on behalf of:

> All Cook County Jail inmates who are, were or will be transferred from the jail to an outside hospital and who are subject to defendant Sheahan's policies regarding hospitalized detainees *(e.g.,* shackling prisoners to bed all day, every day, not allowing prisoners to make phone calls or write letters or have access to family members or attorneys; and in most cases, preventing such prisoners from attending court hearings).
>
> *Rahim v. Sheahan,* No. 99-395, Mem.Op., October 18, 2001, 19, Exhibit 1, *infra* at 19.

Defendants argued in *Rahim,* as they argue here, "that the proposed definition is too broad because it does not make any distinctions between members of the class based on individual histories of criminal or violent activity, and the potential need to shackle and implement other security measures." (Exhibit 1 at 20.) This argument was rejected in *Rahim* because defendants' argument "rests on distinctions that, based on plaintiffs' allegations, defendants do not make when implementing their policies." *Id.* The same result is required here.

---

[1] Plaintiff May died after the decision of the Seventh Circuit and the case was restyled *Rahim etc. et al. v. Sheahan,* No. 99 C 395.

Plaintiffs discussed the Rule 30(b)(6) deposition testimony in their motion for class certification (Record Item No. 26) at pages 2 and 4 and in their reply memorandum (Record Item No. 46) at pages 4-6. This evidence makes clear beyond peradventure that, as in *Rahim,* correctional officers do not make distinctions between pregnant detainees when applying the Sheriff's shackling policy.

The Sheriff's uniform and explicit shackling policy distinguishes this case from *Nelson v. Correctional Medical Services*, 583 F.3d 522 (8th Cir. 2009) (en banc). (Def.Mem. 7.) The policy in *Nelson* stated "that shackles were to be used 'only when circumstances require the protection of inmates, staff, or other individuals from potential harm or to deter the possibility of escape.'" *Id.* at 527. The *Nelson* policy requires individual correctional officers to make judgments about the need for shackling; the Sheriff's policy at issue in this case does not permit discretion, but requires shackling during labor and after childbirth.

## II. Members of the Putative Class Need Not File Affidavits to Demonstrate Numerosity

Defendants agree (Def.Mem. 5) that, as of September 14, 2009, plaintiffs had identified 49 women who gave birth during the proposed class period while in the custody of the Sheriff. (Exhibit 3 to Plaintiffs'

Class Reply Memorandum, Record Item No. 46 at 96. Defendants do not dispute that each of the 49 woman was subjected to the Sheriff's shackling policy; defendants contend that plaintiffs must also produce affidavits from the putative class members. (Def.Mem. 6.) This argument is without merit.

Defendants advanced the identical argument in *Streeter v. Sheriff of Cook County,* 256 F.R.D. 609 (N.D.Ill. 2009). There, plaintiffs had estimated the class size from jail records; defendants argued that plaintiff's estimate of class size "lacks sufficient evidentiary support." *Id.* at 612. The district court disagreed, finding that the plaintiffs in Streeter had "provided a reasonable basis upon which to determine the size of the class using available statistical information."[2] *Id.*

The district court in *Phipps v. Sheriff of Cook County,* 249 F.R.D. 298 (N.D.Ill. 2008) rejected a similar challenge to numerosity. There, the plaintiff had identified 16 persons in the proposed class and estimated that the class would consist of "more than 50 wheelchair bound individuals." *Id.* at 300. Defendants disputed plaintiff's showing of numerosity, but the district court disagreed, accepting plaintiff's estimate of class size. *Id.*

---

[2] Although the estimated class size in *Streeter* was "several thousand," 256 F.R.D. at 612,

The Court should likewise overrule defendants' objections to numerosity in this case. Plaintiffs have to date identified 49 members of the putative class. The size of the class will increase because the Sheriff continues to apply his shackling policy to women who give birth while in custody. In addition, defendants have not produced all of the documents requested by plaintiffs; counsel expects to identify additional class members from these documents. Accordingly, the Court should reject defendants' objections to numerosity.

### III. Shackling a Woman during Labor Is Not a "Nominal Damages" Case

Defendants assert that the damage claims of the members of the putative class "can only result in nominal recovery." (Def.Mem. 7.) In defendants' view, shackling a woman who is in labor can result in "nominal" pain and discomfort. (Def.Mem. 8.) Defendants' argument disregards the loss of dignity and the inability to move to allay the pains of labor causing by shackling.

While plaintiffs believe that a jury would reject any nominal damages argument, this question is not material to class certification, which turns on the requirements of Rule 23, rather than whether or not the plaintiff class will prevail on the merits. *Silversman v. Motorola, Inc.,* 259 F.R.D. 163, 168 (N.D.Ill. 2009).

## IV.   Conclusion

For the reasons above stated and those previously advanced, plaintiffs request that the Court allow this case to proceed as a class action under Rule 23(b)(3) for

> All women in the custody of defendant Sheriff on and after December 4, 2006 who have been or who will be shackled during labor, delivery, or recovery following delivery.

Respectfully submitted,


/s/ Kenneth N. Flaxman

> Kenneth N. Flaxman
> ARDC 830399
> 200 S Michigan Ave, Ste 1240
> Chicago, Illinois 60604
> (312) 427-3200
>
> Thomas G. Morrissey.
> 10249 S Western Ave
> Chicago, Illinois 60643
> (773) 233-7900
>
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick S. Smith, ASA, 500 Daley Center, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

_____

Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)