IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Catherine Zaborowski and Simone Jackson, individually and on behalf of a class,

*Plaintiffs,*

-vs-

Sheriff of Cook County and Cook County, Illinois,

*Defendants.*

No. 08 CV 6946

*(Judge St. Eve)*

# AMENDED MOTION FOR CLASS CERTIFICATION

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, plaintiffs Catherine Zaborowski and Simone Jackson, by counsel, move the Court to order that this case be maintained as a class action on behalf of:

> All women in the custody of defendant Sheriff on and after December 4, 2006 who have been or who will be shackled during labor, delivery, or recovery following delivery.

Grounds for this motion are as follows:

1. In its order of December 9, 2009 (copy attached as Exhibit 1), the Court found that the proposed class satisfied the numerosity, commonality, and typicality requirements of Rule 23(a). (Exhibit 1 at 5-6.) The Court found that plaintiffs were not adequate class representatives because of their "request that this case be maintained as a class action

solely to adjudicate the legality of the Sheriff's shackling policy and that all questions of damages for the unnamed class members be reserved to individual damages actions." (Exhibit 1 at 4.) The Court of Appeals declined to review this Court's ruling on March 23, 2009.

2. In accordance with the Rule 26(a)(2) disclosure schedule, plaintiffs' counsel have consulted with a variety of potential experts; counsel have also interviewed and been retained by other women aggrieved by the challenged policy. Counsel have concluded that while shackling increases a variety of risks to the pregnant woman, unless a shackled woman (or her baby) suffered physical injury during labor and deliver directly related to the shackling, the emotional distress and feelings of helplessness caused by the shackling will not vary significantly from woman to woman. The damages for each woman will be established by the woman's testimony of the shock, panic, depression, shame, rage, and humiliation caused by being shackled during labor, delivery, or recovery following delivery. Counsel have therefore concluded that they were mistaken in their view that each class member should receive a separate determination of damages.

3. Plaintiffs' counsel have identified an additional 15 members of the putative class. (Exhibit 2.) The growing size of the potential class is an additional reason to allow this case to proceed as a class action

and resolve all questions arising from the shackling policy in one proceeding. Accordingly, plaintiffs resubmit their request for class certification and request that the case be maintained as a class action to adjudicate liability *and* damages for all class members.

For the reasons above stated, plaintiffs request that the Court order that this case be maintained as a class action for:

> All women in the custody of defendant Sheriff on and after December 4, 2006 who have been or who will be shackled during labor, delivery, or recovery following delivery.

Respectfully submitted,

/s/ Kenneth N. Flaxman

Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200

Thomas G. Morrissey.
10249 S Western Ave
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiff*

# Exhibit 1

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6946 | **DATE** | 12/9/2009 |
| **CASE TITLE** | Zaborowski et al vs. Sheriff of Cook County et al. | | |

**DOCKET ENTRY TEXT**

The Court, in its discretion, denies Plaintiffs' Motion for Class Certification [26] pursuant to Federal Rule of Civil Procedure 23.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On January 28, 2009, Plaintiffs Catherine Zaborowski and Simone Jackson, on behalf of a class, filed an Amended Complaint alleging that the Sheriff of Cook County has an unconstitutional policy pertaining to pregnant women in custody. *See* 42 U.S.C. § 1983. Before the Court is Plaintiffs' Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23. Because Plaintiffs have failed to fulfill the adequacy requirement under Rule 23(a)(4), as well as the superiority and predominance requirements under Rule 23(b)(3), the Court, in its discretion, denies Plaintiffs' motion.

## BACKGROUND

In their Amended Complaint, Plaintiffs allege that Zaborowski entered the Cook County Jail on June 3, 2008 and that Jackson entered the Jail on November 23, 2007. (R. 13-1, Amend. Compl. ¶ 4.) At the time they entered the Cook County Jail, both Zaborowski and Jackson were pregnant. (*Id*. ¶ 5.) Plaintiffs further allege that they were transferred from the Cook County Jail to the Sheriff's "MOM's" program, which is an off-site, residential treatment program run by the Haymarket Center. (*Id*. ¶ 6.)

Continued...

| Courtroom Deputy Initials: | KF |
|---|---|

Zaborowski went into labor on August 29, 2008, and her counselor from the Haymarket Center transported her to Stroger Hospital. (*Id*. ¶ 7.) Following her arrival at Stroger Hospital, and in accordance with Defendant's policy, deputy sheriffs shackled Zaborowski's hand and foot to the hospital bed. (*Id.* ¶ 8.) Zaborowski remained shackled hand and foot to the hospital bed for about eleven hours while she was in labor. (*Id.* ¶ 9.) An armed deputy sheriff remained in the hospital room during that time. (*Id*.) Immediately before giving birth, the attending physician requested that the deputy sheriff unshackle Zaborowski's foot. (*Id*. ¶ 10.) The deputy sheriff complied with the doctor's request and Zaborowski was shackled to the bed by one arm when she delivered her child on August 30, 2008. (*Id*.) Plaintiffs further allege that in accordance with the Sheriff's policy, the deputy sheriff then re-shackled Zaborowski's foot about an hour after she gave birth. (*Id*. ¶ 11.) Zaborowski remained at Stroger Hospital until the evening of the next day, September 1, 2008. (*Id*. ¶ 12.) During this time period, Zaborowski was shackled hand and foot to the hospital bed and was not permitted to use the toilet or to get up from the bed to walk. (*Id*.)

After Jackson went into labor on May 3, 2008, her counselor from the Haymarket Center took her to Stroger Hospital. (*Id*. ¶ 13.) Following her arrival at Stroger Hospital, and in accordance with the Sheriff's policies, deputy sheriffs shackled Jackson's hand and foot to the hospital bed. (*Id*. ¶ 14.) Jackson remained shackled hand and foot while she was in labor and during birth. (*Id.* ¶ 15.) An armed deputy sheriff remained in the hospital room while she was in labor and delivered her child. (*Id*.) Jackson remained at Stroger Hospital for approximately four days during which Jackson was shackled hand and foot to the hospital bed and was not permitted to use the toilet or to get up from the bed to walk per the Sheriff's policies. (*Id*. ¶ 16.)

In their motion for class certification, Plaintiffs seek to certify the following class: "All women in the custody of defendant Sheriff on and after December 4, 2006 who have been or who will be shackled during labor, delivery, or recovery following delivery." Pursuant to Rule 23(c)(4), Plaintiffs request that this case be maintained as a class action solely to adjudicate the legality of the Sheriff's shackling policy and that all questions of damages for the unnamed class members be reserved for separate, subsequent damages actions. (R. 26-1, Mot. Class Cert., at 1.)[1]

**LEGAL STANDARD**

"[T]he primary purposes of the class-action mechanism" are "judicial economy and efficiency." *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577 (7th Cir. 2008). To that end, Federal Rule of Civil Procedure 23(a) states that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a); *see also Harper v. Sheriff of Cook County*, 581 F.3d 511, 513 (7th Cir. 2009). Failure to meet any of these Rule 23(a) requirements precludes class certification. *See id*.; *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008).

In addition to satisfying the requirements under Rule 23(a), a party seeking class certification must also establish that the proposed class satisfies one of the requirements set forth in Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *Arreola*, 546 F.3d at 794. Here, Plaintiffs request certification of the proposed class pursuant to Rule 23(b)(3), which applies when "the questions

---

[1] After the parties briefed Plaintiffs' motion for class certification, the Court requested supplemental briefing regarding Plaintiffs' request to maintain the class action solely to adjudicate the legality of the Sheriff's policy and reserving questions of damages for the unnamed class members to subsequent actions.

of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3); *see also Amchem Prods.*, 521 U.S. at 615-16. Under Rule 23(b)(3), if "a few class members' injuries prove to be substantial, they may opt out and litigate independently." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006).

The party seeking class certification has the burden of establishing that certification is proper. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). In determining whether a party has carried that burden, a court need not accept all of the complaint's allegations as true. *See Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). Instead, in deciding whether to certify a class, the Court "should make whatever factual and legal inquiries [that] are necessary under Rule 23." *Id.* at 676; *see also General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) (courts may "probe behind the pleadings before coming to rest on the certification question"). Meanwhile, courts will not address the merits of a class action claim unless it affects the class certification. *See Szabo*, 249 F. 3d at 677. District courts have broad discretion in determining motions for class certification. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 345, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979); *Payton v. County of Carroll*, 473 F.3d 845, 847 (7th Cir. 2007).

## ANALYSIS

### I. Federal Rule of Civil Procedure 23(a)

#### A. Numerosity

To satisfy the numerosity requirement under Rule 23(a)(1), Plaintiffs must show that the number of members in the proposed class is so large that joinder would be impracticable. *See Pruitt v. City of Chicago, Ill.*, 472 F.3d 925, 926 (7th Cir. 2006). Although there is no bright-line rule for numerosity, a class of at least forty members is sufficient to satisfy the numerosity requirement. *See id.*; *Harris v. Best Buy Co., Inc.*, 254 F.R.D. 82, 85 (N.D. Ill. 2008).

Plaintiffs maintain that they have identified at least 49 women who gave birth while in the Sheriff's custody during the class period despite Defendants' failure to produce all of the documents Plaintiffs have requested. Plaintiffs have provided a list of these 49 women. Because Plaintiffs have already identified 49 putative class members and maintain that they may be able to identify more once Defendants produce more relevant documents, Plaintiffs have met the numerosity requirement under Rule 23(a)(1). *See Streeter v. Sheriff of Cook County*, 256 F.R.D. 609, 612 (N.D. Ill. 2009) ("The Court may rely on common sense assumptions or reasonable inferences when ascertaining the size of the class."); *see also Arreola*, 546 F.3d at 798.

#### B. Commonality

Rule 23(a)(2) requires that Plaintiffs prove the existence of questions of fact or law common to the proposed class. *See Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002) (class must be reasonably homogeneous). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). A common nucleus of fact exists when a defendant has "engaged in standardized conduct towards members of the proposed class." *Id.* Because Plaintiffs' class action relies on the Sheriff's standardized conduct pursuant the shackling policy, Plaintiffs have met their burden in establishing the commonality requirement under Rule 23(a)(2). *See Streeter*, 256 F.R.D. at 612. In addition, the class members are governed by the same legal rules as to the Sheriff's liability. *See In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002) ("No class action is proper unless all litigants are governed by the same legal rules.").

### C. Typicality

Next, Plaintiffs must establish that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Rahman v. Chertoff*, 530 F.3d 622, 627 (7th Cir. 2008); Fed.R.Civ.P. 23(a)(3). As the Seventh Circuit explains:

> A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and her claims are based on the same legal theory. Even though some factual variations may not defeat typicality, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large.

*Arreola*, 546 F.3d at 798 (quoting *Oshana*, 472 F.3d at 514) (quotation marks and citations omitted).

Plaintiffs satisfy the typicality requirement because their claim and the putative class members' claims are based on the same legal theory and arise from the same practice or course of conduct, namely, the Sheriff's shackling policy. *See Arreola*, 546 F.3d at 798. As such, Defendants' strained distinction that some of the putative class members came directly from the Cook County Jail instead of the Haymarket Center has no bearing on the Court's typicality analysis. *See id.* ("some factual variations may not defeat typicality").

### D. Adequacy Requirement – Rule 23(a)(4)

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods,* 521 U.S. at 625; *see also Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 737 (7th Cir. 2007) ("Minimum standards of adequacy are the domain of Fed.R.Civ.P. 23(a)(4), which permits a class action only if 'the representative parties will fairly and adequately protect the interests of the class.'"). When determining the adequacy requirement, courts look to whether: (1) the named plaintiffs have conflicting or antagonistic claims with members of the putative class; and (2) counsel is qualified, competent, and experienced. *See Kohen v. Pacific Inv. Mgmt. Co., LLC,* 571 F.3d 672, 679 (7th Cir. 2009); *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992).

It is undisputed that Plaintiffs' counsel is qualified, and thus the Court turns to whether Plaintiffs have conflicting or antagonistic claims to members of the proposed class. As discussed above, Plaintiffs request that this case be maintained as a class action solely to adjudicate the legality of the Sheriff's shackling policy and that all questions of damages for the unnamed class members be reserved to individual damages actions. Under the circumstances, Plaintiffs are reserving the issue of damages to fulfill the commonality requirement due to the individualized nature of the proposed class members' damages. By doing so, the named Plaintiffs are jeopardizing the unnamed class members' ability to bring damages claims in subsequent lawsuits based on res judicata, also known as claim preclusion. *See Feinstein v. Firestone Tire & Rubber Co*., 535 F.Supp. 595, 606 (S.D.N.Y. 1982) (tailoring "class claims in an effort to improve the possibility of demonstrating commonality" was "purchased at the price of presenting putative class members with significant risks of being told later that they had impermissibly split a single cause of action.").

To clarify, the "doctrine of res judicata bars a person from splitting his claim between two suits." *Allan Block Corp. v. County Materials Corp.*, 512 F.3d 912, 915 (7th Cir. 2008) (citing Restatement (Second) of Judgments §§ 24, 25 and comment b (1982)); *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) ("Under the doctrine of claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'") (citation omitted). Thus, under the circumstances, if the Court allowed Plaintiffs' class action to go

forward on the issue of liability only – leaving the issue of damages until future, individualized damages proceedings – the unnamed class members may be barred from seeking any damages. More specifically, because subsequent courts will determine the preclusive effect of this Court's judgment in the present matter, the Court cannot ensure that granting class certification solely on the policy question as the named Plaintiffs' request would preserve the class members' rights to bring future damages claims. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.,* 209 F.R.D. 323, 340 (S.D.N.Y. 2002); *Thompson v. American Tobacco Co., Inc.,* 189 F.R.D. 544, 550 (D. Minn. 1999) ("even if the Court permits the reservation of issues in this case, whether a subsequent court would honor such a reservation is, at best, undeterminable at this time."); *see also Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 805, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) ("court adjudicating a dispute may not be able to predetermine the res judicata effect of its own judgment"). Therefore, even though courts have recognized an exception to splitting separate substantive claims in the context of class certifications, *see Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 256 F.R.D. 586, 597-98 (N.D. Ill. 2009), under the present circumstances, Plaintiffs are attempting to impermissibly split a single cause of action by separating the liability determination from the class members' individual damages claims to the potential detriment of the unnamed class members. *See Feinstein,* 535 F.Supp. at 606.

Accordingly, the named Plaintiffs do not adequately protect the interests of the putative class members due to their request to reserve individual damages claims for subsequent lawsuits. *See Thompson,* 189 F.R.D. at 550-51; *Feinstein,* 535 F.Supp. at 606-07; *see also MTBE Prods. Liab.,* 209 F.R.D. at 340-41 (named plaintiffs who waive potential claims of absentee plaintiffs are inadequate class representatives). Meanwhile, Plaintiffs fail to explain how the putative class members could "opt out" pursuant to Section 23(b)(3) under these circumstances, especially in light of the fact that every single class member would have to opt out in order for the Court to ensure that the proposed class members' rights to bring future damages claims are adequately preserved. *See MTBE Prods. Liab.*, 209 F.R.D. at 340. As such, requiring the unnamed plaintiffs to opt out in order to preserve their damages claims defeats the purpose of class treatment in the first instance. *See Thorogood v. Sears, Roebuck & Co.,* 547 F.3d 742, 744 (7th Cir. 2008) ("The class action is an ingenious device for economizing on the expense of litigation and enabling small claims to be litigated."). Indeed, Plaintiffs fail to explain how the unnamed plaintiffs could opt out and preserve their damages claims. Therefore, the named Plaintiffs have failed in their burden of establishing the adequacy requirement under Rule 23(a)(4). *See Oshana,* 472 F.3d at 513.

## II. Superiority and Predominance Requirements– Rule 23(b)(3)

Under Rule 23(b)(3), the Court must determine whether (1) the questions of fact or law common to the class members predominate over questions affecting only the individual class members, and (2) a class action is superior to other available methods of adjudicating plaintiffs' claims. *See Amchem Prods.,* 521 U.S. at 615; *Andrews*, 545 F.3d at 577. Rule 23(b)(3) includes a list of factors for courts to consider regarding the predominance and superiority criteria:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Amchem Prods, Inc.,* 521 U.S. at 615-16; *see also Szabo,* 249 F.3d at 676.

Here, the class action – as proposed – does not fulfill the superiority requirement under Rule 23(b)(3)

because judicial economy is not served by the Court determining the Sheriff Office's liability after which at least 49 subsequent damages lawsuits could follow. *See Andrews,* 545 F.3d at 577 ("primary purposes of the class-action mechanism [are] judicial economy and efficiency"). Put differently, any efficiencies gained from consolidating the question of the Sheriff's liability do not outweigh the fact that 49 separate plaintiffs may file subsequent damages lawsuits based on the same common facts. *See id.*; *see also Hyderi v. Washington Mut. Bank, FA,* 235 F.R.D. 390, 406 (N.D. Ill. 2006) (efficiency gains from consolidation did not outweigh follow-up procedures).

In addition, Plaintiffs' argument that this is not a "nominal damages" case works against the superiority requirement. *See Jackson v. National Action Fin. Servs., Inc.,* 227 F.R.D. 284, 290 (N.D. Ill. 2006) ("A class action is superior where potential damages may be too insignificant to provide class members with incentive to pursue a claim individually."). In fact, there are three other pending lawsuits in the Northern District of Illinois that challenge the Sheriff's shackling policy for pregnant women in custody in which the plaintiffs seek similar compensatory damages. *See Danielle Bryant v. Sheriff of Cook County & County of Cook*, No. 09 C 1546; *Katina Embrey v. Sheriff of Cook County & County of Cook*, No. 09 C 3470; and *Marilu Morales v. Sheriff of Cook County & County of Cook*, No. 09 C 3546.

Finally, in their supplemental briefs, Plaintiffs maintain that "Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issues." *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). From the arguments made in their supplemental briefing, it appears that Plaintiffs are suggesting that the Court could hold separate trials as to the 49 or more class members' damages even though the individual plaintiffs' claims for damages would not be before the Court. As is the case here, a "putative class representative cannot satisfy the predominance requirement by defining the common issue narrowly and leaving all of the individual issues for follow-on proceedings." *Harper*, 581 F.3d at 515 (quoting *Hyderi,* 235 F.R.D. at 406).

# Exhibit 2

## Members of the Putative Class Identified after September 14, 2009

| | |
|---|---|
| 1 | ██████ Teri |
| 2 | ██████ Lynn L. |
| 3 | ██████ Kimberly |
| 4 | ██████ Lisa |
| 5 | ██████ Nedra |
| 6 | ██████ Sheri |
| 7 | ██████ Crystal |
| 8 | ██████ Jenice N. |
| 9 | ██████ Regina |
| 10 | ██████ Ana |
| 11 | ██████ Sheila |
| 12 | ██████ Brandy |
| 13 | ██████ Monique |
| 14 | ██████ Sheryl |
| 15 | ██████ Deana |

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick S. Smith, ASA, 500 Daley Center, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)