IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Catherine Zaborowski and Simone Jackson, ) | |
| ) | |
|     *Plaintiffs*, ) | Case: 08CV6946 |
| v. ) | |
| ) | Magistrate Judge: Maria Valdez |
| Sheriff of Cook County and ) | |
| Cook County, Illinois, ) | |
| ) | |
|     *Defendants*. ) | |

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

NOW COME Defendants, THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH and state as follows:

1. Plaintiffs and Defendants were scheduled to appear before Magistrate Judge Maria Valdez on May 11, 2010 to allow Judge Valdez to facilitate settlement negotiations. (*See* Dkt. 69, Minute Order by Judge Valdez of March 29, 2010).

2. Judge Valdez' standing orders for settlement conferences (which were referenced in the Minute Order, Dkt. 69, and are freely available on the Northern District's website at http://www.ilnd.uscourts.gov/JUDGE/VALDEZ/valdez_setcon.pdf) require that "if a party is an individual, that individual must personally attend [the settlement conference]" unless they obtain prior permission to be absent. Magistrate Judge Maria Valdez, *Instructions for Settlement Conference*, at 2.

3. To the best of Defendants' knowledge and belief, neither Plaintiff in this case sought or received permission to be absent from the settlement negotiations.

1

4. On May 11, 2010, Plaintiffs' and Defendants' counsel were present for the settlement conference, however both Plaintiffs were absent. (Dkt. 77, Minute Entry by Judge Valdez of May 11, 2010.)

5. While entering chambers for the conference, defense counsel, Pat Smith, asked Plaintiffs' counsel, Thomas Morrissey and Kenneth Flaxman, "Where are your Plaintiffs?" Mr. Morrissey responded only with, "They're reachable," indicating that the Plaintiffs' absence was not accidental.

6. Because of Plaintiffs' absence, no negotiation could take place, and the conference was terminated with no progress being made.

7. Judge Valdez' standing order also requires that,

> **at least fourteen (14) calendar days** prior to the date of the settlement conference, plaintiff's counsel shall serve on defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that plaintiff asserts will allow it to establish liability; (b) a brief explanation of why damages or other relief would appropriately be granted at trial; (c) an itemization of the damages plaintiff believes can be proven at trial, and a brief summary of the evidence and legal principles supporting those damages; and (d) a settlement demand.

Magistrate Judge Valdez, *Instructions for Settlement Conference*, at 1 (emphasis in original).

8. Plaintiffs served their required letter more than a week late, received by defense counsel on May 6, 2010; the letter itself was dated "May 5, 2010." Judge Valdez' order requires defense counsel to submit a similar, but responsive letter seven calendar days before the conference. *Id.* Thus, Plaintiffs' letter arrived <u>after</u> Defendants' letter was sent.

9. Plaintiffs' letter, when it did arrive, was deficient in substance as it did not include <u>any</u> of the elements (a) to (d) mandated by Judge Valdez' standing order. *See id.*

10. Federal Rules of Civil Procedure 16(a)(5) and 16(c)(1) authorize the district courts to require the personal attendance of a party at a settlement conference.

11. Rule 16(f) authorizes this Court to impose sanctions, including the opposing party's expenses and attorney's fees, if a party fails to appear at a settlement conference, is unprepared to participate in the conference, does not participate in good faith, or fails to obey a court order relating to the conference.

12. This Court also has the authority, through its inherent power of contempt, to order the payment of expenses and attorney's fees for willful failure to follow its orders. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991).

13. Defendants' counsel spent valuable time preparing for and attending the May 11 settlement conference. To wit, Assistant State's Attorney Pat Smith spent 3.5 hours and Assistant State's Attorney Kevin Frey spent 2 hours. ASA Smith spent 3 hours preparing and filing this motion.

14. Although ASA Smith and ASA Frey are salaried employees of the Office of the State's Attorney of Cook County, if their work were performed by counsel hired as Special State's Attorneys, they would be paid at a rate of $185 per hour.

WHEREFORE, based on the foregoing, Defendants pray this Court sanction Plaintiffs and Plaintiffs' counsel pursuant to Federal Rule of Civil Procedure 16(f) and this Court's inherent power of contempt. Defendants further pray for an order requiring Plaintiffs and Plaintiffs' counsel to pay Defendants' attorney's fees, which total $1,572.50 (one thousand five hundred seventy-two dollars and fifty cents), and any other appropriate remedy, for willfully

wasting the time of Defendants' counsel and Magistrate Judge Valdez, and for the time necessary to compile this motion.

        Respectfully Submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By:   /s/ Patrick S. Smith
        Patrick S. Smith
        Assistant State's Attorney
        Deputy Supervisor
        Conflicts Counsel Unit
        69 W. Washington, 20th floor
        Chicago, Illinois 60602
        (312) 603-1422