IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Catherine Zaborowski and <br> Simone Jackson, individually and on <br> behalf of a class, <br><br>     *Plaintiffs*, <br><br>     -*vs*- <br><br> Sheriff of Cook County and <br> Cook County, Illinois <br><br>     *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 08 CV 6946 <br> ) <br> ) <br> ) *(Judge St. Eve)* <br> ) <br> ) <br> ) |

# PLAINTIFFS' MOTION TO DISQUALIFY ATTORNEY PATRICK S. SMITH

On the ground that opposing counsel has engaged in unethical conduct prejudicial to his adversaries, plaintiffs, by counsel, move the Court to disqualify attorney Patrick S. Smith as an attorney for defendants.

Grounds for this motion are as follows:

1. Now before the Court is plaintiffs' amended motion for class certification.

2. Defendants oppose the amended motion for class certification, *inter alia*, with representations about statements made during a settlement conference by Magistrate Judge Valdez when she was meeting

separately with defense counsel.[1] (Def.Mem. 12-14.) Attorney Smith's electronic signature appears on defendants' memorandum.

3. It is improper to reveal statements made by a mediator during settlement negotiations. This is especially true when the statements were allegedly made by the mediator when, at a settlement conference, she is engaged in a private meeting with defense counsel.

4. The Seventh Circuit made plain in *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007):

> Of course, settlement negotiations are confidential for most purposes, *In re Young*, 253 F.3d 926 (7th Cir .2001), and counsel should never reveal such conversations in an attempt to gain a strategic advantage.

5. The Court is required to take measures against unethical conduct in proceedings before her. *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir. 1980). Action is especially appropriate in this case "to maintain the confidentiality so important to settlement negotiations." *Lincoln Diagnostics, Inc. v. Panatrex Inc.*, 2009 WL 3854963 (C.D.Ill. 2009).

---

[1] Magistrate Judge Valdez conducts settlement conferences using the same "conference format" described in this Court's "instructions for settlement conference for cases assigned to Judge Amy J. St. Eve."
http://www.ilnd.uscourts.gov/JUDGE/ST_EVE/pdf/ajs_setconfinst.pdf

6. "By divulging and using confidential information obtained as a result of this Court's settlement process, counsel have undermined the willingness of future participants to speak candidly." *Davis v. Kansas City Fire & Marine Ins. Co.*, 195 F.R.D. 33, 38 (N.D.Okla. 2000).

7. Plaintiffs suggest that the appropriate sanction in this case is to disqualify attorney Patrick S. Smith as an attorney for defendants. Defendants will not be prejudiced by the loss of Mr. Smith, who is one of three assistant State's Attorney of record in this case.

It is therefore respectfully requested that the Court disqualify attorney Patrick S. Smith as an attorney for defendants or impose such other sanction as may be appropriate.

                                      Respectfully submitted,

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC No. 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200

Thomas G. Morrissey.
10249 S Western Ave
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick S. Smith, ASA, 69 W Washington, 20th flr, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)