IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Catherine Zaborowski and Simone Jackson, individually and on behalf of a class, | ) ) ) ) | |
| *Plaintiffs,* | ) | No. 08 CV 6946 |
| -vs- | ) ) | |
| Sheriff of Cook County and Cook County, Illinois, | ) ) ) | *(Judge St. Eve)* |
| *Defendants.* | ) | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF AMENDED MOTION FOR CLASS CERTIFICATION**

Now before the Court is plaintiffs' amended motion for class certification. While opposing the motion, defendants do not dispute that the Court, in its order of December 9, 2009 denying plaintiffs' initial request for class certification, concluded that the proposed class satisfied the numerosity, typicality, and commonality requirements of Rule 23(a). (Order, Dec. 9, 2009, 3-4.)

Rather than accept the law of the case and limit their memorandum to the new questions posed by plaintiffs' amended motion, defendants reassert many of the arguments the Court rejected in its order of December 9, 2009. Plaintiffs show in Part I of this memorandum that the Court should again reject these arguments.

Defendants season their memorandum with *ad hominem* attacks on plaintiffs' counsel, adopt a thoroughly nasty tone, and make representations about statements made by Magistrate Judge Valdez when she met separately with defense counsel during a settlement conference. Plaintiffs will not respond to these improper arguments, other than to request, in a separate motion (Document 86), that the Court disqualify the attorney who signed defendants' memorandum.

The determinative question before the Court on plaintiffs' amended motion for class certification is whether plaintiffs' proposal that this case be maintained as a class action pursuant to Rule 23(b)(3) to adjudicate liability and damages for all class members satisfies the concerns expressed by the Court in its order of December 9, 2009. Defendants do not directly address this issue; plaintiffs respond in Part II below to the arguments raised by defendants that may relate to this question.

### I. The Court Correctly Concluded that the Proposed Class Satisfies the Numerosity, Typicality, and Commonality Requirements of Rule 23(a) and that Plaintiffs Are Represented by "Qualified Counsel"

#### A. The Class Is Well Defined

Plaintiffs have proposed the following class definition:

All women in the custody of defendant Sheriff on and after December 4, 2006 who have been or who will be shackled during labor, delivery, or recovery following delivery.

Defendants urge that this class definition is not workable because it is impossible "to determine whether a given plaintiff was in labor at the time she was allegedly restrained." (Def.Mem. 4.) The Court should reject this argument.

A woman is in labor when, while pregnant, she is undergoing "a prolonged series of involuntary contracts of uterine musculature together with both reflect and voluntary contractions of the abdominal wall." *Webster's Third New International Dictionary, Unabridged*. Merriam-Webster, 2002. `http://unabridged.merriam-webster.com` (visited June 8, 2010). A woman in labor has an "obvious need" for a doctor's attention. *Clifton v. Eubank,* 2006 WL 3746694 *2 (D.Colo. 2006). Each class member was transported to a hospital to give birth; the Court should reject defendants' argument that a mini-trial will be required to determine if

a classmember, who was shackled after she was transported to a hospital for childbirth, was in labor when shackled.

### B. Numerosity

Plaintiffs stated in their opening memorandum (at 6) that they have identified 59 women from documents produced by defendants who would be members of the proposed class.[1] Defendants do not disagree that a class of 59 would satisfy the numerosity requirement of Rule 23(a); nor do defendants assert that plaintiffs have miscounted the number of women who would be in the class. Instead, defendants argue that plaintiffs have not presented enough information to show that each of the 59 women identified in defendants' records "were in the Sheriff's custody, were pregnant, and meet the other criteria of membership in the class." (Def.Mem. at 15.)

"Courts rely on common sense to determine whether an estimate of class size is reasonable and meets the numerosity requirement." *Randolph v. Crown Asset Management, LLC*, 254 F.R.D. 513, 518 (N.D.Ill. 2008). Plaintiffs have made a good faith estimate of the size of the putative class; defendants, who have records of the precise number of women who gave birth while in the custody of the sheriff, would have come forward with

---

[1] Defendants have produced information about the number of women in the "Mom's" program who delivered a child while in the Sheriff's custody; defendants have not, however, produced information about the number of women who were confined at the Jail when they were transported to a hospital for childbirth.

facts, rather than mere argument, if plaintiffs' estimate was inaccurate. The Court should reject defendants' challenge to numerosity.

### C. Commonality

Defendants appear to argue that this case does not present any common question of fact or law because "Plaintiffs base their motion for class certification on a policy that has *never* been implemented by Defendants or their subordinates." (Def.Mem. 3, emphasis in original). The Court correctly rejected this argument in its order of December 9, 2009 and should do so once again.

Plaintiffs allege in their amended complaint that defendant Sheriff requires that all pregnant women in his custody be shackled during labor and during recovery following labor. (Amended Complaint, ¶17.) Plaintiffs supported their original motion for class certification with the Rule 30(b)(6) deposition of Superintendent Holmes showing that this policy was in effect through at least August of 2008. (Motion for Class Certification, Document 26 at 2, 4.) Plaintiffs pointed out in their reply memorandum (Document 46 at 4) that Sheriff Dart publicly admitted that the shackling policy was still being applied on June 25, 2009, when he stated that "[a]nytime a detainee is taken outside the jail for medical treatment, he or she becomes an immediate escape risk." Plaintiffs also pointed out in their

reply memorandum (Document 46 at 5-6) that as of June 9, 2009, the Sheriff's policy for pregnant women brought to a hospital for childbirth including shackling.

The Court held in its order of December 9, 2009 that "[b]ecause Plaintiffs' class action relies on the Sheriff's standardized conduct pursuant the shackling policy, Plaintiffs have met their burden in establishing the commonality requirement under Rule 23(a)(2)." Defendants are unable to show that the Court erred in this conclusion; the Court should again reject defendants' arguments about commonality.

### D. The Qualifications and Competence of Plaintiffs' Counsel

Defendants "dispute the qualifications and competence of Plaintiffs' counsel" to manage this case. (Def.Mem. 10.) This attack is without merit; plaintiffs are represented by the "experienced, competent counsel," *Silversman v. Motorola, Inc.*, 259 F.R.D. 163, 173 (N.D.Ill. 2009), required by Rule 23(a)(4).

Attorney Flaxman was admitted to practice in 1972. Flaxman's work in class action litigation includes *United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980) (class action challenging federal parole guidelines); *Doe v. Calumet City*, 128 F.R.D. 93 (N.D.Ill. 1989) (class action challenging strip search practice of Calumet City police department); *Cal-

vin v. Sheriff of Will County, 405 F.Supp.2d 933 (N.D.Ill. 2005) (class action challenging strip search practice at Will County Jail). Flaxman has also argued nearly 150 federal appeals, including five cases in the United States Supreme Court.[2]

Attorney Morrissey was admitted to practice in 1979. Morrissey was the principal attorney in *Gary v. Sheahan,* No. 96 C 7294, N.D.Ill. (class action challenging strip search procedures at the Cook County Jail) and *Hvorcik v. Sheahan,* 870 F.Supp. 864 (N.D.Ill. 1994) (class action challenging computerization of warrant information). Morrissey is lead counsel in *Bullock v. Dart,* 599 F.Supp.2d 947 (N.D.Ill. 2009) (class action challenging strip procedures of persons released from the Cook County Jail). With Flaxman, Morrissey represented the class in *Jackson v. Sheriff of Cook County,* N.D.Ill. No. 06 C 493 (class action challenging mandatory STD testing). Morrissey presently represents the class in *Phipps v. Sheriff of Cook County,* 249 F.R.D. 298 (N.D.Ill. 2008) (discrimination against wheelchair bound detainees at the Cook County Jail, with Flaxman and attorney Robert Farley) and (with Flaxman), *Parish v. Sheriff of Cook County,*

---

[2] In addition to *Geraghty,* Flaxman argued *Browder v. Director, Department of Corrections,* 434 U.S. 257 (1978); *Jaffee v. Redmond,* 518 U.S. 1 (1996); *Ricci v. Arlington Heights, cert dismissed as improvidently granted,* 523 U.S. 613 (1998), and *Wallace v. Kato,* 549 U.S. 384 (207).

N.D.Ill., No. 07 C 4369 (denial of prescription medication to detainees at the Cook County Jail).

The Court should therefore reject defendants' challenge to the qualifications and competence of Plaintiffs' counsel to manage this case.

## II. The Revised Class Satisfies the Requirements of Rule 23(b)(3)

### 1. Predominance

Defendants argue against predominance by making the same "strained distinction[s]" the Court rejected at page 4 of its order of December 9, 2009. That class members were "restrained for different amounts of time, in different ways, and at different periods" (Def.Mem. 4) is not material to plaintiffs' challenge to the Sheriff's practice of shackling all pregnant women in his custody during labor and during recovery following labor. Plaintiffs' theory of the case is that this shackling is unconstitutional under *May v. Sheahan*, 226 F.3d 876 (7th Cir. 2000), whether it is for five minutes or 24 hours.

### 2. Superiority

Defendants argue that a class action is not superior to a multitude of individual actions, and rely on the fact that about twenty members of the putative class (represented by plaintiffs' counsel) have filed individual

actions. (Def.Mem. 6-8.) These individual filings do not mean that plaintiffs' attorneys "are clearly content with filing individual suits." (Def.Mem. 7.)

The statute of limitations for members of the putative class was tolled during the pendency of plaintiffs' initial motion for class certification; the statute began to run on December 9, 2009 when the Court denied the motion. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983). In order to preserve the rights of members of the putative class, plaintiffs' counsel have filed about twenty individual cases.

That counsel have filed these individual actions does not mean that class certification should be denied. Resolving this case in one fell swoop "makes good sense," *Mejdrech v. Met-Coil Systems Corp.*, 319 F.3d 910, 911 (7th Cir. 2003), and would avoid the possibility of conflicting jury verdicts on the same issue. In plaintiffs' view, the case should proceed as a class action and the individual cases presently pending reassigned to this Court as related cases.[3]

---

[3] Plaintiffs opposed a motion for reassignment of the three then pending "shackling" cases because counsel believed that an individual determination of damages would be required. Counsel have not concluded that, unless a plaintiff can show that the shackling caused harm to the child, the damages in each case will be established by testimony from the shackling victim of the shock, panic, depression, shame, rage, and humiliation caused by being shackled during labor, delivery, or recovery following delivery

Defendants point out that three individual cases have been settled. (Def.Mem. 7.) This is another indication that, if liability and damages are bifurcated, a jury trial will not be required to resolve each damage claim.

### III. Conclusion

For the reasons above stated and those previously advanced, the Court should order that this case be maintained as a class action on behalf of:

> All women in the custody of defendant Sheriff on and after December 4, 2006 who have been or who will be shackled during labor, delivery, or recovery following delivery.

Respectfully submitted,

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200

Thomas G. Morrissey.
10249 S Western Ave
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick S. Smith, ASA, 69 W Washington, 20th flr, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)