IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Catherine Zaborowski and Simone Jackson, | ) | |
| individually and on behalf of a class, | ) | |
| | ) | |
| *Plaintiffs*, | ) | No. 08 CV 6946 |
| vs. | ) | |
| | ) | Judge St. Eve |
| Thomas Dart, Sheriff of Cook County | ) | |
| and Cook County, Illinois | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO DISQUALIFY ATTORNEY PATRICK S. SMITH**

NOW COME Defendants SHERIFF THOMAS DART and COOK COUNTY,
ILLINOIS, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, by her
assistant, Assistant State's Attorney, PATRICK S. SMITH, and ask this Honorable Court to
DENY Plaintiff's Motion to Disqualify Attorney Patrick S. Smith.  In support, Defendants state
as follows:

**I. INTRODUCTION**

On June 7, 2010, Plaintiffs, by counsel, filed a motion to disqualify Defendants' lead
counsel, Assistant State's Attorney Patrick S. Smith.  (Dkt. 86.)  Plaintiffs claim that ASA
Smith's inclusion of a statement made by Magistrate Judge Valdez in the course of settlement
negotiations in Defendants' Response to Plaintiffs' Third Motion for Class Certification (Dkt.
80.) warrants this severe penalty.

The contested statement from Defendants' memorandum is as follows:

> Furthermore, Defendants have become aware of another potential
> conflict of interest between the named Plaintiffs and the unnamed
> class members.   At the aborted settlement conference with
> Magistrate Judge Valdez on May 11, 2010, (*See* Dkts. 69; 77; 78),

1

> Judge Valdez relayed Plaintiffs' settlement demand for the class to defense counsel.   According to Judge Valdez, Plaintiffs sought about half as much money for each of the unnamed class members as they requested for each of the two named Plaintiffs.

(Dkt. 80 at 12-13.)

Plaintiffs cite no rule or authority that provides for disqualification of opposing counsel, even if ASA Smith did violate a rule or judicial principle.   Furthermore, Plaintiffs have not enumerated any specific rule or principle of this Court, federal practice, any ethics body, statute, or case law that proscribes ASA Smith's conduct.   Plaintiffs rely on only broad platitudes that statements made in settlement negotiations are *generally* inadmissible for trial purposes, but those pronouncements are inapposite here because this is not a general situation and because Defendants did not admit the statement into evidence at trial.   Plaintiffs also claim that ASA Smith's conduct was "prejudicial to his adversaries" but cite no authority and make no argument in favor of that conclusion.   (Dkt. 86 at 1.)

For the reasons that follow, Plaintiffs' motion should be denied and Defendants should be awarded attorneys fees for the time necessary to respond to this nattering and vexatious filing.

## II. ARGUMENT

### A. Defendants Inclusion of the Challenged Statement Did Not Violate Any Rule.

Magistrate Judge Valdez posts her standing rules for settlement conferences on this Court's website.  *See* Magistrate Judge Maria Valdez, *Instructions for Settlement Conference*, http://www.ilnd.uscourts.gov/JUDGE/VALDEZ/valdez_setcon.pdf  (accessed  June  8,  2010). While Judge Valdez' rules treat settlement conferences sensitively (by, for example, keeping the initial position letters off of the public docket and providing that "[a]ny statements made by any party during the settlement conference will not be admissible at trial"), they do not prohibit the use of statements made during the conference for other purposes.  *Cf.* N.D. Ill. Local Rule

2

16.3(c) ("All mediation proceedings [in voluntary mediation for Lanham Act cases only], including any statement made by any party, attorney or other participant, shall, in all respects, be privileged and not reported, recorded, placed in evidence, made known to the trial court or jury, or construed for any purpose as an admission.")

Defendants have been unable to find (and Plaintiffs do not cite) any applicable Local Rule; Circuit Rule; Federal Rule of Civil Procedure; Federal Rule of Evidence; federal, state, or local Rule of Professional Responsibility; or any legal maxim that prohibits an attorney from informing the trial judge of settlement conference information known to another judge that is relevant and pertinent to a pending motion before the trial judge (in this case, the pending motion for class certification). If Plaintiffs manage to find such a rule, Defendants would like to be notified forthwith.

Plaintiffs cited four cases in an enervated attempt to craft such a rule from case law. *See Estate of Sims v. County of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007) (citing *In re Young*, 253 F.3d 926 (7th Cir. 2001)); *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, 2009 U.S. Dist. LEXIS 106544, 2009 WL 3854963 (C.D. Ill. Nov. 16, 2009); *Davis v. Kansas City Fire & Marine Ins. Co.*, 195 F.R.D. 33 (N.D. Okla. 2000). Nevertheless, even an observer of minimal perspicacity can see that these cases do not provide any meaningful support for Plaintiffs' position.

In *Estate of Sims*, the plaintiff's counsel revealed the content of discussions that were had with the appellate court's settlement conference office. 506 F.3d at 517. Plaintiffs here quote, "settlement negotiations are confidential *for most purposes, In re Young*, 253 F.3d 926 (7th Cir. 2001), and counsel should never reveal such conversations in an attempt to gain a strategic advantage." *Id.* (emphasis added). However, the very next sentence cuts against Plaintiffs' interpretation of *Estate of Sims*. The panel noted that, although conferences are generally

sensitive, the court could not identify any actual conduct by the attorney that would warrant sanctions under any applicable rule.  *Id.* ("it is not clear in this case that counsel engaged in sanctionable conduct with regard to the settlement proceedings").  The Seventh Circuit declined to sanction the attorney in *Estate of Sims*.

*In re Young* dealt with sanctions for conduct that allegedly contravened Federal Rule of Appellate Procedure 33 and Seventh Circuit Rule 33, neither of which is applicable in this case. 253 F.3d at 927.  There, the challenged conduct did not involve publishing the content of settlement discussions.  *Id.* at 927-28.  Instead, the challenged attorneys were called before the court to answer for failure to bring their clients to a settlement conference, as directed by the mediator—conduct that Plaintiffs' attorneys here are familiar with.  *Id.* (*see* Dkt. 82, Defendants' Motion for Attorney's Fees.)

Even then, the Seventh Circuit panel noted that, "[a]lthough settlement negotiations are of course confidential for most purposes, their contents may be revealed insofar as necessary for the decision of an issue of alleged misconduct in them."  *Id.* at 927 (citing *Pueblo of San Ildefonso v. Ridlon*, 90 F.3d 423, 424 n.1 (10th Cir. 1996)).  Here, the challenged statement relates to conduct by Plaintiffs and Plaintiffs' counsel that substantiates their unsuitability as class representatives.  Regardless, *In re Young* provides no guidance here since ASA Smith did not breach any order by the settlement mediator, Judge Valdez.  And, in any case, the court declined to sanction the attorneys in *In re Young*.  *Id.* at 928.

*Lincoln Diagnostics, Inc. v. Panatrex, Inc.* dealt with a motion to strike an attorney's affidavit, which contained settlement conference statements, as inadmissible under Federal Rule of Evidence 408.  2009 U.S. Dist. LEXIS 106544 at *16, 2009 WL 3854963 at *6 (C.D. Ill. Nov. 16, 2009).  There, the key issue was whether FRE 408 rendered settlement conference statements

inadmissible in a Federal Rule of Civil Procedure Rule 59(e) motion to alter or amend a judgment. *Id*. at LEXIS *14-19, WL *5-6. In *Lincoln*, the only sanction imposed was monetary, for attorney's fees for the time necessary to file and litigate the motion to strike the inadmissible statements. *Id*. at LEXIS *19, WL *7. Plaintiffs' here have not made any motion to strike the challenged statement nor have they identified any rules applicable in this Court that mirror the local confidentiality rules of the Central District of Illinois that provided the rules of decision in *Lincoln*.

*Davis v. Kansas City Fire & Marine Ins. Co.* dealt specifically and exclusively with alleged violations of the local confidentiality rules of the Northern District of Oklahoma, none of which are applicable here. 195 F.R.D. 33, 36-37 (N.D. Okla. 2000). Furthermore, the Plaintiffs' use of *Davis* (to claim that Defendants "have undermined the willingness of future participants to speak candidly") is purely conclusory, lacking any supporting argument or evidence. It is difficult to imagine what value is lost from revealing the statements of Plaintiffs' counsel that demonstrate that Plaintiffs are not adequate class representatives. The court in *Davis* imposed sanctions in the form of a censure and $1500 fine, but did not disqualify counsel.

In sum, Plaintiffs have not met their burden to identify, and Defendants have not discovered, any applicable law, rule, order, or principle that was breached by ASA Smith.

**B. The Challenged Statement Was Necessary to Defendants' Rule 23 Argument.**

Defendants' use of the challenged statement was related solely to the issue of the named Plaintiffs' ability to adequately represent the proposed class, an issue this court must consider under Federal Rule of Civil Procedure 23(a)(4). This inquiry has three elements: (1) the chosen class representatives cannot have antagonistic or conflicting claims with other members of the class, (2) the named representatives must have sufficient interest in the outcome to ensure

vigorous advocacy, and (3) counsel for named plaintiffs must be competent, experienced, qualified, and generally able to conduct proposed litigation vigorously. *Wagner v NutraSweet Co.*, 170 FRD 448, 451 (N.D. Ill. 1997). Absent Rule 23(a)(4) adequate representation, a motion to certify a class action must fail. *Asher v. Baxter Int'l, Inc.*, 505 F.3d 736, 737 (7th Cir. 2007).

"Since final judgment in a class action is binding on all class members, adequate representation is 'essential to due process.'" *Jones v Allercare, Inc.* 203 FRD 290, 302 (N.D. Ohio 2001) (quoting *In re American Medical Sys.*, 75 F.3d 1069, 1083 (6th Cir. 1996)). "[B]ecause of the binding effect of a judgment in a class action upon those who are defined to be in the class, and who after notice have not affirmatively sought to exclude themselves, the question of adequacy of representation of the class is not to be lightly regarded." *Kramer v. Scientific Control Corp.*, 67 F.R.D. 98, 102 (E.D. Penn. 1975) (citation omitted), *rev'd in part on other grounds*, 534 F.2d 1085 (3d Cir. 1976).

Plaintiffs bear the burden of showing that the proposed class satisfies all the requirements of Rule 23. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984). When ruling on a motion for class certification, the district court should make whatever legal and factual inquiries are necessary to determine whether Rule 23's requirements are met. *Berger v. AXA Network, LLC*, 220 FRD 316, 317 (N.D. Ill. 2004) (citing *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)).

In this case, Defendants argue, the named Plaintiffs' request for substantially greater recovery in settlement places them in conflict with the unnamed putative class members and, thus, makes Catherine Zaborowski and Simone Jackson inadequate class representatives under Rule 23(a)(4). (*See* Dkt. 80, at 12-14.) Defendants cited a number of authorities from the Seventh and Ninth Circuits for this proposition.

However, Plaintiffs did not disclose the information about greater recovery to this Court, nor, to the best of Defendants' knowledge, have they disclosed it to the unnamed class members. The information in the challenged statement is, according to the authorities cited by Defendants, relevant and pertinent to this Court's Rule 23(a)(4) analysis, yet Plaintiffs withheld it from this tribunal.  The only way this relevant information could have come to light, and the only way Defendants' Rule 23(a)(4) argument about differences in recovery could have sufficient factual basis, was if Defendants' acted with candor toward this tribunal and published the information.

**C. Defendants Revealed Only the Minimum Necessary Information.**

Defendants revealed only the minimum amount of information necessary to assist this Court in its analysis of the pending motion for class certification.  By limiting the revelation, Defendants did not disclose any dollar amounts or any other terms or conditions of settlement that were discussed.  Defendants could have revealed more information, but instead limited the relevant exposure to the word "double" which, Defendants believed, was sufficient to support their argument without revealing more than was necessary.

**D. Plaintiffs Suffered No Prejudice.**

Even if the exposure of the challenged statement was improper, it was harmless to the Plaintiffs.  The Plaintiffs alleged that the challenged statement was "prejudicial to [ASA Smith's] adversaries," but, as usual, Plaintiffs made no argument to support that claim.  (Dkt. 86 at 1.)

Furthermore, it severely taxes the mind to figure out a possible theory by which prejudice could be found.  According to the authorities cited by Defendants in their Rule 23(a)(4) argument, the information about substantially different recovery should have already been disclosed to this Court, and the unnamed class members, *by the Plaintiffs*.  *See, e.g.*, *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 959 (9th Cir. 2009) ("The arrangement was not disclosed

when it should have been and where it was plainly relevant, at the class certification stage."). Therefore, any loss of "strategic advantage" the Plaintiffs suffered from the revelation of this information is *de minimus* because the Plaintiffs were not entitled to that advantage in the first place.

In any case, this information would eventually be revealed to the Court if, after the class were certified, the parties attempted to settle. Plaintiffs have already claimed that settlement is "more likely" than trial if the class is certified. (Dkt. 75, Plaintiffs' Memorandum in Support of Amended Motion for Class Certification, at 11.) Rule 23(e)(2) would require this Court to examine the details of any proposed settlement and the Court would inevitably discover this discrepancy in recovery between the named Plaintiffs and the other class members. Even if Defendants did release the information prematurely, the eventual outcome is the same; thus, there is no new prejudice or strategic disparity.

Any prejudice or strategic disparity that exists because of the challenged statement would have occurred anyway and is solely a result of Plaintiffs' lack of candor, not the result of Defendants' revelation of Plaintiffs' lack of candor. Defendants' publication of the statement promoted judicial economy by alerting this Court to the Plaintiffs' conflicts of interest at an earlier stage than Plaintiffs would have liked, but saved the time that would be wasted if the class were erroneously certified and that error was later discovered.

### E. Removal of Counsel is Not An Appropriate Sanction.

In any event, even if ASA Smith did engage in sanctionable conduct by publishing the challenged statement, disqualifying him from this case is an extreme penalty that is not appropriate here. Plaintiffs—yet again—did not cite any applicable law, rule, or canon that would empower this court to remove opposing counsel from this case, nor did they provide any

argument in favor of doing so, other than the unsubstantiated conclusion that disqualification would be "the appropriate sanction."  (Dkt. 86, at 3, ¶ 7.)  Furthermore, removing ASA Smith would cause great prejudice and harm to the Defendants.

"Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist."  *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003) (citing *Texas Catastrophe Property Ins. Ass'n v. Morales*, 975 F.2d 1178, 1181 (5th Cir. 1992); *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1262 (5th Cir. 1983); *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir. 1993)).

Disqualification "is a drastic measure which courts should hesitate to impose except when absolutely necessary."  *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982); *see also, e.g.*, *Panduit v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1577 (Fed. Cir. 1984) ("Judges must exercise caution not to paint with a broad brush under the misguided belief that coming down on the side of disqualification raises the standard of legal ethics and the public's respect. The opposite effects are just as likely—*encouragement of vexatious tactics* and increased cynicism by the public.") (emphasis added); *United States v. Kitchin*, 592 F.2d 900, 903 (5th Cir. 1979) ("An attorney may be disqualified only when there is a reasonable possibility that some specifically identifiable impropriety actually occurred and, in light of the interests underlying the standards of ethics, the social need for ethical practice outweighs the party's right to counsel of his choice.").

The vast majority of cases dealing with the involuntary removal of opposing counsel deal with allegations of conflicts of interest between the attorney and one or more parties or witnesses to the case.  *See, e.g.*, *Wheat v. United States,* 486 U.S. 153, 159 (1988); *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368

(1981); *Westinghouse Electric Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 225 (7th Cir. 1978); *Guillen v. City of Chicago*, 956 F. Supp. 1416, 1426 (N.D. Ill. 1997). However, there is not even an allegation here that ASA Smith has any conflict in representation between Defendant Cook County and Defendant Thomas Dart, or between any party or witness in this case (including members of the putative class) and any of ASA Smith's current or former clients.

Plaintiffs cite no cases where an opposing attorney was disqualified as a form of sanction. Defendants have been unable to find any applicable cases where involuntary disqualification resulted from something other than a conflict of interest or as a natural result of disbarment. Plaintiffs also ignore settled law that parties are entitled to counsel of their choice and that that entitlement may only be overcome by compelling reasons, none of which are offered here.

Furthermore, Plaintiffs contention that Defendants will not be prejudiced by the loss of ASA Smith from this case because ASA's Pechous and Castiglione are listed on the record is without merit. ASA Smith is the lead attorney in this case and has filed more than a dozen motions and substantive memoranda in this case—many more than the other attorneys for Defendants, combined—including the documents related to Plaintiffs' appeal from this Court's first denial of class certification.

ASA Smith has been the primary attorney for this case for over a year and is lead counsel for nine related cases. *See Bryant v. Sheriff of Cook County*, 09 CV 1546 (Gottschall, J.); *Embry v. Dart*, 09 CV 3470 (Gettleman, J.); *Morales v. Dart*, 09 CV 3546 (Kennelley, J.); *Lee v. Dart*, 09 CV 7789 (Leinenweber, J.); *Sidney v. Dart* 09 CV 7790 (Andersen, J.); *Smith v. Dart*, 09 CV 7791 (Conlon, J.); *Vitiritti v. Dart*, 09 CV 7792 (Kennelley, J.); *Fletcher v. Dart*, 10 CV 139 (Hibbler, J.); *Farrar v. Dart*, 10 CV 333 (Gottschall, J.). *Embry*, *Morales*, *Vitiritti*, and *Smith* were settled by ASA Smith (no relation).

Defendants will lose their primary attorney for these cases, and his associated knowledge and work-product, if ASA Smith is disqualified.  The harm this would cause to Defendants, and the wasted time needed to get new counsel up to speed, would vastly outweigh whatever interest Plaintiffs or the public have in sanctioning ASA Smith.  Even if sanctions are appropriate in this case, disqualifying ASA Smith is not an appropriate sanction.

### III. CONCLUSION

Assistant State's Attorney Patrick Smith did not commit a sanctionable offense by informing the Court that Plaintiffs have a conflict of interest between themselves and the unnamed class members.  In the alternative, even if ASA Smith did commit a sanctionable offense, disqualifying him from this case would be extreme and inappropriate.

This motion by Plaintiffs is not warranted by existing law, nor do Plaintiffs make any argument in favor of extending or modifying the law.  This motion has no purpose but to vex and harass Defense counsel, cause unnecessary delay in this litigation, and increase the cost of litigation by taking ASA Smith away from his other duties.

Plaintiffs Motion to Disqualify Attorney Patrick S. Smith (Dkt. 86) should be DENIED and Defendants request that this court award them attorneys fees and costs for the time necessary to research and respond to the motion.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ Patrick S. Smith
Patrick S. Smith
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, IL 60602
(312) 603-1422

11