# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6946 | **DATE** | 6/17/2010 |
| **CASE TITLE** | Zaborowski et al vs. Sheriff of Cook County et al. | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiffs' motion to disqualify counsel [86].

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

## STATEMENT

　　　On January 28, 2009, Plaintiffs Catherine Zaborowski and Simone Jackson, on behalf of a class, filed an Amended Complaint alleging that Defendant Sheriff of Cook County has an unconstitutional policy pertaining to pregnant women in custody in violation of the Fourth, Eighth, and Fourteenth Amendments. *See* 42 U.S.C. § 1983. On December 9, 2009, the Court denied Plaintiffs' motion for class certification and on March 23, 2010, the United States Court of Appeals for the Seventh Circuit denied Plaintiffs' Federal Rule of Civil Procedure 23(f) petition for permission to appeal the Court's December 9, 2009 class certification order.

　　　On May 11, 2010, the parties were scheduled to appear before Magistrate Judge Valdez for a settlement conference. Pursuant to Judge Valdez's standing order, the individual parties must attend the settlement conference unless the party seeks permission from Judge Valdez. Nevertheless, the named Plaintiffs were not present for the settlement conference nor did Plaintiffs' counsel seek permission for Plaintiffs to be absent from the settlement conference. Judge Valdez thus terminated the conference.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Despite counsels' failure to follow Judge Valdez's standing order, counsel now brings a motion to disqualify Defendant's attorney Patrick S. Smith because in the context of Defendants' response to Plaintiffs' second motion for class certification, Smith mentioned a potential conflict of interest between the named Plaintiffs and the putative class members. More specifically, Smith informed the Court that in the Plaintiffs' settlement demand, Plaintiffs' counsel were seeking half as much money for the unnamed class members as they were for the two named Plaintiffs.

Plaintiffs' counsel points to a Seventh Circuit case explaining that "settlement negotiations are confidential for most purposes, and counsel should never reveal such conversations in an attempt to gain a strategic advantage." *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 517 (7th Cir. 2007) (internal citation omitted). Here, Smith revealed general information about the Plaintiffs' monetary demand to the Court – not a third party – regarding Plaintiffs' adequacy in representing the unnamed class members. *See* Rule 23(a)(4). In the context of Smith's statement to the Court, Smith's conduct is not sanctionable. *See Sims,* 506 F.3d at 517; *see also Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 721-22 (7th Cir. 1982) (disqualification is a drastic measure that courts should not impose unless absolutely necessary). The Court, however, will not consider this confidential information in determining Plaintiffs' second motion for class certification to avoid any potential prejudice. Accordingly, the Court denies Plaintiffs' motion to disqualify Smith.