IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Catherine Zaborowski and Simone Jackson, individually and on behalf of a class, | ) ) ) ) |
| *Plaintiffs*, | ) ) ) No. 08 CV 6946 |
| -*vs*- | ) ) |
| Sheriff of Cook County and Cook County, Illinois | ) *(Judge St. Eve)* ) ) |
| *Defendants*. | ) |

**PLAINTIFFS' MOTION TO RECONSIDER
ORDER OF JUNE 17, 2010**

Plaintiffs, by counsel move the Court to reconsider its order of June 17, 2010, to amend its statement (which conflicts with Local Rule 83.5), that it is proper for an attorney to reveal statements allegedly made by a magistrate judge during a settlement conference when the judge was meeting separately with defense counsel (Order at 2), and to correct two erroneous findings of fact that appear in the Court's order of June 17, 2010:

First, that Magistrate Judge Valdez "terminated the settlement conference" because "[p]laintiffs were not present for the settlement conference" (Order at 1), and

Second, that plaintiffs had made a settlement demand "seeking half as much money for the unnamed class members as they were for the two named Plaintiffs." (Order at 2.)

Grounds for this motion are as follows:

1. On May 11, 2010, counsel for the parties appeared before Magistrate Judge Valdez for a settlement conference. Neither plaintiffs nor defendants complied with Judge Valdez' standing order requiring the attendance of parties. This order provides, *inter alia*, that "if a party is a corporation or governmental entity, a representative of that corporation or governmental entity *(other than counsel of record)* with full and complete settlement authority must personally attend." (emphasis supplied)

2. Notwithstanding the absence of plaintiff and the absence of a representative of the Sheriff, Magistrate Valdez conducted a full settlement hearing.

3. On June 3, 2010, defendants filed a motion for attorneys fees, document 82, asserting in paragraph six that "[b]ecause of Plaintiffs' absence, no negotiation [at the settlement conference before Magistrate Judge Valdez on May 11, 2010] could take place, and the conference was terminated with no progress being made." Plaintiffs have not yet responded to this false and misleading assertion: plaintiffs' answering memorandum on the motion for fees is due by July 7, 2010.

4. The Court incorporated defendants' unproven allegation in its order of June 17, 2010, stating that Magistrate Judge Valdez "terminated

the settlement conference" because "[p]laintiffs were not present for the settlement conference." (Order at 1.)

5. Magistrate Judge Valdez did not terminate the settlement conference because plaintiffs were absent. Nor did Magistrate Judge Valdez terminate the settlement agreement because of the absence of "the representative of that ... governmental entity (other than counsel of record) with full and complete settlement authority." Magistrate Judge Valdez terminated the conference because, after several separate sessions with counsel, she concluded that the parties would not compromise their differences.

6. Plaintiffs have never made a settlement demand "seeking half as much money for the unnamed class members as they were for the two named Plaintiffs." (Order at 2.)

7. The Court's order of June 17, 2010 accepts defense counsel representation that during the settlement conference, "[a]ccording to Judge Valdez, Plaintiffs sought about half as much money for each of the unnamed class members as they requested for each of the two named Plaintiffs." (Defendants' Memorandum in Opposition to Amended Class Motion, Document 80, at 12-13.) Plaintiffs' counsel do not, of course, know what Judge Valdez said when she was meeting at a private session with defense counsel. We do not believe that Judge Valdez misrepresented our position, which never included a demand that the named plaintiffs be

compensated for their shackling injury differently than the unnamed members of the putative class.

8. Judge Valdez may well have communicated to defense counsel the standard position of plaintiffs' counsel that named plaintiffs should receive, as part of any class settlement, an "incentive award" for having served as a class representative. "Incentive awards are fairly typical in class action cases." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). An incentive award "is appropriate if it is necessary to induce an individual to participate in the suit," *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998), but whether to allow an incentive award, as well as the magnitude of any award, are matters for the court asked to approve a settlement. See, e.g., *In re Synthroid Marketing Litigation*, 264 F.3d 712, 722-23 (7th Cir. 2001) (upholding denial of incentive award); *Great Neck Capital Appreciation Inv. Partnership, L.P. v. PricewaterhouseCoopers, LLP*, 212 F.R.D. 400, 412 (E.D.Wis. 2002) (explaining rationale for approving proposed incentive awards).

9. Plaintiffs' counsel have sought at all times to maintain a reputation for honesty and fairness, as well as adherence to the highest ethical standards, throughout their legal careers. Counsels' reputation is unfairly impugned by the statement in the Court's order of June 17, 2010 that appears to find as a fact that plaintiffs' counsel had made a settlement demand "seeking half as much money for the unnamed class members as they were for the two named Plaintiffs."

10. In the course of denying plaintiffs' motion to disqualify, the Court held as follows (Order at 2):

> Here, Smith revealed general information about the Plaintiffs' monetary demand to the Court – not a third party – regarding Plaintiffs' adequacy in representing the unnamed class members. *See* Rule 23(a)(4). In the context of Smith's statement to the Court, Smith's conduct is not sanctionable.

11. This legal conclusion is at odds with Local Rule 83.5, which provides as follows:

> Pursuant to 28 U.S.C. §652(d), all non-binding alternative dispute resolution ("ADR") proceedings referred or approved by any judicial officer of this court in a case pending before such judicial officer, including any act or statement made by any party, attorney or other participant, shall, in all respects, be privileged and not reported, recorded, placed in evidence, made known to the trial court or jury (without consent of all parties), or construed for any purpose as an admission in the case referred or in any case or proceeding. No participant in the ADR proceedings shall be bound by anything done or said at the ADR conference unless a settlement is reached, in which event the settlement shall be reduced to writing or otherwise memorialized and shall be binding upon all parties to the settlement.

12. Under Local Rule 83.5, it does not matter that the disclosure was made to the Court, rather than to a third party. All of the statements at the settlement conference are privileged and nay not be "made known to the trial court … for any purpose as an admission in the case referred or in any case or proceeding."

It is therefore respectfully requested that the Court reconsider its order a) to amend its conclusion that it is proper for an attorney to reveal statements allegedly made by a magistrate judge during a settlement conference, and b) to correct the two erroneous findings of fact that are set out above.

>Respectfully submitted,
>
>/s/ Kenneth N. Flaxman
>Kenneth N. Flaxman
>ARDC No. 830399
>200 S Michigan Ave, Ste 1240
>Chicago, Illinois 60604
>(312) 427-3200
>
>Thomas G. Morrissey.
>10249 S Western Ave
>Chicago, Illinois 60643
>(773) 233-7900
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick S. Smith, ASA, 69 W Washington, 20th flr, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)