IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Catherine Zaborowski and Simone Jackson, individually and on behalf of a class, | ) ) ) |
| | ) |
| *Plaintiffs,* | ) ) No. 08 CV 6946 |
| *-vs-* | ) ) |
| Sheriff of Cook County and Cook County, Illinois | ) *(Judge St. Eve)* ) |
| | ) *(Magistrate Judge Valdez)* |
| *Defendants.* | ) |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEY FEES

Defendants seek attorneys' fees because the named plaintiffs were not present at the settlement conference. This request should be denied because an award of fees would be "unjust" within the meaning of Rule 16(f)(2) of the Federal Rules of Civil Procedure.

**-I-**

This matter was before the Court for a settlement conference on May 11, 2010, when plaintiffs' renewed motion for class certification was pending before the district judge.[1]

_____

[1] The district court granted the renewed motion for class certification on June 22, 2010.

The settlement conference was attended only by counsel: plaintiffs and the putative class were represented by their attorneys of record Thomas Morrissey and Kenneth Flaxman; defendants were represented by an attorney of record, assistant State's Attorney Patrick Smith, as well as Kevin Frey, another assistant state's attorney who has not filed an appearance in the case.

This Court's standing order on settlement conferences requires the attendance of "parties." As explained in the Court's standing order:

> This means that if a party is an individual, the individual must personally attend; if a party is a corporation or governmental entity, a representative of that corporation or governmental entity (other than counsel of record) with full and complete settlement authority must personally attend.

The defendants in this case are the Sheriff of Cook County and Cook County, Illinois. The Court's standing order required the presence at the settlement conference of a representative of those governmental entities *"other than counsel of record."* Defendants did not comply with this portion of the Court's standing order. It would be unjust to impose sanctions on plaintiffs' counsel for violating a rule that was disregarded by defense counsel.

**-II-**

The plaintiffs in this case are "Catherine Zaborowski and Simone Jackson, individually and on behalf of a class."  The Court's standing order for settlement conferences does not specifically address the situation when the plaintiffs are suing individually and for a class. Assuming that the standing order required the appearance of the named plaintiffs at a settlement conference in a putative class action, the absence of an "unambiguous command," *Prima Tek II, L.L.C. v. Klerk's Plastic Industries, B.V.*, 525 F.3d 533, 542 (7th Cir. 2008), requiring that the named plaintiffs appear should preclude the imposition of sanctions.

Neither of the two named plaintiffs has authority to settle the claims they asserted for the class: Rule 23(e) of the Federal Rules of Civil Procedure provides that claims of a "certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The class, of course, had not been certified when counsel appeared for the settlement conference, but the Seventh Circuit held in *Glidden v. Chromallow American Corp.*, 808 F.2d 621 (7th Cir. 1986) that Rule 23(e) "presumptively applies to all complaints containing class allegations, unless the district court declines to certify the class." *Id.* at 626.

The absence of the two named plaintiffs from the settlement conference did not prevent plaintiffs' counsel from seeking to negotiate a settlement of the class claim. Defendants represented to the district judge that plaintiffs' counsel made a settlement demand "seeking half as much money for the unnamed class members as they were for the two named Plaintiffs." (Order, June 17, 2010 at 2.) This is not an accurate statement of plaintiffs' settlement position.[2] This misrepresentation of our settlement position is, however, irrebutable evidence that plaintiffs' counsel sought to negotiate a resolution of the class claim.[3]

---

2 Defense counsel may have misunderstood the standard position of plaintiffs' counsel that named plaintiffs should receive, as part of any class settlement, an "incentive award" for having served as a class representative.

"Incentive awards are fairly typical in class action cases." Rodriguez v. West Publishing Corp., 563 F.3d 948, 958 (9th Cir. 2009). An incentive award "is appropriate if it is necessary to induce an individual to participate in the suit," Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998), but whether to allow an incentive award, as well as the magnitude of any award, are matters for the court asked to approve a settlement. See, e.g., In re Synthroid Marketing Litigation, 264 F.3d 712, 722-23 (7th Cir. 2001) (upholding denial of incentive award); Great Neck Capital Appreciation Inv. Partnership, L.P. v. PricewaterhouseCoopers, LLP, 212 F.R.D. 400, 412 (E.D.Wis. 2002) (explaining rationale for approving proposed incentive awards).

3 The district judge held that it was permissible for defense counsel to make this disclosure about the settlement conference. Order, June 17, 2010 at 2 (attached as Exhibit 1.)

**-III-**

Defendants have represented to the district judge that this Court "terminated the settlement conference" because "[p]laintiffs were not present for the settlement conference."[4] (Exhibit 1 at 1, Order, June 17, 2010, at 1.) This representation does not square with our understanding of why the settlement conference failed to resolve the case.

The settlement conference came at an awkward time in the case. Defense counsel were confident that the district court would not certify the case as a class action and asserted in a letter dated April 23, 2010 that "[t]o suggest you have any chance of a class action is a joke." (Letter, Smith and Paoletti to Morrissey, April 23, 2010, attached as Exhibit 2.[5]) From plaintiff's perspective, as long as their renewed motion for class certification was pending before the district court, the case could not be settled as an individual action, lest it appear that plaintiffs were using the "class as bait to attract a better offer, then cash in by withdrawing the

_____

[4] Defendants assert in paragraph six of their motion for attorneys fees, document 82, that "[b]ecause of Plaintiffs' absence, no negotiation [at the settlement conference before Magistrate Judge Valdez on May 11, 2010] could take place, and the conference was terminated with no progress being made."

[5] The "law clerk" referred to in Exhibit 2 is plaintiffs' undersigned counsel.

class claim." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 951 (7th Cir. 2006). These intractable differences made settlement impossible.

### -IV-

Counsel for the parties engaged in a full, albeit unsuccessful, settlement hearing. Neither the named plaintiffs nor "a representative of that corporation or governmental entity (other than counsel of record)" attended the hearing. Defendants were unwilling to negotiate a settlement of the claims asserted for the then putative class and plaintiffs were not interested in selling out the putative class. Imposition of sanctions against plaintiffs' counsel is not warranted and would be unjust. Defendants' motion for attorneys' fees should therefore be denied.

Respectfully submitted,

/s/   Kenneth N. Flaxman
      Kenneth N. Flaxman
      ARDC No. 830399
      200 S Michigan Ave, Ste 1240
      Chicago, Illinois 60604
      (312) 427-3200

      Thomas G. Morrissey.
      10249 S Western Ave
      Chicago, Illinois 60643
      (773) 233-7900

      *Attorneys for Plaintiffs*

-6-

**Exhibit 1**

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6946 | **DATE** | 6/17/2010 |
| **CASE TITLE** | Zaborowski et al vs. Sheriff of Cook County et al. | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiffs' motion to disqualify counsel [86].

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

     On January 28, 2009, Plaintiffs Catherine Zaborowski and Simone Jackson, on behalf of a class, filed an Amended Complaint alleging that Defendant Sheriff of Cook County has an unconstitutional policy pertaining to pregnant women in custody in violation of the Fourth, Eighth, and Fourteenth Amendments. *See* 42 U.S.C. § 1983. On December 9, 2009, the Court denied Plaintiffs' motion for class certification and on March 23, 2010, the United States Court of Appeals for the Seventh Circuit denied Plaintiffs' Federal Rule of Civil Procedure 23(f) petition for permission to appeal the Court's December 9, 2009 class certification order.

     On May 11, 2010, the parties were scheduled to appear before Magistrate Judge Valdez for a settlement conference. Pursuant to Judge Valdez's standing order, the individual parties must attend the settlement conference unless the party seeks permission from Judge Valdez. Nevertheless, the named Plaintiffs were not present for the settlement conference nor did Plaintiffs' counsel seek permission for Plaintiffs to be absent from the settlement conference. Judge Valdez thus terminated the conference.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

08C6946 Zaborowski et al vs. Sheriff of Cook County et al.

Page 1 of 2

Plaintiffs' Exhibit 1

Page 1

Despite counsels' failure to follow Judge Valdez's standing order, counsel now brings a motion to disqualify Defendant's attorney Patrick S. Smith because in the context of Defendants' response to Plaintiffs' second motion for class certification, Smith mentioned a potential conflict of interest between the named Plaintiffs and the putative class members. More specifically, Smith informed the Court that in the Plaintiffs' settlement demand, Plaintiffs' counsel were seeking half as much money for the unnamed class members as they were for the two named Plaintiffs.

Plaintiffs' counsel points to a Seventh Circuit case explaining that "settlement negotiations are confidential for most purposes, and counsel should never reveal such conversations in an attempt to gain a strategic advantage." *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 517 (7th Cir. 2007) (internal citation omitted). Here, Smith revealed general information about the Plaintiffs' monetary demand to the Court – not a third party – regarding Plaintiffs' adequacy in representing the unnamed class members. *See* Rule 23(a)(4). In the context of Smith's statement to the Court, Smith's conduct is not sanctionable. *See Sims,* 506 F.3d at 517; *see also Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 721-22 (7th Cir. 1982) (disqualification is a drastic measure that courts should not impose unless absolutely necessary). The Court, however, will not consider this confidential information in determining Plaintiffs' second motion for class certification to avoid any potential prejudice. Accordingly, the Court denies Plaintiffs' motion to disqualify Smith.

Plaintiffs' Exhibit 1      Page 2

**Exhibit 2**



**OFFICE OF THE STATE'S ATTORNEY**
COOK COUNTY, ILLINOIS

ANITA ALVAREZ
STATE'S ATTORNEY

ANTHONY D. PAOLETTI
Paralegal

69 W. Washington Street
Suite 2030
Chicago, Illinois 60602
(312) 603-1428

April 23, 2010

Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10249 South Western Avenue
Chicago, IL 60643
Fax Number: (773)239-0387

Re:     **Schackling Cases**

Dear Mr. Morrissey:

Please see the attached Minute Order by Judge St. Eve. To suggest you have any chance of a class action is a joke. I have extended in good faith Rule 68 offer of judgment on all of the cases you filed. I suggest you accept these offers and stop committing fraud of the court with the motions you and your law clerk have been filing.

Anthony D. Paoletti - Paralegal

Patrick Smith - Deputy Supervisor
Conflicts Counsel Division
Cook County State's Attorney
69 West Washington, Suite 2030
Chicago, IL 60602

Plaintiffs' Exhibit 2                                                                                    Page 1

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Patrick S. Smith, ASA, 69 W Washington, Ste 2030, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  none.

/s/  Kenneth N. Flaxman

_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)