**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CATHERINE ZABOROWSKI and SIMONE JACKSON, individually and on behalf of a class, | ) ) ) ) | |
| Plaintiff, | ) ) | 08 C 6946 |
| vs. | ) ) | Honorable Judge Amy St. Eve |
| SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS | ) ) ) | Magistrate Judge Valdez |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' MOTION IN OPPOSITION
TO MOTION FOR ATTORNEY'S FEES**

NOW COME Defendants, THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH and state in further support of their Motion as follows:

**ARGUMENT**

**I.     Granting Defendants' Motion for Attorney's Fees is just.**

Plaintiffs' claim that granting Defendants' Motion for Attorney's Fees would be unjust is erroneous, as Defendants did not violate this Court's Order. Plaintiffs assert that this Court's standing order required that a representative "other than the counsel of record" be present at the settlement conference. (Dkt. 98 at 2.) Defendants do not refute the truth of this statement. The Order further states that a party may be personally absent if the party has "obtained <u>prior approval from the Court</u>." Magistrate Judge Maria Valdez, *Instructions for Settlement Conference*, at 2 (accessed July 8, 2010). (emphasis in original). The undersigned attorney has

appeared before this Court as both as both a Supervisor and Attorney of Record numerous times without facing any objections from either this Court or opposing counsel. The absence of the Sheriff Thomas Dart would not have hindered any settlement between the parties, as an Assistant State's Attorney at the Deputy Supervisor level, the undersigned attorney has full authority to settle these cases on behalf of Cook County and Sheriff Thomas Dart. Further, while Plaintiffs allege that granting Defendants' Motion for Attorney's Fees would be unjust, they fail to state *why* granting Defendants' Motion would be unjust[1]. As such, Plaintiffs' assertion that Defendants disregarded the Court's order is without merit, and as such, granting Defendants' Motion for Attorney's Fees would not be unjust.

## II. This Court's Order requiring that Plaintiffs attend is not ambiguous.

This Court's Order is unambiguous as to the requirement that parties must attend unless prior approval is obtained from the Court. *Id.* Plaintiffs' assertion that the Court Order is ambiguous is without merit. (Dkt. 98 at 3.) Plaintiffs bring this action "individually and on behalf of a class." (Pl. Am. Complaint Dkt. 13.) The Order *clearly* states that individuals must attend the conference unless they have obtained prior approval from the Court. *Instructions for Settlement Conference*, at 2. If Plaintiffs were confused as to the attendance requirement, they should have obtained prior approval as indicated by this Court's Order, instead of wasting everyone's valuable time and resources. Plaintiffs did not seek prior approval from the Court to be absent from the settlement conference. By their absence at the settlement conference, Plaintiffs violated this Court's order, and wasted the resources of this Court, the taxpayers, and Defendants.

---

[1] Plaintiffs stated in open court that they intended to file a motion for Rule 11 sanctions to justify why they needed a full 28 days to respond to Defendants' Motion for Attorney's Fees. Defendants have not received any document to follow up on this threat. Plaintiffs' careless use of Rule 11 as a means to obtain more time to respond is a highly inappropriate use of the 'safe harbor' requirement of Rule 11.

**III.    Court's Order relating to the pre-conference letter.**

As described in Defendants' Motion for Attorney's Fees, Plaintiffs did not serve Defendants with the letter required by the Court's Order until *after* Defendants had already served Plaintiffs with their responsive letter. (Dkt. 82 at 2.)

Further, Plaintiffs' letter did not include *any* of the information required by the Order. *Instructions for Settlement Conference* at 1. Plaintiffs do not address the failure to submit the required letter in their Motion in Opposition. (Dkt. 98.) Federal Rule of Civil Procedure 16(f) empowers this Court to impose sanctions if a party fails to obey a court order relating to the conference. Because Plaintiffs violated this explicit order, Defendants' Motion for Attorney's Fees should be granted.

## CONLCUSION

WHEREFORE, based on the reasons above, and the reasons set forth in Defendants' Motion for Attorney's Fees, Defendants pray this Court sanction Plaintiffs and Plaintiffs' counsel pursuant to Federal Rule of Civil Procedure 16(f) and this Court's inherent power of contempt. Defendants further pray for an order requiring Plaintiffs and Plaintiffs' counsel to pay Defendants' attorney's fees, which total $1,572.50 (one thousand five hundred seventy-two dollars and fifty cents), and any other appropriate remedy, for willfully wasting the time of Defendants' counsel and Magistrate Judge Valdez, and for the time necessary to compile this motion.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: /s/ Patrick S. Smith
      Patrick S. Smith
      Deputy Supervisor
      Conflicts Counsel
      69 W. Washington,
      Chicago, Illinois 60602
      (312) 603-1422