IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Catherine Zaborowski and Simone Jackson, individually and on behalf of a class | ) ) ) | |
| *Plaintiffs*, | ) | |
| *-vs-* | ) | No. 08 CV 6946 |
| | ) | |
| Sheriff of Cook County and Cook County, Illinois, | ) ) | *(Judge St. Eve)* |
| | ) | |
| *Defendants*. | ) | |

## MOTION TO REASSIGN

Pursuant to Local General Rule 41(c), plaintiffs move the Court to reassign based on relatedness the following cases:

1. *Brown, Lisa v. Dart*, 10-cv-02999
2. *Bryant v. Sheriff*, 09-cv-01546
3. *Carmona v. Dart*, 10-cv-03001
4. *Cruz v. Dart*, 10-cv-03042
5. *Farrar v. Dart*, 10-cv-00333
6. *Fletcher v. Dart*, 10-cv-00139
7. *Johnson, Denae v. Dart*, 10-cv-02998
8. *Lee v. Dart*, 09-cv-07789
9. *Lignon v. Dart*, 10-cv-02969
10. *Oss v. Dart*, 10-cv-03078
11. *Owens v. Dart*, 10-cv-03532
12. *Richardson v. Dart*, 10-cv-03000
13. *Sidney v. Dart*, 09-cv-07790
14. *Starnes v. Dart*, 10-cv-03536
15. *Walton v. Dart*, 10-cv-02970

Grounds for this motion are as follows:

1.     Pursuant to the Court's order of June 22, 2010, this case is proceeding as a class action under Rule 23(b)(3) to challenge defendants' practice of shackling pregnant inmates during labor, delivery, or recovery following delivery.

2.     Plaintiffs in the 15 cases enumerated raise the same claim that the plaintiff class raises in this case.[1] The plaintiffs in 14 of these cases (all save *Bryant v. Sheriff*, *09-cv-01546*, Exhibit 3, attached*)* also raise a claim against defendant Dart in his individual capacity. The complaints filed in each of the pending "shackling" lawsuits, including the two cases assigned to this Court, *Blair v. Dart*, 10-cv-2968 and *Coffer v. Dart*, 10-cv-3114, are attached as Exhibits 1-17.

3.     The status of the 17 pending cases is as follows:

   a.   Discovery has closed in *Bryant*. Plaintiff in *Bryant* initially intended to file a motion for summary judgment but declined to do so. The district judge in *Bryant* recently set a schedule for defendants to file a motion for summary judgment; it is

---

[1] These 17 cases (and this case) are all of the pending cases filed by plaintiffs' counsel challenging the shackling practice. (Counsel have filed a total of 22 cases; four have been settled.)

2

conceivable that defendants in *Bryant* will also elect not to seek summary judgment.

b. Discovery in *Lee v. Sheriff*, 09-cv-7789 and *Sidney v. Sheriff*, 09-cv-7790, is focused on the individual capacity claims against defendant Dart, who, in each case, has been ordered to sign interrogatory answers. Plaintiffs in each case seek to depose defendant Dart.

c. Defendants filed an answer in *Farrar v. Dart*, 10-cv-00333 on March 12, 2010; an agreed motion to extend the discovery cutoff date of July 22, 2010 is scheduled for presentment on July 21, 2010.

d. Defendants have filed an answer in *Oss v. Dart*, 10-cv-03078 and an initial status is set for July 26, 2010.

e. Defendants have not yet filed their responsive pleading in the remaining cases.

4.     The handling of all of the "shackling cases" by the same judge will result in a substantial saving of judicial time and effort and all of the cases are susceptible of disposition in a single proceeding.

It is therefore respectfully requested that the Court find that the above numbered cases are related within the meaning of Local General 41 and should be reassigned to this Court.

/s/  Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604
(312) 427-3200

Thomas G. Morrissey.
10249 S Western Ave
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for the Plaintiff Class*

4

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nicole Blair, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 09 CV _____ |
| | ) | |
| Thomas J. Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.     This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.     Plaintiff Nicole Blair is a female resident of the Northern District of Illinois and is among the persons included within the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

3.     Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of La-Salle County*, 324 F. 3d 947 (7th Cir. 2003).

4.     At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to

shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5.     Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

  a.   Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

  b.   A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

  c.   A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.     Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other sta-tue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County De-partment of Corrections facility for the purpose of delivering

-2-

her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7.    Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

a.    Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

b.    Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8.    Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

-3-

9.    Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about January 30, 2008.

10.    Plaintiff was pregnant when she was admitted to the jail.

11.    Plaintiff was transported to Stroger Hospital from the Cook County Jail on May 19, 2008 at the direction of a physician at the jail.

12.    As required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot while she was being transported to the hospital.

13.    Plaintiff remained at Stroger Hospital until May 21, 2008.

14.    As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed until shortly before she delivered her child.

15.    As required by defendant Dart's "shackling policy," a Deputy Sheriff re-shackled plaintiff following the birth of her child.

16.    As required by defendant Dart's "shackling policy," and not-withstanding requests of physicians at Stroger Hospital, a Deputy Sheriff required plaintiff to remain shackled at all times until she left Stroger Hospital.

-4-

17.     Following her discharge from Stroger Hospital, and as required by Dart's "shackling policy," plaintiff was shackled while a Deputy Sheriff returned plaintiff to the Cook County Jail.

18.     As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

19.     Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/  Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
*Attorneys for Plaintiff*

-5-

**Exhibit 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lisa Brown, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 09 CV _____ |
| | ) | |
| Thomas J. Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.    This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.    Plaintiff Lisa Brown is a female resident of the Northern District of Illinois and is among the persons included within the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

3.    Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of La-Salle County*, 324 F. 3d 947 (7th Cir. 2003).

4.    At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to

shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5. Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a. Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b. A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c. A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6. Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

**Pregnant female prisoners**. Notwithstanding any other stature, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering

-2-

her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7.    Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

    a.    Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

    b.    Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8.    Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

-3-

9.    Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about May 12, 2008.

10.    Plaintiff was pregnant when she was admitted to the jail.

11.    Plaintiff was transported to Stroger Hospital from the Cook County Jail on or about May 27, 2008 at the direction of a physician at the jail.

12.    As required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot while she was being transported to the hospital.

13.    Plaintiff remained at Stroger Hospital until January 9, 2009.

14.    As permitted by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed while she delivered her child.

15.    As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled until she left Stroger Hospital on May 31, 2008.

16.    Following her discharge from Stroger Hospital, and as required by Dart's "shackling policy," plaintiff was shackled while a Deputy Sheriff returned plaintiff to the Cook County Jail.

-4-

17.    As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

18.    Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/  Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
*Attorneys for Plaintiff*

-5-

**Exhibit 3**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Danielle Bryant | )    FILED: MARCH 11, 2009 |
|      *Plaintiffs,* | )    09CV1546 |
|         vs. | )    JUDGE GOTTSCHALL |
| | )    MAGISTRATE JUDGE DENLOW |
| Sheriff of Cook County and | )    CH |
| Cook County, Illinois, | ) |
|      *Defendants.* | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. Sect. 1983. The jurisdiction of this Court is conferred by 28 U.S. C. Sect. 1343.

2. Plaintiff Danielle Bryant is a resident of the Northern District of Illinois and a former inmate at the Cook County Jail. The plaintiff was pregnant when she entered the Cook County Jail on August 9, 2008.

3. Defendants are the Sheriff of Cook County and Cook County, Illinois. The Sheriff is sued in his official capacity only; the County is joined pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

4. Pursuant to the policies and/or practices of defendant Sheriff, the plaintiff was transferred to Sheriff's MOM's program, an off-site, residential drug treatment program run by the Haymarket Center

5. Plaintiff went into labor on September 22, 2008 and was taken by a counselor from the Haymarket Center to Stroger Hospital. Ms. Bryant was not handcuffed or otherwise retrained while she was taken to the hospital.

6.   After being assigned to a labor and delivery room, and in accordance with the policies and/or practices of the defendants, a deputy sheriff shackled plaintiff's foot to the hospital bed.

7.   Plaintiff's foot remained shackled to the hospital bed for approximately twelve hours while she was in labor. An armed deputy sheriff remained in the hospital room while plaintiff was in labor.

8.   Immediately prior to the birth of plaintiff's child at approximately 8:00 a.m. on September 23, 2008, the deputy sheriff unshackled plaintiff's at the request of the attending physician. The plaintiff's foot was re-shackled to the bed by the deputy sheriff after the child was born.

9.   After the delivery of the baby, plaintiff was removed from the labor and delivery room and assigned to a room within the hospital. In accordance with the defendants policies and practices, the plaintiff's hand and foot were shackled to the bed.

10.  Plaintiff remained hospitalized at Stroger until the evening of September 25, 2008. During this period, the plaintiff's hand and foot were shackled to the bed with the exception that the shackle was removed from the plaintiff's hand when she was feeding her baby.

11.   The plaintiff was deprived of rights secured by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States by defendants' above described policy.

12.   At all times relevant, there was in force and effect an Illinois statue compiled as 55 ILCS 5/3-15003.6 which provided as follows:

**Pregnant female prisoners.** Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a

medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

13.     Defendants have failed and or refused to implement the above referred Illinois statue.

14.     As a direct and proximate result of the defendants' shackling policy, plaintiff was

unreasonably restrained, subjected to punishment, incurred great emotional and physical

pain and suffering.

15.     Plaintiffs hereby demand trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor in an amount in

excess of one hundred thousand dollars, and that the Court grant whatever relief as may

be appropriate.

/s/ Thomas G. Morrissey
One of the Attorneys for the Plaintiff


Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Il. 60643
(773)-233-7900


Kenneth N. Flaxman
200 S. South Michigan
Suite 1240
Chicago, Il. 60604-2430
(312) 427-3200



**Exhibit 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Isabel Carmona, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 09 CV _____ |
| | ) | |
| Thomas J. Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.     This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.     Plaintiff Isabel Carmona is a female resident of the Northern District of Illinois and is among the persons included within the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

3.     Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of La-Salle County*, 324 F. 3d 947 (7th Cir. 2003).

4.     At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to

shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5.    Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

a.  Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

b.  A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

c.  A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.    Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

**Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering

-2-

her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7. Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

a. Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

b. Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

-3-

9.     Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about March 8, 2008.

10.     Plaintiff was pregnant when she was admitted to the jail.

11.     Plaintiff was transported to Stroger Hospital from the Cook County Jail on April 9, 2008 at the direction of a physician at the jail.

12.     As required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot while she was being transported to the hospital.

13.     Plaintiff remained at Stroger Hospital until April 11, 2008.

14.     As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed until shortly before she delivered her child.

15.     As required by defendant Dart's "shackling policy," a Deputy Sheriff re-shackled plaintiff following the birth of her child.

16.     As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled until she left Stroger Hospital.

17.      Following her discharge from Stroger Hospital, and as required by Dart's "shackling policy," plaintiff was shackled while a Deputy Sheriff returned plaintiff to the Cook County Jail.

-4-

18. As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

19. Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/  Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
*Attorneys for Plaintiff*

-5-

**Exhibit 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Coffer, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 09 CV _____ |
| | ) | |
| Thomas J. Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.     This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.     Plaintiff Kimberly Coffer is a female resident of the Northern District of Illinois and is among the persons included within the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

3.     Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of La-Salle County*, 324 F. 3d 947 (7th Cir. 2003).

4.     At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to

shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5.     Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a.  Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b.  A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c.  A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.     Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other sta-tue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County De-partment of Corrections facility for the purpose of delivering

-2-

her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7. Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

    a. Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

    b. Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

-3-

9. Plaintiff was admitted to the Cook County Jail on or about October 11, 2007.

10. Plaintiff was pregnant when she was admitted to the jail and in April of 2008 was assigned to the Sheriff's "Mom's program", a residential treatment program conducted outside of the Cook County Jail.

11. On May 2, 2008, a counselor from the Mom's program took plaintiff to Stroger Hospital for the purpose of delivering her baby. Plaintiff was not handcuffed nor otherwise restrained while being transported to the hospital.

12. While plaintiff was in labor on May 2, 2008, a Deputy Sheriff, as permitted or required by defendant Dart's "shackling policy," shackled plaintiff to the hospital bed.

13. Plaintiff remained shackled to the hospital bed during labor.

14. Following the birth of her child, and pursuant to defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to her hospital bed.

15. Plaintiff remained shackled to her hospital bed on May 2, 2008 with the exception of a brief period when she was taken to another room for a medical procedure. Following that procedure, plaintiff was returned

-4-

to her permanent room, where she remained shackled to her hospital bed until she was discharged from the hospital on or about May 5, 2008.

16.     As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

17.     Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred and twenty five thousand dollars as compensatory damages and in an amount in excess of one hundred and twenty five thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/  Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
*Attorneys for Plaintiff*

-5-

**Exhibit 6**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mariane Cruz, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 10 CV _____ |
| | ) | |
| Thomas J. Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.      This is a civil action arising under 42 U.S.C. §1983. The juris-

diction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.      Plaintiff Mariane Cruz is a female resident of the Northern

District of Illinois and is among the persons included within the plaintiff

class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

3.      Defendants are Thomas J. Dart, Sheriff of Cook County and

Cook County, Illinois. Plaintiff sues Dart in his individual and in his official

capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of La-*

*Salle County*, 324 F. 3d 947 (7th Cir. 2003).

4.      At all times relevant, defendant Dart has enforced an official

policy (hereinafter "shackling policy") requiring correctional officers to

shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5.     Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

a.   Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

b.   A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

c.   A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.     Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

**Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering

-2-

her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7. Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

a. Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

b. Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

-3-

9.      Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about April 8, 2009.

10.     Plaintiff was pregnant when she was admitted to the jail.

11.     Plaintiff began to exhibit symptoms of preterm labor on or about April 10, 2009; at the direction of a physician at the jail, plaintiff was transported to Stroger Hospital at about 1:00 a.m. on or about April 11, 2009.

12.      As required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot while she was being transported to the hospital.

13.     Plaintiff remained at Stroger Hospital until on or about April 13, 2009, where she received treatment to stop her labor.

14.     As required by defendant Dart's "shackling policy," and not-withstanding requests of physicians at Stroger Hospital, a Deputy Sheriff required plaintiff to remain shackled to a hospital bed during the entirety of her stay at the hospital.

15.      Following her discharge from Stroger Hospital, and as required by Dart's "shackling policy," plaintiff was shackled while a Deputy Sheriff returned plaintiff to the Cook County Jail.

-4-

16.    As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

17.    Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/  Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
*Attorneys for Plaintiff*

-5-

**Exhibit 7**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jennifer Farrar                          )
                                         )
              *Plaintiff,*                )
      *-vs-*                               )          No. 2010 CV _____
                                         )
Thomas J. Dart, Sheriff of Cook          )          *(jury demand)*
County, and Cook County, Illinois        )
                                         )
              *Defendants.*               )

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.     This is a civil action arising under 42 U.S.C. §1983. The

jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C.

§1367.

2.     Plaintiff Jennifer Farrar is a female resident of the

Northern District of Illinois.

3.     Defendants are Thomas J. Dart, Sheriff of Cook County

and Cook County, Illinois. Plaintiff sues Dart in his individual and in

his official capacity; plaintiff joins Cook County pursuant to *Carver v.

Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

4.     At all times relevant, defendant Dart has enforced an

official policy (hereinafter "shackling policy") requiring correctional

officers to shackle pregnant woman, who are in the custody of the

Sheriff of Cook County, during and immediately after labor and delivery.

5.     Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

     a.     Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

     b.     A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

     c.     A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.     Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no

-2-

circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7. Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

a. Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

b. Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

9. Plaintiff was processed into the Cook County Jail as a pre-trial detainee on November 24, 2008.

-3-

10.     At the time she was processed into the jail, plaintiff was enrolling in and receiving daily methadone from a treatment program.

11.     While being processed into the Jail on November 24, 2008, plaintiff informed intake personnel that she was pregnant and that she was receiving methadone on a daily basis from a methadone program.

12.     As a result of the Sheriff's policies at issue in *Parish v. Sheriff,* 07 CV 4369, plaintiff did not receive methadone until November 29, 2009 and suffered withdrawal symptoms which included vomiting, sweating, cramps, and headaches. (Plaintiff is a member of the plaintiff class in the *Parish* litigation and does not seek to litigate in this action the claim that is at issue in *Parish*.

13.     On January 7, 2009, jail personnel transported plaintiff to the Rolling Meadows Courthouse.

14.     In the course of the aforesaid court appearance, plaintiff went into labor and was transported by ambulance to a hospital.  As required by defendant's policy, plaintiff's hand and foot were shackled while she was being transported to the hospital.

15.     Plaintiff was admitted to the hospital on January 7, 2009 and assigned to a labor and delivery room.

-4-

16.    While in the labor and delivery room, as required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot to the hospital bed.

17.    Plaintiff remained shackled in the labor and delivery room. Plaintiff's leg was unshackled shortly before delivery; plaintiff's hand, however, remained shackled to the bed during the delivery.

18.    As required by defendant Dart's "shackling policy," plaintiff remained shackled during recovery following childbirth and at all times thereafter while she remained at the hospital.

19.    As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

20.    Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/ Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900


Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

*Attorneys for Plaintiff*

-6-

**Exhibit 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Cora Fletcher               )
                                )
            *Plaintiff,*      )
         *-vs-*               )    No. 09 CV _____
                                )
Thomas J. Dart, Sheriff of Cook    )    *(jury demand)*
County, and Cook County, Illinois   )
                                )
         *Defendants.*     )

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.    This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.    Plaintiff Cora Fletcher is a female resident of the Northern District of Illinois and is among the persons included within the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County,* 08 CV 6946.

3.    Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

4. At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to shackle pregnant woman, who are in the custody of the Sheriff of Cook County, before, during and immediately after labor and delivery.

5. Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a. Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b. A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c. A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6. Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

-2-

**Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7.     Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

a.     Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

b.     Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

-3-

Plaintiffs' Exhibit 8

8.     Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

9.     Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about May 7, 2008.

10.     Plaintiff was pregnant when she was admitted to the jail.

11.     Plaintiff was transported to Stroger Hospital from the Cook County Jail on May 16, 2008 at the direction of a physician at the jail.

12.     As required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot while she was being transported to the hospital.

13.     Plaintiff remained at Stroger Hospital from May 16, 2008 until May 20, 2008.

14.     As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed while she was at Stroger Hospital on May 16, 2008.

15.     As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed while she was at Stroger Hospital on May 17, 2008.

16.     As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed

-4-

for all save 45 minutes on May 18, 2008: the Deputy permitted plaintiff to leave the hospital bed and use a washroom for 15 minutes and unshackled plaintiff for 30 minutes while she received a gynecological examination. Plaintiff remained shackled to a hospital bed for the remainder of the day on May 18, 2008.

17. As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed for all save 10 minutes on May 19, 2008.

18. As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed until she was discharged from the hospital on May 20, 2008.

19. Following her discharge from Stroger Hospital, and as required by Dart's "shackling policy," plaintiff was shackled while a Deputy Sheriff returned plaintiff to the Cook County Jail.

20. As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

21. Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/  Kenneth N. Flaxman
     Kenneth N. Flaxman
     ARDC 0830399
     200 S. Michigan, Ste 1240
     Chicago, IL. 60604-2430
     (312) 427-3200

     Thomas G. Morrissey, Ltd.
     ARDC 3125372
     10249 S. Western Ave.
     Chicago, IL. 60643
     (773) 233-7900
     *Attorneys for Plaintiff*

-6-

**Exhibit 9**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Denae Johnson, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 09 CV _____ |
| | ) | |
| Thomas J. Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.     This is a civil action arising under 42 U.S.C. §1983. The juris-

diction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.     Plaintiff Denae Johnson, is a female resident of the Northern

District of Illinois and is among the persons included within the plaintiff

class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

3.     Defendants are Thomas J. Dart, Sheriff of Cook County and

Cook County, Illinois. Plaintiff sues Dart in his individual and in his official

capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of La-

Salle County*, 324 F. 3d 947 (7th Cir. 2003).

4.     At all times relevant, defendant Dart has enforced an official

policy (hereinafter "shackling policy") requiring correctional officers to

shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5.    Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a.  Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b.  A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c.  A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.    Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering

-2-

her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7.    Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

a.    Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

b.    Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8.    Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

-3-

9.     Plaintiff was admitted to the Cook County Jail on or about June 9, 2008.

10.     Plaintiff was pregnant when she was admitted to the jail and was assigned to the Sheriff's "Mom's" program, a residential treatment program conducted outside of the Cook County Jail.

11.     On June 10, 2008, Plaintiff was taken to Stroger Hospital for a medical appointment by a counselor from the Mom's program. Plaintiff was not handcuffed or otherwise restrained while being transported to the hospital.

12.     The counselor remained with plaintiff until plaintiff gave birth at about 9:00 a.m. on June 10, 2008.

13.     Following the birth of her child, and as permitted or required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled until she left Stroger Hospital on or about June 13, 2008.

14.      As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

15.     Plaintiff hereby demands trial by jury.

-4-

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
*Attorneys for Plaintiff*

-5-

**Exhibit 10**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Deborah Lee | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 09 CV _____ |
| | ) | |
| Thomas J. Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.     This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.     Plaintiff Deborah Lee is a female resident of the Northern District of Illinois.

3.     Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

4.     At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to shackle pregnant woman, who are in the custody of the

Sheriff of Cook County, during and immediately after labor and delivery.

5.     Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

a.     Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

b.     A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

c.     A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.     Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no

-2-

circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7.     Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

a.     Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

b.     Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8.     Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

9.     Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about May 7, 2009.

-3-

10. Plaintiff was pregnant when she was admitted to the jail.

11. Plaintiff went into labor on June 1, 2009 at approximately 4:00 p.m in the afternoon and was transported in a squad car to John Stroger Hospital. Plaintiff's legs were shackled and she was in handcuffs while she was being transported to the hospital.

12. Following her admission to the hospital, plaintiff was placed into a labor and delivery room.

13. While in the labor and delivery room, as required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot to the hospital bed.

14. As required by defendant Dart's "shackling policy," plaintiff remained shackled during labor.

15. At approximately 4:00 a.m. on June 2, 2009 delivered a baby. As required by defendant Dart's "shackling policy," plaintiff delivered her child while shackled.

16. As required by defendant Dart's "shackling policy," plaintiff remained shackled during the next several days during her post-delivery recovery at Stroger Hospital.

17. As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

-4-

18.    Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/ Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900


Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

*Attorneys for Plaintiff*

-5-

**Exhibit 11**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Felicia Ligon, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 09 CV _____ |
| | ) | |
| Thomas J. Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.      This is a civil action arising under 42 U.S.C. §1983. The juris-diction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.      Plaintiff Felicia Ligon is a female resident of the Northern District of Illinois and is among the persons included within the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

3.      Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of La-Salle County*, 324 F. 3d 947 (7th Cir. 2003).

4.      At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to

shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5.     Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a.   Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b.   A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c.   A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.     Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering

-2-

her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7.     Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

a.  Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

b.  Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8.     Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

-3-

9.    Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about November 14, 2008.

10.    Plaintiff was pregnant when she was admitted to the jail.

11.    Plaintiff was transported to Stroger Hospital from the Cook County Jail on or about January 4, 2009 at the direction of a physician at the jail.

12.    As required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot while she was being transported to the hospital.

13.    Plaintiff remained at Stroger Hospital until January 9, 2009.

14.    As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed until shortly before she delivered her child.

15.    As required by defendant Dart's "shackling policy," a Deputy Sheriff re-shackled plaintiff about ten minutes after the birth (by Caesareian section), of her child.

16.    As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled other than for a brief periods until she left Stroger Hospital.

-4-

17.     Following her discharge from Stroger Hospital, and as required by Dart's "shackling policy," plaintiff was shackled while a Deputy Sheriff returned plaintiff to the Cook County Jail.

18.     As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

19.     Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/  Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
*Attorneys for Plaintiff*

-5-

**Exhibit 12**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Angela Oss,  )
)
*Plaintiff,*  )
-*vs*-  )  No. 09 CV _____
)
Thomas J. Dart, Sheriff of Cook  )  *(jury demand)*
County, and Cook County, Illinois  )
)
*Defendants.*  )

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.     This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.     Plaintiff Angela Oss is a female resident of the Northern District of Illinois and is among the persons included within the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

3.     Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of La-Salle County*, 324 F. 3d 947 (7th Cir. 2003).

4.     At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to

shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5.  Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a.  Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b.  A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c.  A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.  Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering

-2-

her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7. Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

    a. Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

    b. Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

-3-

9.   Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about August 26, 2008.

10.   Plaintiff was pregnant when she was admitted to the jail.

11.   Plaintiff went into labor in the evening of August 26, 2008 and was transported to St. Anthony Hospital where she gave birth shortly before midnight.

12.   Plaintiff remained at the hospital for two days.  During that time, as required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to be shackled to her hospital bed.

13.   Following her discharge from the hospital, and as required by Dart's "shackling policy," plaintiff was shackled while a Deputy Sheriff returned plaintiff to the Cook County Jail.

14.   As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

15.   Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this ac-

-4-

tion, including reasonable attorney's fees, be taxed against defendant Cook

County.

> /s/ Kenneth N. Flaxman
> Kenneth N. Flaxman
> ARDC 0830399
> 200 S. Michigan, Ste 1240
> Chicago, IL. 60604-2430
> (312) 427-3200
>
> Thomas G. Morrissey, Ltd.
> ARDC 3125372
> 10249 S. Western Ave.
> Chicago, IL. 60643
> (773) 233-7900
> *Attorneys for Plaintiff*

**Exhibit 13**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Anastasia Owens, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 10 CV _____ |
| | ) | |
| Thomas J. Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.    This is a civil action arising under 42 U.S.C. §1983. The juris-diction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.    Plaintiff Anastasia Owens is a female resident of the Northern District of Illinois and is among the persons included within the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

3.    Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of La-Salle County*, 324 F. 3d 947 (7th Cir. 2003).

4.    At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to

shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5.    Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a.  Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b.  A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c.  A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.    Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering

Plaintiffs' Exhibit 13

her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7. Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

   a. Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

   b. Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

-3-

9.      Plaintiff was admitted to the Cook County Jail on or about February 25, 2008.

10.     Plaintiff was pregnant when she was admitted to the jail and at some time after February 25, 2008 was assigned to the Sheriff's "Mom's program", a residential treatment program conducted outside of the Cook County Jail.

11.     On June 8, 2008, a counselor from the Mom's program took plaintiff to Stroger Hospital for the purpose of delivering her baby. Plaintiff was not handcuffed nor otherwise restrained while being transported to the hospital.

12.     Following the birth of her child at about 10:00 p.m. on June 8, 2008, and pursuant to defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to be shackled to her hospital bed.

13.     As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

14.     Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred and twenty five thousand dollars as compensatory damages and in an amount in excess

-4-

Plaintiffs' Exhibit 13

of one hundred and twenty five thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
*Attorneys for Plaintiff*

-5-

**Exhibit 14**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sheena Richardson, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 09 CV _____ |
| | ) | |
| Thomas J. Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.     This is a civil action arising under 42 U.S.C. §1983. The juris-
diction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.     Plaintiff Sheena Richardson is a female resident of the North-
ern District of Illinois and is among the persons included within the plain-
tiff class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

3.     Defendants are Thomas J. Dart, Sheriff of Cook County and
Cook County, Illinois. Plaintiff sues Dart in his individual and in his official
capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of La-
Salle County*, 324 F. 3d 947 (7th Cir. 2003).

4.     At all times relevant, defendant Dart has enforced an official
policy (hereinafter "shackling policy") requiring correctional officers to

shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5.    Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a.   Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b.   A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c.   A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.    Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other sta-tue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County De-partment of Corrections facility for the purpose of delivering

<div align="center">-2-</div>

her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7.    Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

   a.    Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

   b.    Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8.    Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

-3-

9.   Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about September 10, 2008.

10.   Plaintiff was pregnant when she was admitted to the jail.

11.   Plaintiff was transported to Stroger Hospital from the Cook County Jail on September 15, 2008 at the direction of a physician at the jail.

12.   As required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot while she was being transported to the hospital.

13.   Plaintiff remained at Stroger Hospital until September 19, 2008.

14.   As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed until shortly before she delivered her child.

15.   As required by defendant Dart's "shackling policy," a Deputy Sheriff re-shackled plaintiff following the birth of her child.

16.   As required by defendant Dart's "shackling policy," and notwithstanding requests of physicians at Stroger Hospital, a Deputy Sheriff required plaintiff to remain shackled other than for a brief period on September 19, 2008 until she left Stroger Hospital.

-4-

17.     Following her discharge from Stroger Hospital, and as required by Dart's "shackling policy," plaintiff was shackled while a Deputy Sheriff returned plaintiff to the Cook County Jail.

18.     As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

19.     Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

<div style="margin-left:40%">

/s/  Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
*Attorneys for Plaintiff*

</div>

-5-

**Exhibit 15**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Bennetta Sidney                    )
                                   )
          *Plaintiff,*             )
     *-vs-*                        )      No. 09 CV _____
                                   )
Thomas J. Dart, Sheriff of Cook    )      *(jury demand)*
County, and Cook County, Illinois  )
                                   )
          *Defendants.*            )

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.    This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.    Plaintiff Bennetta Sidney is a female resident of the Northern District of Illinois.

3.    Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

4.    At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to shackle pregnant woman, who are in the custody of the

Sheriff of Cook County, during and immediately after labor and delivery.

5.    Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

a.    Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

b.    A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

c.    A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.    Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no

-2-

circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7.    Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

a.    Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

b.    Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8.    Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

9.    Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about April 4, 2009.

-3-

10.     Plaintiff was pregnant when she was admitted to the jail.

11.     Plaintiff went into labor on July 27, 2009 and was transported from the jail to Stroger Hospital at about 7:00 p.m. on July 27, 2009.

12.     As required by defendant Dart's shackling policy, a Deputy Sheriff shackled plaintiff by hand and foot, and placed a chain around plaintiff's waist, before plaintiff was taken to Stroger hospital.

13.     Following her admission to the hospital, plaintiff was placed into a labor and delivery room.

14.     While in the labor and delivery room, as required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot to the hospital bed.

15.     Plaintiff gave birth to her child at approximately 11:30 p.m. that night. Plaintiff remained shackled until about 30 minutes before the birth of her child.

16.     As required by defendant Dart's "shackling policy," plaintiff remained shackled during post-delivery recovery until her release from the hospital on July 30, 2009.

17.     As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

-4-

18.    Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.


/s/  Thomas G. Morrissey
      Thomas G. Morrissey, Ltd.
      ARDC 3125372
      10249 S. Western Ave.
      Chicago, IL. 60643
      (773) 233-7900


      Kenneth N. Flaxman
      ARDC 0830399
      200 S. Michigan, Ste 1240
      Chicago, IL. 60604-2430
      (312) 427-3200

      *Attorneys for Plaintiff*

-5-

**Exhibit 16**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Monique Starnes, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 10 CV _____ |
| | ) | |
| Thomas J. Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.      This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.      Plaintiff Monique Starnes is a female resident of the Northern District of Illinois and is among the persons included within the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

3.      Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of La-Salle County*, 324 F. 3d 947 (7th Cir. 2003).

4.      At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to

shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5.      Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a.  Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b.  A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c.  A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.      Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other sta-tue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County De-partment of Corrections facility for the purpose of delivering

-2-

her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7.    Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

   a. Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

   b. Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8.    Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

-3-

9.    Plaintiff was admitted to the Cook County Jail in May of 2007.

10.    Plaintiff was pregnant when she was admitted to the jail and in June of 2007 was assigned to the Sheriff's "Mom's program", a residential treatment program conducted outside of the Cook County Jail.

11.    On July 14, 2007, a counselor from the Mom's program took plaintiff to Stroger Hospital for a medical examination relating to plaintiff's pregnancy. Plaintiff was not handcuffed nor otherwise restrained while being transported to the hospital.

12.    A physician at the hospital examined plaintiff on July 14, 2007 and directed that she be admitted to the hospital for the purpose of delivering her baby.

13.    While plaintiff was in labor on July 14, 2007, a Deputy Sheriff, as permitted or required by defendant Dart's "shackling policy," shackled plaintiff to the hospital bed.

14.    Plaintiff was in labor for about two days before delivering her child. With the exception of a brief period, plaintiff was shackled to the hospital bed during labor.

15.    Following the birth of her child at about 9:30 p.m. on July 16, 2008, and pursuant to defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to be shackled to her hospital bed.

-4-

16.     As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

17.     Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred and twenty five thousand dollars as compensatory damages and in an amount in excess of one hundred and twenty five thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/  Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
*Attorneys for Plaintiff*

-5-

**Exhibit 17**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Latania Walton,                          )
                                         )
                    *Plaintiff,*         )
         *-vs-*                          )         No. 09 CV _____
                                         )
Thomas J. Dart, Sheriff of Cook          )         *(jury demand)*
County, and Cook County, Illinois        )
                                         )
                    *Defendants.*        )

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.      This is a civil action arising under 42 U.S.C. §1983. The juris-
diction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.      Plaintiff Latania Walton is a female resident of the Northern
District of Illinois and is among the persons included within the plaintiff
class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

3.      Defendants are Thomas J. Dart, Sheriff of Cook County and
Cook County, Illinois. Plaintiff sues Dart in his individual and in his official
capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of La-
Salle County*, 324 F. 3d 947 (7th Cir. 2003).

4.      At all times relevant, defendant Dart has enforced an official
policy (hereinafter "shackling policy") requiring correctional officers to

shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5.    Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a.  Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b.  A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c.  A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.    Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering

-2-

her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7.   Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

 a.   Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

 b.   Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8.   Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

-3-

9.     Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about August 9, 2008.

10.     Plaintiff was pregnant when she was admitted to the jail.

11.     Plaintiff was transported to Stroger Hospital from the Cook County Jail on August 26, 2008 at the direction of a physician at the jail.

12.     As required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot while she was being transported to the hospital.

13.     Plaintiff remained at Stroger Hospital until August 29, 2008.

14.     As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed until shortly before she delivered her child.

15.     As required by defendant Dart's "shackling policy," a Deputy Sheriff re-shackled plaintiff following the birth of her child.

16.     As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled other than when she was feeding her child until she left Stroger Hospital.

17.      Following her discharge from Stroger Hospital, and as required by Dart's "shackling policy," plaintiff was shackled while a Deputy Sheriff returned plaintiff to the Cook County Jail.

-4-

18.     As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

19.     Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/  Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
*Attorneys for Plaintiff*

-5-

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of July, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Patrick S. Smith, ASA, 69 W Washington, 20th flr, Chicago, IL 60602, and I hereby certify that I served by email a copy of the foregoing on

Aaron Richard Bond, abond@cookcountygov.com,

Anthony E. Zeechin, azecchin@cookcountygov.com

Edgar L. Berre, III, Edgar.Berre@cookcountyil.gov,

Mary Elizabeth McClellan, mary.mcclellan@cookcountyil.gov,

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  none.

/s/ Kenneth N. Flaxman
_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)