**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CATHERINE ZABOROWSKI and SIMONE JACKSON, individually and on behalf of a class, | ) ) ) ) | |
| Plaintiff, | ) ) | 08 C 6946 |
| vs. | ) ) ) | Honorable Judge Amy St. Eve |
| SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REASSIGN *BRYANT V. SHERIFF***

NOW COME Defendants, THOMAS J. DART, Sheriff of Cook County, and COOK COUNTY by and through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH, and in opposition to Plaintiffs' Motion to Reassign *Bryant v. Sheriff* state as follows:[1]

**ARGUMENT**

1. Before this Court is Plaintiffs' Motion to Reassign. (Dkt. 104.) Defendants specifically oppose the reassignment of *Bryant v. Sheriff*, 09 C 1546.

2. Plaintiff Bryant filed her complaint on March 11, 2009. Discovery in her case closed on November 30, 2009. On December 9, 2009, Judge Gottschall set a briefing schedule for Plaintiff to file her motion for summary judgment. Plaintiff never filed a motion for

---

[1] Due to a clerical error, Assistant State's Attorney Patrick Smith was incorrectly removed from *Zaborowski v. Dart* and *Bryant v. Sheriff*. Patrick Smith remains lead counsel on *Bryant*. Defendants do not waive their right to oppose reassignment of other cases by filing this motion. Further, ASA Patrick Smith remains assigned to *Zaborowski* for the limited purposes of arguing this Motion and the Pending Motion for Sanctions in front of the Honorable Judge Valdez. The removal of Patrick Smith from cases other than *Zaborowski* and *Bryant* was correct. If necessary, an amended notice reflecting this fact can be filed.

summary judgment.  Between December 9, 2009 and the filing of her Motion to Reassign, Plaintiff Bryant has made no movement on her case.

3. On July 7, 2010, Judge Gottschall granted Defendants until August 4, 2010 to file their motion for summary judgment.  Defendants filed their Motion for Summary Judgment in *Bryant* on July 23, 2010.  (Ex. 1.)

4. In order for a case to be reassigned, the moving party must demonstrate that reassignment is likely to result in a substantial saving of judicial time and effort, and that "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially."  Local R. 40.4(b).  Further, the cases must be "susceptible of disposition in a single proceeding."  *Id*.

5. This Court stated in its earlier Order denying Reassignment of Plaintiff Bryant's case that "because there are different legal issues and defenses, as well as different schedules for dispositive motions," consolidation will not result in substantial saving of judicial time and resources.  (Dkt. 47, p. 3.)

6. Reassigning Plaintiff Bryant's case would not result in substantial saving of judicial time and resources.  The current circumstances are similar to the circumstances when this Court found that reassigning *Bryant* would not substantially save judicial time and resources.  (Dkt. 47, p. 3.)  *Bryant* has a pending dispositive motion, Defendants' Motion for Summary Judgment, (Ex. 1.), and is at a substantially different stage of proceedings than *Zaborowski*.

7. Even Plaintiffs believe that reassignment of a case while there is a pending dispositive motion would result in substantial delays.  (Dkt. 39, ¶ 5(c).)

8. Plaintiff Bryant has stated that she has no desire to have her case disposed of in a single proceeding with *Zaborowski*.  Plaintiffs' counsel has stated that Bryant "do[es] not and will

not 'seek to join'" the then-pending class action in *Zaborowski*. (Dkt. 46, p. 13, n. 2.) As such, *Bryant* and *Zaborowski* are not susceptible of disposition in a single proceeding.

## CONLCUSION

WHEREFORE, Plaintiffs' Motion to Reassign *Bryant v. Sheriff* should be denied because reassignment would not result in substantial saving of judicial time and resources, and would result in the substantial delay of *Zaborowski*. Further, *Bryant* and *Zaborowski* are not susceptible to disposition in a single proceeding. For the reasons stated above, Defendants THOMAS J. DART, Sheriff of Cook County, and COOK COUNTY respectfully request that this Honorable Court deny Plaintiffs' Motion to Reassign *Bryant v. Sheriff*.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: /s/ Patrick S. Smith
Patrick S. Smith
Deputy Supervisor
Conflicts Counsel
69 W. Washington, Suite 2030
Chicago, IL 60602