IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Catherine Zaborowski and Simone Jackson, individually and on behalf of a class, | ) ) ) ) | |
| *Plaintiffs,* | ) | No. 08 CV 6946 |
| -vs- | ) ) | |
| Sheriff of Cook County and Cook County, Illinois, | ) ) ) | *(Judge St. Eve)* |
| *Defendants.* | ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure and 45 C.F.R. §164.512(e)(1), the Court finds good cause for the issuance of a protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to all pregnant women confined at the Cook County Department of Corrections on and after December 4, 2006 to the extent and subject to the conditions outlined herein.

2. For the purposes of this protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §160.103 and §164. 501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual or (c) the payment for care provided to an individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. §160.13) are hereby authorized to disclose protected health information of pregnant women confined at the Cook County Department of Corrections on and after December 4, 2006 to attorneys representing the plaintiff class and defendants in the above-captioned litigation.

4. The parties and their attorneys are hereby authorized to use and disclose the protected health information of pregnant women confined at the Cook County

Department of Corrections on and after December 4, 2006 for the prosecution or defense of this action, including any appeals. This includes, but is not limited to disclosure to experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Before disclosing protected health information of any pregnant woman confined at the Cook County Department of Corrections on and after December 4, 2006 to experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than the prosecution or defense of this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the protected health information do not use or disclose such information for any purpose other than the prosecution or defense of this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return the protected health information to the covered entity or destroy any and all copies of protected health information pertaining to current and former persons confined at the Cook County Department of Corrections, except counsel are not required to secure the return or destruction of protected health information submitted to the Court.

7. This Order does not control or limit the use of protected health information that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. §160.103.

8. Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal.

DATED: _____

                                                  Enter:

                                                  _____
                                                  *Amy J. St. Eve*
                                                  *United States District Judge*