**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CATHERINE ZABOROWSKI and** | ) | |
| **SIMONE JACKSON, individually and on** | ) | |
| **behalf of a class,** | ) | |
| | ) | **No. 08 C 6946** |
| **Plaintiffs,** | ) | |
| | ) | **Magistrate Judge Maria Valdez** |
| **v.** | ) | |
| | ) | |
| **SHERIFF OF COOK COUNTY and** | ) | |
| **COOK COUNTY, ILLINOIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Maria Valdez, Magistrate Judge.

Plaintiffs brought this lawsuit on behalf of themselves and a purported class pursuant to 28 U.S.C. § 1983, claiming constitutional violations in relation to the defendants' alleged policy of shackling pregnant prisoners during their labor. The matter was referred to this Court for a Report and Recommendation on Defendants' Motion for Attorney's Fees [Doc. No. 82]. For the reasons that follow, the Court recommends that Defendants' motion be granted.

**DISCUSSION**

The parties in this case were scheduled to appear at a settlement conference with this Court on May 11, 2010. Pursuant to the Court's standing order governing settlement conferences: "Parties with full and complete settlement authority are required to personally attend the conference unless the party has obtained prior approval from the Court by separate order." Plaintiffs did not move to excuse their appearance at the conference, but they did not personally appear. Counsel for both parties attended the conference, but no negotiation took place, and no settlement was reached.

Defendants now move for sanctions pursuant to Federal Rule of Civil Procedure 16(f), which provides that a court may impose sanctions if a party or her attorney fails to appear at, is unprepared to participate in, or does not participate in good faith in a pretrial settlement conference. *See* Fed. R. Civ. P. 16(f); *see also* Fed. R. Civ. P. 16(a)(5); Fed. R. Civ. P. 16(c)(1). Defendants argue that Plaintiffs' untimely demand letter and failure to personally appear at the settlement conference were in bad faith and wasted the time of Defendants' counsel.

While Plaintiffs' failure to submit its demand letter in a timely manner was inexcusable, the Court is reluctant to award sanctions on that basis alone. It is an unfortunate truth that some litigants fail to fully comply with the timing requirements set forth in the Court's standing order governing settlement conferences. The Court recommends against awarding monetary sanctions for a delay that was not obviously in bad faith or did not result in an undue hardship to the settlement process.

However, Plaintiffs did not merely delay in sending their demand letter. They also failed to comply with the requirement that they personally appear at the conference, nor did they move the Court to excuse their appearance. Plaintiffs' counsel contends that he did not believe that the named plaintiffs' appearance was required, as he intended to discuss class-wide settlement, rather than settlement of the individual claims. But he could have raised this issue in a motion which, whether or not granted, would have alerted Defendants to Plaintiffs' intention before they attended the settlement conference. Moreover, counsel's failure to file a motion makes it impossible for the Court to determine whether the named plaintiffs themselves were unwilling to negotiate a settlement of their individual claims. Plaintiffs' failure to appear or to obtain an order excusing their appearance wasted Defendants' and this Court's time and resources. The Court therefore recommends that Plaintiffs' counsel be sanctioned. The Court believes, however, that the amount of the sanction requested by Defendants ($1,575.50, representing a total of 8.5 hours of attorney

time at a rate of $185 per hour) is excessive.  The Court finds that an award of four hours of attorney time at the rate of $185 per hour is reasonable under the circumstances and recommends that Defendants be awarded a total of $740.00.

## CONCLUSION

For the reasons set forth above, the Court recommends that Defendants' Motion for Attorney's Fees [Doc. No. 82] be granted and that sanctions be awarded to Defendants in the amount of $740.00.  Counsel has fourteen days from the date of service of this Court's Report and Recommendation to file objections with the District Court.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Failure to object constitutes a waiver of the right to appeal.  *Lorentzen v. Anderson Pest Control,* 64 F.3d 327 (7th Cir. 1995).

**SO ORDERED.**

**ENTERED:**

**September 29, 2010**
**DATE:**  _____

_____

**HON. MARIA VALDEZ**
**United States Magistrate Judge**