IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Catherine Zaborowski and | ) | |
| Simone Jackson, individually and on | ) | |
| behalf of a class, et al. | ) | |
| | ) | |
|     *Plaintiffs,* | ) | |
| | ) | No. 08 CV 6946 |
|   *-vs-* | ) | |
| | ) | |
| Sheriff of Cook County and | ) | *(Judge St. Eve)* |
| Cook County, Illinois | ) | |
| | ) | |
|     *Defendants.* | ) | |

## PLAINTIFFS' OBJECTIONS TO PROPOSED
## FINDINGS AND RECOMMENDATIONS

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, plaintiffs submit the following as their written objections to the magistrate's proposed findings and recommendations of September 29, 2010. As explained below, plaintiffs, with the agreement of defendants, request that the Court return the motion for sanctions to the magistrate judge with instructions to vacate her report and recommendation.

1.      Counsel for the parties attended a settlement conference before the assigned Magistrate Judge on May 11, 2010.  Following the settlement conference, defense counsel filed a motion seeking attorneys' fees because the named plaintiffs had not attended the conference. The Court referred this motion to the assigned Magistrate Judge for report and recommendation.

2.     After the motion had been fully briefed, defendants assigned the case to different counsel who has a different view than his predecessor of the utility of pursuing a motion for sanctions while at the same time seeking to resolve a case that is now a class action. Defense counsel has authorized plaintiffs to represent his agreement that the motion for sanctions should be returned to the magistrate judge with instructions to vacate her report and recommendation.

3.     The Magistrate Judge filed her report on September 29, 2010, recommending that sanctions be awarded to defendants in the amount of $740.00.

4.     Rule 72(b)(3) requires the Court to "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Plaintiffs object to the factual finding that "no negotiation took place." (Report at 1.) Defendants revealed that negotiations had occurred when they disclosed their understanding of plaintiffs' class settlement demand in their memorandum in opposition to class certification, Document 80, at 12:

> At the aborted settlement conference with Magistrate Judge Valdez on May 11, 2010, (*See* Dkts. 69; 77; 78), Judge Valdez relayed Plaintiffs' settlement demand for the class to defense counsel. According to Judge Valdez, Plaintiffs sought about half as much money for each of the unnamed class members as they requested for each of the two named Plaintiffs.

5.     Plaintiffs object to the conclusion of law of the Magistrate Judge that the two original named plaintiffs could settle their individual claims while their renewed motion for class certification was pending before this Court. (Report at 2.) Rule 23(e) of the Federal Rules of Civil Procedure provides that

claims of a "certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The class, of course, had not been certified when counsel appeared for the settlement conference, but the Seventh Circuit held in *Glidden v. Chromallow American Corp.*, 808 F.2d 621 (7th Cir. 1986) that Rule 23(e) "presumptively applies to all complaints containing class allegations, unless the district court declines to certify the class." *Id.* at 626.  A contrary rule would allow plaintiffs to use a motion for class certification" as bait to attract a better offer, then cash in by withdrawing the class claim." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 951 (7th Cir. 2006).

6.     Plaintiffs also object to the imposition of one-sided sanctions. The standing order on settlement conferences of the Magistrate Judge requires the attendance of "parties." As explained at page 2 of the Magistrate Judge's standing order (attached as Exhibit 1):

> This means that if a party is an individual, the individual must personally attend; if a party is a corporation or governmental entity, a representative of that corporation or governmental entity (other than counsel of record) with full and complete settlement authority must personally attend.

7.     The defendants in this case are the Sheriff of Cook County and Cook County, Illinois. The Magistrate Judge's standing order requires the presence at the settlement conference of a representative of those governmental entities "*other than counsel of record.*"

8.     Defendants conceded in their reply memorandum (Document 99, attached as Exhibit 2) that they did not comply with the above quoted portion of the Magistrate Court's standing order (Exhibit 2 at 1-2):

> The undersigned attorney has appeared before this Court as both as both a Supervisor and Attorney of Record numerous times without facing any objections from either this Court or opposing counsel. The absence of the Sheriff Thomas Dart would not have hindered any settlement between the parties, as an Assistant State's Attorney at the Deputy Supervisor level, the undersigned attorney has full authority to settle these cases on behalf of Cook County and Sheriff Thomas Dart.

9.     It would be unjust to impose sanctions on plaintiffs' counsel for violating a rule that was disregarded by defense counsel: What's good for the goose should also be good for the gander.

10.     This case is set for a settlement conference before the assigned Magistrate Judge on November 16, 2010.  None of the named parties will have authority to settle the case: Defendants must submit any settlement for approval to the Cook County Board and, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, claims of a "certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."

For the reasons above stated, and to foster the climate for a productive settlement conference, plaintiffs, with the agreement of defendants, request that the Court return the motion for sanctions to the magistrate judge with instructions to vacate her report and recommendation.

Respectfully submitted,

/s/  Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200

Thomas G. Morrissey.
10249 S Western Ave
Chicago, Illinois 60643
(773) 233-7900
*Attorneys for Plaintiffs*

**Exhibit 1**



**MAGISTRATE JUDGE MARIA VALDEZ**
**219 South Dearborn Street**
**Courtroom 1300, Chambers 1318**
**Chicago, IL 60604**
**(312) 435-5690**

**INSTRUCTIONS FOR SETTLEMENT CONFERENCE**

The Court believes that the parties should fully explore and consider settlement and should do so at the earliest reasonable opportunity in the case. For those cases that can be resolved through settlement, early consideration of settlement can allow the parties to avoid unnecessary litigation. This will allow the parties to also avoid the substantial cost, expenditure of time, and distractions that are typically a part of the litigation process. Even for those cases that cannot be resolved through settlement, early consideration of settlement can allow the parties to better understand the factual and legal nature of their dispute. This often can result in focusing and streamlining the issues to be litigated, which again can save the parties considerable time and money.

Consideration of settlement is a serious matter; it therefore deserves and requires serious and thorough preparation prior to the settlement conference. Set forth below are the procedures that the Court will require the parties to follow in preparing for the settlement conference, and the procedures that the Court typically will employ in conducting the conference. Counsel are directed to provide a copy of this Standing Order to their clients, and to discuss these procedures with them.

- **Pre-settlement Conference Demand and Offer.** The Court has found that settlement conferences are more likely to be productive if, before the conference, the parties have had a written exchange of their settlement positions.

  Accordingly, **at least fourteen (14) calendar days** prior to the date of the settlement conference, plaintiff's counsel shall serve on defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that plaintiff asserts will allow it to establish liability; (b) a brief explanation of why damages or other relief would appropriately be granted at trial; (c) an itemization of the damages plaintiff believes can be proven at trial, and a brief summary of the evidence and legal principles supporting those damages; and (d) a settlement demand.

  **At least seven (7) calendar days** before the settlement conference, defendant's counsel shall serve on plaintiff's counsel a letter that sets forth at least the following information: (a) any points in plaintiff's letter with which the defendant *agrees*; (b) any points in plaintiff's letter with which defendant *disagrees*, with references to supporting evidence and legal principles;

and (c) a settlement offer.  The Court expects that each of these letters typically should be five pages or fewer.

•     Plaintiff's counsel shall deliver copies of these letters to chambers by **no later than four (4) business days** before the conference.  **DO NOT FILE COPIES OF THESE LETTERS IN THE CLERK'S OFFICE.**  The foregoing schedule is designed to ensure that the Court and the parties have enough time to prepare for the conference, and must be followed unless the Court issues an order in the case establishing a different schedule.

•     **ATTENDANCE OF PARTIES REQUIRED.  Parties with full and complete settlement authority are required to personally attend the conference unless the party has obtained prior approval from the Court by separate order.**  This means that if a party is an individual, that individual must personally attend; if a party is a corporation or governmental entity, a representative of that corporation or governmental entity (other than counsel of record) with full and complete settlement authority must personally attend.  If a party obtains Court approval not to attend the conference in person, the party or principal must nevertheless be immediately available by telephone throughout the scheduled time of the settlement conference.

"Full and complete settlement authority" means the authority to negotiate and agree to a binding settlement agreement at any level up to the settlement demand of the plaintiff.  If a party requires approval by an insurer to settle, then a representative of the insurer with full and complete settlement authority should attend or be immediately available by telephone.

The Court sets aside a significant block of time for each settlement conference.  The Court strongly believes that the personal presence of the parties, and their direct participation in the discussions and "give and take" that occur, will materially increase the chances of settlement.  ***Thus, absent a showing of unusual and extenuating circumstances, the Court will not permit a client to merely be available by telephone as an alternative to personal presence at the conference.***  The Court requires that parties attending the conference read the settlement letters exchanged between the parties before coming to the conference.

•     **CONFERENCE FORMAT.**  The Court generally will follow a mediation format:   that is, each side will have an opportunity to make a presentation to the other side, which will be followed by joint discussion with the Court and private meetings by the Court with each side.  The Court expects both the lawyers and the party representatives to be fully prepared to participate in the discussions and meetings.  In these discussions, the Court encourages all parties to be willing to reassess their previous positions, and to be willing to explore creative means for resolving the dispute.

•     **STATEMENTS INADMISSIBLE.**  Any statements made by any party during the settlement conference will not be admissible at trial.  The Court expects the parties to address each other with courtesy and respect, but at the same time strongly encourages the parties to speak frankly and openly about their views of the case.

**ANY PARTY WHO WISHES TO VARY ANY OF THE PROCEDURES SET FORTH IN THIS STANDING ORDER MUST MAKE AN APPROPRIATE REQUEST TO THE COURT PRIOR TO THE EXCHANGE OF SETTLEMENT LETTERS DESCRIBED ABOVE.**

**ENTER:**

**MARIA VALDEZ**
**United States Magistrate Judge**

June 21, 2007

**Exhibit 2**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE ZABOROWSKI and | ) | |
| SIMONE JACKSON, individually and on | ) | |
| behalf of a class, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 6946 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Amy St. Eve |
| SHERIFF OF COOK COUNTY and | ) | |
| COOK COUNTY, ILLINOIS | ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' MOTION IN OPPOSITION
TO MOTION FOR ATTORNEY'S FEES**

NOW COME Defendants, THOMAS DART, Sheriff of Cook County, and COOK

COUNTY, ILLINOIS, through their attorney ANITA ALVAREZ, State's Attorney of Cook

County, through her assistant, Assistant State's Attorney PATRICK SMITH and state in further

support of their Motion as follows:

**ARGUMENT**

I.      **Granting Defendants' Motion for Attorney's Fees is just.**

Plaintiffs' claim that granting Defendants' Motion for Attorney's Fees would be unjust is

erroneous, as Defendants did not violate this Court's Order.  Plaintiffs assert that this Court's

standing order required that a representative "other than the counsel of record" be present at the

settlement conference.  (Dkt. 98 at 2.)  Defendants do not refute the truth of this statement.  The

Order further states that a party may be personally absent if the party has "obtained <u>prior

approval from the Court</u>."  Magistrate Judge Maria Valdez, *Instructions for Settlement

Conference*, at 2 (accessed July 8, 2010).  (emphasis in original).  The undersigned attorney has

appeared before this Court as both as both a Supervisor and Attorney of Record numerous times without facing any objections from either this Court or opposing counsel. The absence of the Sheriff Thomas Dart would not have hindered any settlement between the parties, as an Assistant State's Attorney at the Deputy Supervisor level, the undersigned attorney has full authority to settle these cases on behalf of Cook County and Sheriff Thomas Dart. Further, while Plaintiffs allege that granting Defendants' Motion for Attorney's Fees would be unjust, they fail to state *why* granting Defendants' Motion would be unjust[1]. As such, Plaintiffs' assertion that Defendants disregarded the Court's order is without merit, and as such, granting Defendants' Motion for Attorney's Fees would not be unjust.

## II. This Court's Order requiring that Plaintiffs attend is not ambiguous.

This Court's Order is unambiguous as to the requirement that parties must attend unless prior approval is obtained from the Court. *Id.* Plaintiffs' assertion that the Court Order is ambiguous is without merit. (Dkt. 98 at 3.) Plaintiffs bring this action "individually and on behalf of a class." (Pl. Am. Complaint Dkt. 13.) The Order *clearly* states that individuals must attend the conference unless they have obtained prior approval from the Court. *Instructions for Settlement Conference*, at 2. If Plaintiffs were confused as to the attendance requirement, they should have obtained prior approval as indicated by this Court's Order, instead of wasting everyone's valuable time and resources. Plaintiffs did not seek prior approval from the Court to be absent from the settlement conference. By their absence at the settlement conference, Plaintiffs violated this Court's order, and wasted the resources of this Court, the taxpayers, and Defendants.

---

[1] Plaintiffs stated in open court that they intended to file a motion for Rule 11 sanctions to justify why they needed a full 28 days to respond to Defendants' Motion for Attorney's Fees. Defendants have not received any document to follow up on this threat. Plaintiffs' careless use of Rule 11 as a means to obtain more time to respond is a highly inappropriate use of the 'safe harbor' requirement of Rule 11.

### III.    Court's Order relating to the pre-conference letter.

As described in Defendants' Motion for Attorney's Fees, Plaintiffs did not serve Defendants with the letter required by the Court's Order until *after* Defendants had already served Plaintiffs with their responsive letter.  (Dkt. 82 at 2.)

Further, Plaintiffs' letter did not include *any* of the information required by the Order. *Instructions for Settlement Conference* at 1.  Plaintiffs do not address the failure to submit the required letter in their Motion in Opposition.  (Dkt. 98.)  Federal Rule of Civil Procedure 16(f) empowers this Court to impose sanctions if a party fails to obey a court order relating to the conference.  Because Plaintiffs violated this explicit order, Defendants' Motion for Attorney's Fees should be granted.

### CONLCUSION

WHEREFORE, based on the reasons above, and the reasons set forth in Defendants' Motion for Attorney's Fees, Defendants pray this Court sanction Plaintiffs and Plaintiffs' counsel pursuant to Federal Rule of Civil Procedure 16(f) and this Court's inherent power of contempt.  Defendants further pray for an order requiring Plaintiffs and Plaintiffs' counsel to pay Defendants' attorney's fees, which total $1,572.50 (one thousand five hundred seventy-two dollars and fifty cents), and any other appropriate remedy, for willfully wasting the time of Defendants' counsel and Magistrate Judge Valdez, and for the time necessary to compile this motion.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: <u>/s/ Patrick S. Smith</u>
      Patrick S. Smith
      Deputy Supervisor
      Conflicts Counsel
      69 W. Washington,
      Chicago, Illinois 60602
      (312) 603-1422

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Michael Gallagher, ASA, 500 Daley Center, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  none.

/s/ Kenneth N. Flaxman

_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)