# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6946 | **DATE** | 10/12/2010 |
| **CASE TITLE** | Zaborowski vs. Sheriff of Cook County | | |

**DOCKET ENTRY TEXT**

The Court adopts Judge Valdez's Report and Recommendation [133] granting Defendants' motion for sanctions [82]. Plaintiffs must pay Defendants $740.00 in attorney's fees by no later than November 9, 2010.

■ [ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

    Before the Court is Magistrate Judge Valdez's Report and Recommendation addressing Defendants' Motion for Attorney's Fees. Judge Valdez recommended that Defendants' motion should be granted and awarded Defendants $740.00. Plaintiffs object to Judge Valdez's September 29, 2010 Report and Recommendation as provided by Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court adopts Judge Valdez's Report and Recommendation in its entirety. Plaintiffs must pay Defendants $740.00 in attorney's fees by no later than November 9, 2010.

### STANDARD OF REVIEW

    "When a magistrate judge prepares a report and recommendation for a district court, the governing statute provides that the district court 'shall make a *de novo* determination' with respect to any contested matter." *Kanter v. C.I.R,* 590 F.3d 410, 416 (7th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)(C)). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 760 (7th Cir. 2009). Motions for sanctions and attorney's fees are considered dispositive matters under the Federal Magistrates Act. *See Mintel Int'l Group, Ltd. v. Neergheen,* 636 F.Supp.2d 677, 690-91 (N.D. Ill. 2009).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

On January 28, 2009, Plaintiffs Catherine Zaborowski and Simone Jackson, on behalf of a class, filed an Amended Complaint alleging that Defendant Sheriff of Cook County has an unconstitutional policy pertaining to pregnant women in custody. See 42 U.S.C. § 1983. On December 9, 2009, the Court denied Plaintiffs' Motion for Class Certification and on March 23, 2010, the United States Court of Appeals for the Seventh Circuit denied Plaintiffs' Federal Rule of Civil Procedure 23(f) petition for permission to appeal the Court's December 9, 2009 class certification order. Thereafter, Plaintiffs filed an Amended Motion for Class Certification. On June 22, 2010, the Court granted Plaintiffs' Amended Motion for Class Certification.

Meanwhile, on May 11, 2010, the parties were scheduled to appear before Magistrate Maria Valdez for a settlement conference. Pursuant to Judge Valdez's standing order, the individual parties were required to attend the settlement conference unless the party sought permission from Judge Valdez. The named Plaintiffs were not present for the settlement conference nor did Plaintiffs' counsel seek permission for Plaintiffs to be absent from the settlement conference. Judge Valdez thus terminated the conference. Thereafter, on June 3, 2010, Defendants' moved for attorney's fees as a sanction for counsels' failure to follow Judge Valdez's standing order pursuant to Federal Rule of Civil Procedure 16. Judge Valdez granted Defendants' motion on September 29, 2010.

## ANALYSIS

In their motion for sanctions, Defendants argued that Plaintiffs' untimely demand letter and failure to personally appear at the settlement conference were in violation of Judge Valdez's standing order and done in bad faith. In making the determination to grant Defendants' motion, Judge Valdez stated the following:

> While Plaintiffs' failure to submit its demand letter in a timely manner was inexcusable, the Court is reluctant to award sanctions on that basis alone. It is an unfortunate truth that some litigants fail to fully comply with the timing requirements set forth in the Court's standing order governing settlement conferences. The Court recommends against awarding monetary sanctions for a delay that was not obviously in bad faith or did not result in an undue hardship to the settlement process.
>
> However, Plaintiffs did not merely delay in sending their demand letter. They also failed to comply with the requirement that they personally appear at the conference, nor did they move the Court to excuse their appearance. Plaintiffs' counsel contends that he did not believe that the named plaintiffs' appearance was required, as he intended to discuss class-wide settlement, rather than settlement of the individual claims. But he could have raised this issue in a motion which, whether or not granted, would have alerted Defendants to Plaintiffs' intention before they attended the settlement conference. Moreover, counsel's failure to file a motion makes it impossible for the Court to determine whether the named plaintiffs themselves were unwilling to negotiate a settlement of their individual claims. Plaintiffs' failure to appear or to obtain an order excusing their appearance wasted Defendants' and this Court's time and resources. The Court therefore recommends that Plaintiffs' counsel be sanctioned. The Court believes, however, that the amount of the sanction requested by Defendants ($1,575.50, representing a total of 8.5 hours of attorney time at a rate of $185 per hour) is excessive. The Court finds that an award of four hours of attorney time at the rate of $185 per hour is reasonable under the circumstances and recommends that Defendants be awarded a total of $740.00.

(R. 133-1, 9/29/10 R&R, at 2-3.)

Plaintiffs argue that because the Magistrate Judge's standing order does not specifically address the situation when a plaintiff is suing on behalf of a class, that the Magistrate Judge's Report and Recommendation is somehow flawed. More specifically, Plaintiffs object "to the conclusion of law of the Magistrate Judge that the two original named plaintiffs could settle their claims while their renewed motion for class certification was pending before this Court." Judge Valdez's order, however, makes no such "legal conclusion." Instead, the order explains that Plaintiffs counsel could have raised this issue prior to settlement.

Next, Plaintiffs take umbrage with the fact that Sheriff Thomas Dart was not present at the settlement conference and that "[w]hat's good for the goose should also be good for the gander." The absence of Sheriff Dart, however, was not at issue in Defendants' motion for sanctions and Plaintiffs did not bring a corresponding motion for sanctions in a timely fashion.

Because Plaintiffs' objections are without merit, the Court adopts Judge Valdez's Report and Recommendation in its entirety.