UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Catherine Zaborowski and Simone Jackson, individually and on behalf of a class, Nicole Blair, Lisa Brown, Danielle Bryant, Isabel Carmona, Marianne Cruz, Cora Fletcher, Denae Johnson, Deborah Lee, Felicia Ligon, Angela Oss, Sheena Richardson, Bennetta Sidney, Monique Starnes, and Latania Walton | ) ) ) ) ) ) ) ) | 08 CV 6946 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Honorable Judge St. Eve |
| THOMAS J. DART, SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT THOMAS DART, SHERIFF OF COOK COUNTY'S, MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

NOW COMES the Defendant, THOMAS DART, Sheriff of Cook County, individually, by and through his attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Michael L. Gallagher, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss Plaintiffs' Second Amended Complaint for the failure to state a claim upon which relief may be granted against Sheriff Dart in his individual capacity. In support thereof, the Defendant states as follows:

**Introduction**

Plaintiffs[1] bring this action under the Civil Rights Act, Title 42 Section 1983 of the United States Code against Cook County Sheriff Thomas Dart in his individual capacity.

---

[1] Catherine Zaborowski, Simone Jackson, Nicole Blair, Lisa Brown, Danielle Bryant, Isabel Carmona, Marianne Cruz, Cora Fletcher, Denae Johnson, Deborah Lee, Felicia Ligon, Angela Oss, Sheena Richardson, Bennetta Sidney, Monique Starnes, and Latania Walton.

(Second Amended Complaint p.1-2). In particular, Plaintiffs allege that Sheriff Dart personally "adopted and implemented" an official policy of restraining female pre-trial detainees at the Cook County Department of Corrections (CCDOC) "before, during, and immediately after labor and delivery" in violation of the Fourth and Fourteenth Amendments of the Constitution. *Id.* at 1, 6).

However, Plaintiffs' claims against Sheriff Dart are exactly the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that should be dismissed pursuant to FRCP 12(b)(6). *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *see Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Plaintiffs' assertions are especially baseless where the parties have engaged in extensive discovery regarding Sheriff Dart's alleged involvement in the "adopti[on] and implement[ation]" of the above policy. This discovery has included four (4) FRCP 30(b)(6) depositions of CCDOC supervising personnel and sworn interrogatories answered by Sheriff Dart himself, all of which establish that Sheriff Dart *did not* have personal involvement in the adoption or implementation of these alleged policies. Therefore, Plaintiffs have failed to state a cause of action against Sheriff Dart in his individual capacity and Plaintiffs' Second Amended Complaint should be dismissed with prejudice.

## Standard of Review

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."*Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-plead factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the

Plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, while a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon*, 467 U.S. at 73. Furthermore, it should be noted that "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

### Plaintiffs Fail to Allege A Cause of Action Against Defendant Thomas Dart in his Individual Capacity

To hold a defendant individually liable for damages due to alleged constitutional deprivations, substantive allegations of personal involvement on the part of the defendant must be stated. *Potter v. Clark,* 497 F.2d 1206 (7th Cir. 1974). The Seventh Circuit reaffirmed that "an *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993); *citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)(emphasis in original). A Plaintiff must demonstrate that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or his failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). A defendant cannot be held liable by virtue of his employment or supervision of individuals who are alleged to have engaged in unconstitutional conduct. *Rizzo v. Goode,* 423 U.S. 362, 377 (1976).

Because the doctrine of *respondeat superior* does not apply in § 1983 actions, it is not enough for plaintiff to allege wrongdoing on the part of defendant's subordinates. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Vicarious liability is insufficient to hold the employer or supervisor responsible merely because of his position. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978). "An official satisfies the personal

3

responsibility requirement of Section 1983 [only] if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. *Id*. "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Id*. at 561.

In 2007, the Supreme Court retooled its interpretation of the pleading standards in the context of a motion to dismiss. *See Twombly*, 550 U.S. 553-554, 558-559. In *Twombly*, the Court stated that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 553-556 (brackets omitted). The Court found that the plaintiffs' assertion of an unlawful violation of Section 1 of the Sherman Act was a "legal conclusion." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The Court further found that plaintiff's nonconclusory "factual allegation of parallel behavior … did not plausibly suggest an illicit accord because it was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed free-marked behavior." *Id. citing Twombly,* 550 U.S. at 567.

The Court went on to find that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id. at* 1965. In so holding, *Twombly* retired the oft-quoted statement from *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that a complaint survives a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly,* 550 U.S. at 560-561; *quoting Conley*, 355 U.S. at 45-46; *see Iqbal,* 129 S. Ct. at 1944.

More recently in *Iqbal*, the Supreme Court explained the FRCP 8 pleading requirements in the context of *Biven* and Section 1983 claims against government officials in their individual

and official capacities. *Iqbal*, 129 S. Ct. 1940. In particular, Iqbal alleged that defendants Attorney General Ashcroft and Federal Bureau of Investigations (FBI) Director Mueller "agreed to subject him to harsh conditions as a matter of policy, solely on account of discriminatory factors" and that "Ashcroft was that policy's 'principal architect'; and that Mueller was "instrumental' in its adoption and execution." *Id.* at 1939. However, the Court found that these claims were "conclusory and not entitled to be assumed true." *Id.* at 1940. The *Iqbal* opinion further explained that while a court "must accept the factual allegations in the pleadings as true" and must liberally construe the claims in the light most favorable to the plaintiff, the courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 561, *Iqbal,* 129 S. Ct. at 1949-1950.

The *Iqba* Court based this holding on two "working principles" underlying the Court's decision in *Twombly*. *Id.* at 1949. First, a court's requirement to accept true all of the allegations contained in a complaint is inapplicable to legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, only a complaint that states a "plausible claim" can survive a motion to dismiss. *Id.* at 1949-1950. Specifically, the Court stated:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." [internal citations omitted]. *Id. citing Fed. Rule. Civ. Proc. 8(a)(2).*

*See also Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009)(The Seventh Circuit held that plaintiff's allegation below "fail[ed] under *Iqbal['s]"* pleading requirement "because it is merely a formulaic recitation of the cause of action and nothing more."

5

> "Plaintiff is informed, believes and alleges that the Defendants while acting in concert with other State of Illinois officials and employees of the Attorney General's Office, Department of Corrections and Prisoner Review Board did knowingly, intentionally and maliciously prosecute Plaintiff and Ronald Matrisciano in retaliation for Plaintiff and the said Ronald Matrisciano exercising rights and privileges under the Constitutions and laws of the United States and State of Illinois".

*see also Walton v. Walker Jr. et. al.*, 364 Fed. Appx. 256, 258; 2010 U.S. App. LEXIS 2338 *4 (7th Cir. February 3, 2010)(Plaintiff's 82 page complaint-and the 184 pages of exhibits that accompany it-"contain nothing more than unsupported allegations that a wide variety of state and local officials over many months conspired to violate his rights." Plaintiff's complaint only makes "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' and these are just the sort of 'naked assertions' that the Supreme Court has counseled are not sufficient to avoid dismissal." *Iqbal,* 129 S. Ct. at 1949*; see Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).

In the present case, Plaintiffs fail to allege sufficient facts to support the conclusion that Sheriff Dart personally "adopted and implemented" a policy of restraining female detainees "before, during, and immediately after labor and delivery" in violation of their constitutional rights. (Second Amended Complaint p.4). Instead, Plaintiffs' allegations are exactly the type of "threadbare recitals of the elements" that are insufficient to state a claim against Defendant in his individual capacity. *Iqbal,* 129 S. Ct. at 1949-1950. Instead of providing factual support for their claims, Plaintiffs provide "conclusory statements" regarding Sheriff Dart's participation in the adoption and implementation of the CCDOC's alleged policy of restraining detainees during labor and delivery. (Second Amended Complaint 7-8, 11-12)

Plaintiffs have also been involved in extensive discovery regarding Sheriff Dart's alleged *involvement* in the adoption and implementation of the CCDOC's "shackling" policy. In fact, Plaintiffs have deposed four supervising personnel from the CCDOC. These four depositions

6

have consisted of 352 pages of testimony regarding the Sheriff's policy, practice or custom regarding restraining pregnant detainees, and more importantly, Sheriff's Dart personal involvement in the creation and implementation of these policies, practices, or customs. In each and every one of these depositions, the witnesses have testified that Sheriff Dart was not involved in the creation, implementation, or supervision of the CCDOC's policy regarding restraining female detainees during labor or delivery.

Moreover, Plaintiffs received Sheriff Dart's sworn answers to their interrogatories in the matter of *Deborah Lee v. Thomas J. Dart et. al.,* 09 CV 7789. Those interrogatories and answers provided in part:

> Interrogatory 2: State whether Defendant Dart had personal knowledge of the written policies, procedures, and/or practices relating to guarding or providing security for detainees while they are patients at a hospital, including but not limited to the practice or policy of restraining and/or shackling detainees to hospital beds during the period from December 1, 2004 through December of 2009.
>
> Answer: … Sheriff Dart is aware that detainees are guarded and require security upon being transported to and while at hospitals outside of the Cook County Department of Corrections. However, Sheriff Dart is unaware of the specific procedures and means by which officers ensure detainees are transported and secured. Finally, although Sheriff Dart did not personally participate in the specific contents, creation, or implementation of such documents, the Cook County Department of Corrections relies on… Sheriff Dart is aware that security of detainees at a hospital, in general, consists of general requirements that such security prevent escape of detainees, maintain the safety to the community and individuals at said hospital, and that security is provided in accordance with any applicable laws. Moreover, Sheriff Dart was aware that any security should act, in managing security concerns, in accordance with any appropriate physicians' orders and each detainee's medical needs.

Therefore, Plaintiffs conclusory pleadings are precisely those prohibited by *Iqbal*, and their claims against Sheriff Dart in his individual capacity should be dismissed.

**CONCLUSION**

WHEREFORE, for the above stated reasons, Defendant Sheriff Thomas Dart is entitled to dismissal as a matter of law under F.R.C.P. 12(b)(6), and respectfully request that the Honorable Court dismiss with prejudice, Plaintiffs' Second Amended Complaint and all claims therein against Defendant Sheriff Thomas Dart in his individual capacity.

    Respectfully Submitted,

    ANITA ALVAREZ
    State's Attorney of Cook County

    /s/ Michael L. Gallagher
    Michael L. Gallagher
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, Il 60602
    (312) 603-3124