# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6946 | **DATE** | 12/29/2010 |
| **CASE TITLE** | Zaborowski et al vs. Sheriff of Cook County et al | | |

**DOCKET ENTRY TEXT**

The Court denies Defendant Dart's motion to dismiss [140].

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

On September 21, 2010, Plaintiffs filed a Second Amended Complaint alleging that Defendants Thomas J. Dart, the Sheriff of Cook County, Illinois and Cook County, Illinois violated their constitutional rights based on Defendants' policy of shackling female pre-trial detainees at the Cook County Department of Corrections ("CCDOC") before, during, and immediately after they give birth. *See* 42 U.S.C. § 1983. Plaintiffs are suing Sheriff Dart in both his official and individual capacities. Before the Court is Defendant Dart's motion to dismiss the claims brought against him in his individual capacity. For the following reasons, the Court denies Defendant Dart's motion.

## BACKGROUND

In their Second Amended Complaint, Plaintiffs allege that Sheriff "Dart has at all times been personally involved in the formulation and implementation of policies at the Cook County Jail." (R. 131, Second Am. Compl. ¶ 5.) Plaintiffs further allege that Sheriff Dart has permitted the continuation of the official shackling policy that requires correctional officers to shackle pregnant woman in the custody of the Sheriff of Cook County before, during, and immediately after labor and delivery. (*Id*. ¶ 6.) Moreover, Plaintiffs allege that Sheriff Dart's "shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation." (*Id*. ¶ 7.) Plaintiffs also state that Sheriff Dart enforced the shackling policy in willful and wanton disregard of the laws of the State of Illinois, specifically, 55 ILCS 5/3-15003.6. (*Id*. ¶ 8.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

In addition, Plaintiffs maintain that at some time after December 1, 2007, Sheriff Dart learned that the widespread practice at the Cook County Jail was that pregnant female detainees would be: (1) shackled while being transported to a hospital for labor and delivery; (2) shackled during labor and delivery; and/or (3) shackled during recovery after labor. (*Id.* ¶ 10.) Plaintiffs further allege that notwithstanding his actual knowledge of this unlawful and unconstitutional policy, Sheriff Dart waited more than one year to take remedial action concerning the shackling policy. (*Id.* ¶¶ 12, 13.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Seventh Circuit explains, this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007); *McGowan v. Hulick,* 612 F.3d 636, 638 (7th Cir. 2010) (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor).

## ANALYSIS

In his motion to dismiss, Sheriff Dart maintains that Plaintiffs' allegations concerning his personal involvement are conclusory and baseless, and thus the Court should dismiss this claim. To clarify, to recover damages under Section 1983, a plaintiff must establish that the individual defendant was personally responsible for the constitutional violation. *See Minix v. Canarecci,* 597 F.3d 824, 834 (7th Cir. 2010); *Knight v. Wiseman,* 590 F.3d 458, 462-63 (7th Cir. 2009). Specifically, a "plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson,* 538 F.3d 763, 776 (7th Cir. 2008) (citation omitted). Meanwhile, "a supervisor is not liable for the acts of her subordinates under § 1983 unless she was aware of and approved her employees' conduct." *Sides v. City of Champaign,* 496 F.3d 820, 827 (7th Cir. 2007); *see also Minix,* 597 F.3d at 834 (supervisor must have condoned or acquiesced in subordinate's unconstitutional treatment).

First, viewing the allegations and all reasonable inferences in Plaintiffs' favor, they have alleged sufficient facts to state a claim to relief that is plausible on its face, thus giving Sheriff Dart fair notice of their claims and the grounds upon which they rest. *See Twombly,* 550 U.S. at 555, 570. More specifically, Plaintiffs have alleged that Sheriff Dart was personally involved in the formulation and implementation of policies at the Cook County Jail and that he permitted the continuation of the shackling policy. In addition, Plaintiffs maintain that at some time after December 1, 2007, Sheriff Dart learned of the shackling policy at the Cook County Jail, yet despite his actual knowledge of the policy, he waited more than a year to take remedial action. In sum, these allegations sufficiently allege that Sheriff Dart personally participated in or was involved in the implementation or administration of the shackling policy. *See Grieveson,* 538 F.3d at 776.

Second, Sheriff Dart also argues that based on discovery in this matter, including four Federal Rule of Civil Procedure 30(b)(6) depositions and sworn interrogatories, Plaintiffs have failed to state a claim upon which relief can be granted because Sheriff Dart has refuted the allegation that he was personally involved in the shackling policy. At this juncture, however, Defendant's argument is without merit because "a Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing." *Miller v. Herman,* 600 F.3d 726, 733 (7th Cir. 2010) (citing Fed.R.Civ.P. 10(c)). "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *E.E.O.C. v. Concentra Health Serv., Inc.,* 496 F.3d 773, 778 (7th Cir. 2007) (citation omitted).

Here, Defendant has failed to attach the Rule 30(b)(6) depositions to his motion to dismiss, although he reproduces one interrogatory answer in his brief. The Court, however, cannot consider the interrogatory answer as part of the pleadings because Plaintiffs make no reference to Defendant's interrogatory answers in their Second Amended Complaint. *See Concentra Health,* 496 F.3d at 778. Moreover, the Court will not convert this Rule 12(b)(6) motion into a motion for summary judgment based on one interrogatory answer that is factually disputed. *See Hecker v. Deere & Co.,* 556 F.3d 575, 583 (7th Cir. 2009) (district court has discretion when deciding whether to convert a defendant's motion to dismiss to a motion for summary judgment); *McCready v. eBay, Inc.,* 453 F.3d 882, 891-92 (7th Cir. 2006) (attached documents cannot contain facts in dispute). Instead, Defendant Dart's personal involvement argument is best left for summary judgment when the parties can fully brief this issue and present evidence pursuant to Northern District of Illinois Local Rule 56.1. Accordingly, the Court denies Defendant's motion to dismiss.