# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6946 | **DATE** | 1/26/2011 |
| **CASE TITLE** | Zaborowski vs. Sheriff of Cook County | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Plaintiff's motion to compel [158].

■ [ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

On September 21, 2010, Plaintiffs filed a Second Amended Complaint alleging that Defendants Thomas J. Dart, the Sheriff of Cook County, Illinois and Cook County, Illinois violated their constitutional rights based on Defendants' policy of shackling female pre-trial detainees at the Cook County Department of Corrections before, during, and immediately after they give birth. *See* 42 U.S.C. § 1983. Plaintiffs are suing Sheriff Dart in both his official and individual capacities. Before the Court is Plaintiffs' Federal Rule of Civil Procedure 37(a)(3) motion to compel Defendant Dart to provide responsive answers to Plaintiffs' Second Set of Interrogatories. For the following reasons, the Court, in its discretion, grants in part and denies in part Plaintiffs' motion. Defendant is to serve complete responses to Plaintiffs' interrogatories 2, 4, 6, 8, 10, 13, and 15 by no later than February 4, 2011.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

The federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009); *see also Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006) ("the scope of discovery should be broad in order to aid in the search for truth"). Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish,* 235 F.R.D. at 450. In the context of motions to compel, the Seventh Circuit instructs that a "district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.,* 95 F.3d 492, 496 (7th Cir. 1996). As with all discovery matters, district courts have broad discretion in determining motions to compel. *See Peals v. Terre Haute Police Dept.,* 535 F.2d 621, 629 (7th Cir. 2008); *Reynolds v. Jamison,* 488 F.3d 756, 761 (7th Cir. 2007).

## ANALYSIS

Plaintiffs maintain that their Second Set of Interrogatories contain contention interrogatories. A contention interrogatory allows a plaintiff to learn the factual bases of the opposing party's defense, *see Pratt v. Tarr,* 464 F.3d 730, 733 (7th Cir. 2006), and is not objectionable if it asks for an opinion that relates to a fact or the application of a law to fact. *See* Fed.R.Civ.P. 33(a)(2). Rule 33, however, does not allow interrogatories that ask for pure legal conclusions. *See Nautilus Ins. Co. v. Raatz,* No. 08 C 6182, 2011 WL 98843, at *5 (N.D. Ill. Jan. 12, 2011); 8B Fed. Prac. & Proc. Civ. § 2167 (Rule 33 "does not authorize interrogatories calling for legal conclusions").

Here, Plaintiffs argue that interrogatories 1, 3, 5, 7, 9, and 14 should have been answered with a simple yes or no and that interrogatories 2, 4, 6, 8, 10 and 15 pertain to the Sheriff's reasoning for its yes or no answers. Indeed, interrogatories 2, 4, 6, 8, 10 and 15 merely restate the questions in interrogatories 1, 3, 5, 7, 9, and 14. For example, Plaintiffs' Interrogatory No. 2 states: "Unless your answer to the preceding interrogatory is an unqualified "no," state with reasonable specificity the manner in which restraining by leg restraints and/or handcuff[s] a pregnant female detainee in the custody of the Sheriff of Cook County, who is being transported to a hospital for the purpose of delivering her child, is related to any security interest?" In response, Defendant answered:

> Defendant Thomas Dart objects to interrogatory 2 as vague, overly broad, ambiguous, and burdensome. Moreover, Sheriff Dart objects to interrogatory 2 for failing to provide any foundation for the question. Subject to and not waiving these objections, Sheriff Dart is aware that detainees are guarded and require security upon being transported to and while at hospitals outside of the Cook County Department of Corrections. However, Sheriff Dart is unaware of the specific procedures and means by which officers ensure detainees are transported and secured. Finally, although Sheriff Dart did not personally participate in the specific contents, creation or implementation of such documents, the Cook County Department of Corrections relies on the substance of External Operations, written policy No. EO-32 (2006) and written policy No. 32 (2008), as well as general orders, including General Order 12.2 and General Order 9.24 in order to guard and provided security for detainees while they are patients at a hospital.

> Sheriff Dart is aware that security of detainees at a hospital, in general, consists of general requirements that such security prevent escape of detainees, maintain the safety to the community

and individuals at said hospital. Moreover, Sheriff Dart was aware that any security should act, in managing security concerns, in accordance with any appropriate physicians' orders and each detainee's medical needs.

(R. 158, Ex. 1, Ans. to Second Set Interrog., at 2-3.) Sheriff Dart gives the exact same answer to Plaintiffs' interrogatories 2, 4, 6, 8, 10 and 15, and as Plaintiffs contend, these repeated responses to do not specifically answer Plaintiffs' detailed questions. Therefore, the Court grants Plaintiffs' motion to compel complete and responsive answers to Plaintiffs' interrogatories 2, 4, 6, 8, 10 and 15.

Next, Plaintiffs argue that the Sheriff's responses to interrogatories 11 and 12 are improper because there is nothing in the Federal Rules of Civil Procedure that permits a party to object and then answer the interrogatory without waiving the objections. Although the civil procedural rules do not specifically state that such answers are allowed, responding to interrogatories in this manner is common practice in the Northern District of Illinois, and thus Plaintiffs' argument is without merit. *See, e.g., Kronenberg v. Baker & McKenzie LLP*, No. 09 C 4137, 2010 WL 4055947, at *4 (N.D. Ill. Oct. 18, 2010).

Finally, Plaintiffs contend that the Sheriff's response to interrogatory number 13 is non-responsive. The Court agrees. Interrogatory number 13 states: "With respect to your statement in the Chicago Tribune on June 25, 2009 that 'many female inmates have successfully escaped custody while receiving medical treatment (including child birth) at hospitals outside of Cook County Jail,' state the name and date of escape of each such female inmate." Defendant responds as follows:

> Defendant Dart objects to interrogatory 13 as vague, overly broad, ambiguous, in excess of the amount of interrogatories allowed under F.R.C.P. 33(a) and irrelevant to any claims or defendants and/or is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and not waiving these objections, Sheriff Dart states that the Sheriff's Office press office handles all media responses.

(R. 158, Ex. 1, Ans. to Second Set Interrog., at 11.)

At this juncture, the Court, in its discretion, will not penalize Plaintiffs for filing three interrogatories over the 25 interrogatory limit pursuant to Rule 33(a). That being said, Plaintiffs may not file any additional interrogatories in this matter. Meanwhile, the Sheriff's answer that the press office handles media responses is non-responsive. It is hard to imagine that the Sheriff's Office does not control its own press office and that the Sheriff is unable to fully answer this interrogatory. The Court therefore grants Plaintiffs' motion to compel in this regard.