IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Catherine Zaborowski and | ) | |
| Simone Jackson, individually and on | ) | |
| behalf of a class, et al. | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | No. 08 CV 6946 |
| *-vs-* | ) | |
| | ) | |
| Sheriff of Cook County and | ) | *(Judge St. Eve)* |
| Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFFS' RENEWED MOTION TO BAR EVIDENCE OF "SECURITY INTEREST" IN RESTRAINING PREGNANT DETAINEES WHO ARE IN LABOR

Pursuant to Rule 37(b)(2), plaintiffs, by counsel, move the Court to prohibit defendants from introducing evidence of any security interest in restraining by leg restraints and/or handcuff a detainee in labor in the custody of the Sheriff of Cook County:

    a.    Who is being transported to a hospital for the purpose of delivering her child, or

    b.    Who has been admitted to a hospital for the purpose of delivering her child.

Grounds for these requests are as follows:

1.    In its order of March 16, 2011, the Court directed defendants to respond to Plaintiffs' interrogatories 2, 6, and 10 "by giving direct answers

as to the factual basis of any security interest of restraining the pre-trial detainees before, during, and immediately after they give birth." (Order, March 16, 2011 at 3, attached as Exhibit 1.)

2.     Defendant Dart's supplemental answers (attached as Exhibit 2), do not include any factual basis for restraining a woman who is in labor. Defendant's answer to interrogatory 2 (Exhibit 2 at 2) includes the following negative pregnant:

> [T]the use of restraints, including the manner in which they were used on pregnant detainees that were being transported to a hospital for "purposes of delivering a child", *but not in labor*, was "reasonably related to [the] legitimate penological interest" of preventing escape and ensuring the safety of the detainee, correctional staff, and the general population. (emphasis supplied)

3.     Defendant includes the same qualification of "but not in labor" in his response to interrogatory 6 (Exhibit 1 at 3-4):

> [T]he use of restraints, including the manner in which they were used on pregnant detainees that were "hospitalized for the purpose of delivering her child," *but not in labor*, was "reasonably related to [the] legitimate penological interest" of preventing escape and ensuring the safety of the detainee, correctional staff, and the general population. (emphasis supplied)

4.     Nowhere in his response to interrogatories 2 or 6 does defendant directly address the security interest, if any, in restraining a woman who is in labor. Plaintiffs should not be required to guess about whether

defendants contend that there a security reason for shackling a woman who is in labor. Nor should plaintiffs be required to rely on the inference from the negative pregnant of a security interest in restraining women other than those who are in labor.

5.    This is the third time that plaintiffs' contention interrogatories have been before the Court.

       a.  In its order of January 26, 2011 (copy attached as Exhibit 3), the Court found that defendant had not "specifically answer[ed] Plaintiffs' detailed questions." (Exhibit 3 at 3.) The Court directed defendant Sheriff to serve "complete responses" to several of plaintiffs' contention interrogatories, including interrogatories 2, 6, and 10. (Exhibit 3 at 1.)

       b.  The Court reaffirmed the January 26th order in its order of March 16, 2011 when it directed the Sheriff to provide "direct answers." (Exhibit 1 at 3.)

6.    Defendants have now had three opportunities to describe the security interest in restraining detainees who are in labor. Plaintiffs respectfully request that the Court preclude defendants from presenting evi-

dence at trial that shackling a detainee who is in labor is related to any security interest.

WHEREFORE plaintiffs request that the Court prohibit defendant from introducing evidence that there is any security interest in restraining by leg restraints and/or handcuff a detainee in labor in the custody of the Sheriff of Cook County:

a.   Who is being transported to a hospital for the purpose of delivering her child, or

b.   Who has been admitted to a hospital for the purpose of delivering her child.

Respectfully submitted,

/s/  Kenneth N. Flaxman
     Kenneth N. Flaxman
     ARDC 830399
     200 S Michigan Ave, Ste 1240
     Chicago, Illinois 60604
     (312) 427-3200

     Thomas G. Morrissey.
     10249 S Western Ave
     Chicago, Illinois 60643
     (773) 233-7900
     *Attorneys for Plaintiffs*

**Exhibit 1**

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6946 | **DATE** | 3/16/2011 |
| **CASE TITLE** | Zaborowski et al vs. Sheriff of Cook County | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion to bar evidence of "security interest" in restraining pregnant detainees who are in labor [173] is denied without prejudice. Defendants, however, must serve responses to interrogatories 2, 6, and 10 in accordance with this order by no later than 4/1/11.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

On September 21, 2010, Plaintiffs filed a Second Amended Complaint alleging that Defendants violated their constitutional rights based on Defendants' policy of shackling female pre-trial detainees at the Cook County Department of Corrections before, during, and immediately after they give birth. *See* 42 U.S.C. § 1983. Fact discovery in this matter is ongoing and the Court has set a dispositive motion deadline for May 31, 2011.

Before the Court is Plaintiffs' motion to bar evidence as a discovery sanction pursuant to Federal Rule of Civil Procedure 37(b)(2). For the following reasons, the Court, in its discretion, denies Plaintiffs' motion. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec,* 529 F.3d 371, 387 (7th Cir. 2008) ("it is within the court's inherent powers to assess the appropriate sanctions for violations of discovery rules."). Defendants, however, must serve responses to interrogatories 2, 6, and 10 in accordance with this order by no later than April 1, 2011. In addition, Defendants must verify their interrogatory answers in compliance with 28 U.S.C. § 1746.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

---

**Plaintiffs' Exhibit 1, Page 1**

## BACKGROUND

On January 26, 2011, the Court granted in part and denied in part Plaintiffs' motion to compel responsive answers to Plaintiffs' Second Set of Interrogatories and directed Defendants to serve complete responses to the interrogatories at issue by no later than February 4, 2011. In the present motion, Plaintiffs maintain that Defendants' newly served responses to contention interrogatories 2, 6, and 10, which concern the security interests in restraining pregnant female detainees, are non-responsive. Plaintiffs thus argue that as a sanction for failing to properly respond to these interrogatories, the Court should prohibit Defendants from introducing any evidence that there is a security interest in restraining pregnant detainees in custody.

## ANALYSIS

Federal Rule of Civil Procedure 37 governs sanctions for discovery violations. *See Manez v. Bridgestone Firestone N. Am. Tire, LLC,* 533 F.3d 578, 591 (7th Cir. 2008). In particular, Rule 37(b)(2)(A) states "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." Such just orders include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed.R.Civ.P. 37(b)(2)(A)(ii). Rule 37 sanctions, however, must be proportionate to the discovery infraction. *See Collins v. Illinois,* 554 F.3d 693, 696 (7th Cir. 2009).

Here, Plaintiffs maintain that Defendants' responses to interrogatories 2, 6, and 10 are non-responsive, and thus are in violation of the Court's January 26, 2011 order. Plaintiffs' interrogatory no. 2 states in relevant part:

> [S]tate with reasonable specificity the manner in which restraining by leg restraints and/or handcuff a pregnant female detainee in the custody of the Sheriff of Cook County, who is being transported to a hospital for purposes of delivering her child, is related to any security interest, and describe the specific security interest.

(R. 173, Ex. 2, at 1.) Similarly, Plaintiffs' interrogatory no. 6 states in relevant part:

> [S]tate with reasonable specificity the manner in which restraining by leg restraints and/or handcuff a pregnant female detainee in the custody of the Sheriff of Cook County, who has been hospitalized for the purposes of delivering her child, is related to any security interest, and describe the specific security interest.

(*Id.* at 5.) Also, Plaintiffs' interrogatory no. 10 states in part:

> [S]tate with reasonable specificity the manner in which restraining by leg restraints and/or handcuff a pregnant female detainee in the custody of the Sheriff of Cook County, who is in the hospital while recovering from delivery of her child..., is related to any security interest, and describe the specific security interest.

(*Id.* at 8.)

Through these interrogatories, Plaintiffs are trying to determine the factual basis for the defense that the use of the restraints was "rationally related to a legitimate non-punitive government purpose." *See Hart v. Sheahan,* 396 F.3d 887, 892 (7th Cir. 2005) (citation omitted). In response to these interrogatories, Defendants do not provide the factual basis for any such defense. Instead, similar to their first responses, Defendants object to

**Plaintiffs' Exhibit 1, Page 2**

the interrogatories as vague, overly broad, ambiguous, and burdensome. Defendants also argue that it is unclear from the interrogatories' language whether the pre-trial detainees are actually in labor. At this juncture, it is not entirely clear whether Defendants' distinction between "actual labor" and "for purposes of delivering a child" has any merit. Nevertheless, the Court agrees that Defendants' responses do not properly answer Plaintiffs' contention interrogatories because Defendants do not give a specific answer as to what, if any, security interest is at stake. *See Pratt v. Tarr,* 464 F.3d 730, 733 (7th Cir. 2006) (contention interrogatories allow a plaintiff to learn the factual bases of the opposing party's defense).

That being said, granting Plaintiffs' motion to bar any evidence of the security interests involved in restraining the pregnant pre-trial detainees is a harsh sanction under the circumstances, especially since discovery is still ongoing and Defendants can cure the defect in their responses. *See Collins,* 554 F.3d at 696; *Long v. Steepro,* 213 F.3d 983, 986 (7th Cir. 2000). Therefore, the Court, in its discretion, directs Defendants to respond to Plaintiffs' interrogatories 2, 6, and 10 by giving direct answers as to the factual basis of any security interest of restraining the pre-trial detainees before, during, and immediately after they give birth. Defendants must serve responses to interrogatories 2, 6, and 10 in accordance with this order by no later than April 1, 2011. Defendants' failure to do so could result in discovery sanctions pursuant to Rule 37, including possible sanctions under Rule 37(b)(2)(A)(ii) such as baring such evidence.

08C6946 Zaborowski et al vs. Sheriff of Cook County                                                                 Page 3 of 3

**Plaintiffs' Exhibit 1, Page 3**

**Exhibit 2**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CATHERINE ZABOROWSKI and | ) | |
| SIMONE JACKSON, individually and on | ) | |
| behalf of a class, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 6946 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Amy St. Eve |
| SHERIFF OF COOK COUNTY and | ) | |
| COOK COUNTY, ILLINOIS | ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S SECOND SUPPLEMENTAL ANSWER TO PLAINTIFFS' SECOND SET OF INTEROGATORIES**

NOW COMES Defendant, Thomas Dart, in his official capacity as Sheriff of Cook County, by and through his attorney, ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Michael L. Gallagher, pursuant to Federal Rule of Civil Procedure 33 and based on his official position of Sheriff of Cook County, and belief of the facts available on the date of these objections and responses, hereby objects and answers Plaintiffs' second set of interrogatories as follows:

2.     Unless your answer to the preceding interrogatory is an unqualified "no," state with reasonable specificity the manner in which restraining by leg restraints and/or handcuff a pregnant female detainee in the custody of the Sheriff of Cook County, who is being transported to a hospital for the purpose of delivering her child, is related to any security interest, and describe the specific security interest.

**ANSWER:**     Defendant Dart reasserts and incorporates all previous objections and answers made to this interrogatory. Subject to and not waiving these objections, Defendant states

**Plaintiffs' Exhibit 2, Page 1**

that over the past fifteen years, there have been more than fifty (50) escapes or attempted escapes by pretrial detainees or criminal defendants in the custody of the Sheriff. This number includes more than thirty (30) escapes or escape attempts by detainees or defendants outside the CCDOC complex, and more than fifteen (15) escapes or escape attempts by detainees being transported or treated at medical facilities. Finally, these escapes and escape attempts have included both pregnant detainees housed in the MOM'S program[1] and detainees being transported for either surgery or emergency medical treatment. *See Bell v. Wolfish*, 441 U.S. 520, 559 (1979) (Supreme Court held the jail's strip search policy was constitutional even though there was only a single incident of contraband smuggling).

The "factual basis" for the use of restraints on pregnant detainees that were being transported to a hospital for "purposes of delivering a child," but not in labor, has been illustrated by these previous detainee escapes or escape attempts, despite the attempt to restrain them, while being transported for either surgery or emergency medical treatment. Therefore, the use of restraints, including the manner in which they were used on pregnant detainees that were being transported to a hospital for "purposes of delivering a child", but not in labor, was "reasonably related to [the] legitimate penological interest" of preventing escape and ensuring the safety of the detainee, correctional staff, and the general population. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *see May v. Sheahan*, 226 F.3d 876, 884 (7th Cir. 2000) ("Certainly, shackling all hospital detainees reduces the risk of a breach of security and thus furthers a legitimate non-punitive government purpose"); s*ee also Haslar v. Megerman*, 104 F.3d 178, 180 (8th Cir. 1997) ("It is eminently reasonable to prevent escape attempts at the outset by restraining hospitalized inmates to their beds").

---

[1] A 24 bed off-site community-based treatment program for pregnant and parenting women and their preschool age children.

6.     Unless your answer to the preceding interrogatory is an unqualified "no," state with reasonable specificity the manner in which restraining by leg restraints and/or handcuff a pregnant female detainee in the custody of the Sheriff of Cook County, who was hospitalized for the purpose of delivering her child, is related to any security interest, and describe the specific security interest.

**ANSWER:**     Defendant Dart reasserts and incorporates all previous objections and answers made to this interrogatory. As stated *supra,* over the past fifteen years more than fifty (50) CCDOC detainees or criminal defendants have escaped or attempted to escape custody. This number includes more than fifteen (15) escapes or escape attempts while detainees were being transported or treated at medical facilities. Finally, these incidents have included escapes or escape attempts by pregnant detainees housed in the MOM'S program, pregnant detainees that have physically attacked medical and correctional staff while being "hospitalized for the purpose of delivering her child," detainees recovering from surgery, detainees receiving emergency medical treatment, detainees that were located at medical facilities and were either temporally unrestrained or able to free themselves from their restraints, and detainees that were "recovering from delivery" of their child. *See Bell,* 441 U.S. at 559 (Supreme Court held the jail's strip search policy was constitutional even though there was only a single incident of contraband smuggling).

The "factual basis" for the use of restraints on pregnant detainees that were "hospitalized for the purpose of delivering her child," but not in labor, have been illustrated by the numerous escapes, escape attempts or physical attacks by restrained and unrestrained CCDOC detainees that were recovering from surgery, receiving emergency medical treatment, or "recovering from delivery" of their child. Therefore, the use of restraints, including the manner in which they were

used on pregnant detainees that were "hospitalized for the purpose of delivering her child," but not in labor, was "reasonably related to [the] legitimate penological interest" of preventing escape and ensuring the safety of the detainee, correctional staff, and the general population. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *see May v. Sheahan*, 226 F.3d 876, 884 (7th Cir. 2000) ("Certainly, shackling all hospital detainees reduces the risk of a breach of security and thus furthers a legitimate non-punitive government purpose"); s*ee also Haslar v. Megerman*, 104 F.3d 178, 180 (8th Cir. 1997) ("It is eminently reasonable to prevent escape attempts at the outset by restraining hospitalized inmates to their beds").

10.     Unless your answer to the preceding interrogatory is an unqualified "no," state with reasonable specificity the manner in which restraining by leg restraints and/or handcuff a pregnant female detainee in the custody of the Sheriff of Cook County, who is in a hospital while recovering from delivery of her child was hospitalized for the purpose of delivering a child, is related to any security interest, and describe the specific security interest.

**ANSWER:**     Defendant Dart reasserts and incorporates all previous objections and answers made to this interrogatory. As stated *supra,* over the past fifteen years, there have been more than fifty (50) escapes or attempted escapes by pretrial detainees or criminal defendants in the custody of the Sheriff. This number includes more than fifteen (15) escapes or escape attempts of detainees being transported or treated at medical facilities. Finally, these incidents have included escapes or escape attempts by pregnant detainees housed in the MOM'S program, pregnant detainees that have physically attacked medical and correctional staff while being "hospitalized for the purpose of delivering her child," detainees recovering from surgery, detainees receiving emergency medical treatment, detainees that were located at medical facilities and were either

temporally unrestrained or able to free themselves from their restraints, and detainees that were "recovering from delivery" of their child. *See Bell*, 441 U.S. at 559 (Supreme Court held the jail's strip search policy was constitutional even though there was only a single incident of contraband smuggling).

The "factual basis" for the use of restraints on pregnant detainees that were "recovering from delivery of her child," but not in labor, have been illustrated by the numerous escapes, escape attempts or physical attacks by restrained and unrestrained CCDOC detainees that were recovering from surgery, receiving emergency medical treatment, or "recovering from delivery" of their child. Therefore, the use of restraints, including the manner in which they were used on pregnant detainees that were "recovering from delivery of her child", but not in labor, was "reasonably related to [the] legitimate penological interest" of preventing escape and ensuring the safety of the detainee, correctional staff, and the general population. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *see May v. Sheahan*, 226 F.3d 876, 884 (7th Cir. 2000) ("Certainly, shackling all hospital detainees reduces the risk of a breach of security and thus furthers a legitimate non-punitive government purpose"); s*ee also Haslar v. Megerman*, 104 F.3d 178, 180 (8th Cir. 1997) ("It is eminently reasonable to prevent escape attempts at the outset by restraining hospitalized inmates to their beds").

Respectfully Submitted and on behalf of any objections,

ANITA ALVAREZ
State's Attorney of Cook County

_____
Michael L. Gallagher
Assistant State's Attorney
50 W. Washington, 5th floor
Chicago, Illinois 60602

## CERTIFICATE OF SERVICE

  I, Michael L. Gallagher, Assistant State's Attorney, hereby certify that I served a copy of the Defendant Sheriff Dart's second supplemental answers to Plaintiffs' second set of interrogatories 36 via U.S. Mail on April 1, 2011 upon the following party:

Thomas G. Morrissey, Ltd.
10249 S. Western Avenue.
Chicago, IL 60643


             _____
             Michael L. Gallagher

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CATHERINE ZABOROWSKI and | ) |
| SIMONE JACKSON, individually and on | ) |
| behalf of a class, | ) |
| | ) |
| Plaintiff, | ) 08 C 6946 |
| | ) |
| vs. | ) Honorable Judge |
| | ) Amy St. Eve |
| SHERIFF OF COOK COUNTY and | ) |
| COOK COUNTY, ILLINOIS | ) Magistrate Judge Valdez |
| | ) |
| Defendants. | ) |

## VERIFICATION

Thomas J. Dart, in his official capacity as Sheriff of Cook County, Illinois, declares under penalty of perjury that the foregoing answers contained in the attached document, Defendant Thomas J. Dart's Answers to Plaintiff's Interrogatories, are true and correct.

Thomas J. Dart
Sheriff of Cook County
50 W. Washington, Room 704
Chicago, IL 60602

$\underline{4-1-11}$
Executed on date

**Exhibit 3**

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6946 | **DATE** | 1/26/2011 |
| **CASE TITLE** | Zaborowski vs. Sheriff of Cook County | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Plaintiff's motion to compel [158].

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

On September 21, 2010, Plaintiffs filed a Second Amended Complaint alleging that Defendants Thomas J. Dart, the Sheriff of Cook County, Illinois and Cook County, Illinois violated their constitutional rights based on Defendants' policy of shackling female pre-trial detainees at the Cook County Department of Corrections before, during, and immediately after they give birth. *See* 42 U.S.C. § 1983. Plaintiffs are suing Sheriff Dart in both his official and individual capacities. Before the Court is Plaintiffs' Federal Rule of Civil Procedure 37(a)(3) motion to compel Defendant Dart to provide responsive answers to Plaintiffs' Second Set of Interrogatories. For the following reasons, the Court, in its discretion, grants in part and denies in part Plaintiffs' motion. Defendant is to serve complete responses to Plaintiffs' interrogatories 2, 4, 6, 8, 10, 13, and 15 by no later than February 4, 2011.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**Plaintiffs' Exhibit 3, Page 1**

## LEGAL STANDARD

The federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009); *see also Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006) ("the scope of discovery should be broad in order to aid in the search for truth"). Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish,* 235 F.R.D. at 450. In the context of motions to compel, the Seventh Circuit instructs that a "district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.,* 95 F.3d 492, 496 (7th Cir. 1996). As with all discovery matters, district courts have broad discretion in determining motions to compel. *See Peals v. Terre Haute Police Dept.,* 535 F.2d 621, 629 (7th Cir. 2008); *Reynolds v. Jamison,* 488 F.3d 756, 761 (7th Cir. 2007).

## ANALYSIS

Plaintiffs maintain that their Second Set of Interrogatories contain contention interrogatories. A contention interrogatory allows a plaintiff to learn the factual bases of the opposing party's defense, *see Pratt v. Tarr,* 464 F.3d 730, 733 (7th Cir. 2006), and is not objectionable if it asks for an opinion that relates to a fact or the application of a law to fact. *See* Fed.R.Civ.P. 33(a)(2). Rule 33, however, does not allow interrogatories that ask for pure legal conclusions. *See Nautilus Ins. Co. v. Raatz,* No. 08 C 6182, 2011 WL 98843, at *5 (N.D. Ill. Jan. 12, 2011); 8B Fed. Prac. & Proc. Civ. § 2167 (Rule 33 "does not authorize interrogatories calling for legal conclusions").

Here, Plaintiffs argue that interrogatories 1, 3, 5, 7, 9, and 14 should have been answered with a simple yes or no and that interrogatories 2, 4, 6, 8, 10 and 15 pertain to the Sheriff's reasoning for its yes or no answers. Indeed, interrogatories 2, 4, 6, 8, 10 and 15 merely restate the questions in interrogatories 1, 3, 5, 7, 9, and 14. For example, Plaintiffs' Interrogatory No. 2 states: "Unless your answer to the preceding interrogatory is an unqualified "no," state with reasonable specificity the manner in which restraining by leg restraints and/or handcuff[s] a pregnant female detainee in the custody of the Sheriff of Cook County, who is being transported to a hospital for the purpose of delivering her child, is related to any security interest?" In response, Defendant answered:

> Defendant Thomas Dart objects to interrogatory 2 as vague, overly broad, ambiguous, and burdensome. Moreover, Sheriff Dart objects to interrogatory 2 for failing to provide any foundation for the question. Subject to and not waiving these objections, Sheriff Dart is aware that detainees are guarded and require security upon being transported to and while at hospitals outside of the Cook County Department of Corrections. However, Sheriff Dart is unaware of the specific procedures and means by which officers ensure detainees are transported and secured. Finally, although Sheriff Dart did not personally participate in the specific contents, creation or implementation of such documents, the Cook County Department of Corrections relies on the substance of External Operations, written policy No. EO-32 (2006) and written policy No. 32 (2008), as well as general orders, including General Order 12.2 and General Order 9.24 in order to guard and provided security for detainees while they are patients at a hospital.

> Sheriff Dart is aware that security of detainees at a hospital, in general, consists of general requirements that such security prevent escape of detainees, maintain the safety to the community

**Plaintiffs' Exhibit 3, Page 2**

and individuals at said hospital.  Moreover, Sheriff Dart was aware that any security should act, in managing security concerns, in accordance with any appropriate physicians' orders and each detainee's medical needs.

(R. 158, Ex. 1, Ans. to Second Set Interrog., at 2-3.)  Sheriff Dart gives the exact same answer to Plaintiffs' interrogatories 2, 4, 6, 8, 10 and 15, and as Plaintiffs contend, these repeated responses to do not specifically answer Plaintiffs' detailed questions.  Therefore, the Court grants Plaintiffs' motion to compel complete and responsive answers to Plaintiffs' interrogatories 2, 4, 6, 8, 10 and 15.

Next, Plaintiffs argue that the Sheriff's responses to interrogatories 11 and 12 are improper because there is nothing in the Federal Rules of Civil Procedure that permits a party to object and then answer the interrogatory without waiving the objections.  Although the civil procedural rules do not specifically state that such answers are allowed, responding to interrogatories in this manner is common practice in the Northern District of Illinois, and thus Plaintiffs' argument is without merit.  *See, e.g., Kronenberg v. Baker & McKenzie LLP*, No. 09 C 4137, 2010 WL 4055947, at *4 (N.D. Ill. Oct. 18, 2010).

Finally, Plaintiffs contend that the Sheriff's response to interrogatory number 13 is non-responsive.  The Court agrees.  Interrogatory number 13 states: "With respect to your statement in the Chicago Tribune on June 25, 2009 that 'many female inmates have successfully
escaped custody while receiving medical treatment (including child birth) at hospitals outside of Cook County Jail,' state the name and date of escape of each such female inmate."  Defendant responds as follows:

Defendant Dart objects to interrogatory 13 as vague, overly broad, ambiguous, in excess of the amount of interrogatories allowed under F.R.C.P. 33(a) and irrelevant to any claims or defendants and/or is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and not waiving these objections, Sheriff Dart states that the Sheriff's Office press office handles all media responses.

(R. 158, Ex. 1, Ans. to Second Set Interrog., at 11.)

At this juncture, the Court, in its discretion, will not penalize Plaintiffs for filing three interrogatories over the 25 interrogatory limit pursuant to Rule 33(a).  That being said, Plaintiffs may not file any additional interrogatories in this matter.  Meanwhile, the Sheriff's answer that the press office handles media responses is non-responsive.  It is hard to imagine that the Sheriff's Office does not control its own press office and that the Sheriff is unable to fully answer this interrogatory.  The Court therefore grants Plaintiffs' motion to compel in this regard.

**Plaintiffs' Exhibit 3, Page 3**

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Michael Gallagher, ASA, 500 Daley Center, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  none.

/s/ Kenneth N. Flaxman
_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)