Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6946 | **DATE** | 1/19/2012 |
| **CASE TITLE** | Zaborowski vs. Sheriff of Cook County | | |

**DOCKET ENTRY TEXT**

The Court, in its discretion, denies Defendants' motion for reconsideration [289].

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

In their Second Amended Class Action Complaint, Plaintiffs Catherine Zaborowski and Simone Jackson, individually, and on behalf of a class (the "Class Plaintiffs"), alleged violations of their Fourteenth Amendment substantive due process rights and state law against Defendant Thomas J. Dart, the Sheriff of Cook County, in his official capacity, in relation to a policy of shackling pregnant pretrial detainees during labor, delivery, and/or recovery following delivery.[1] In addition, certain individual Plaintiffs alleged an individual capacity claim against Sheriff Dart based on his delay in instituting any remedial action after he learned about the shackling policy. On December 20, 2011, the Court denied the parties' cross-motions for summary judgment concerning the official capacity and state law claims, but granted Defendants' summary judgment motion as to the individual capacity claim. The Court presumes familiarity with its December 20, 2011 Memorandum, Opinion, and Order. Before the Court is Defendants' motion for reconsideration in relation to the Class Plaintiffs' claims. For the following reasons, the Court, in its discretion, denies Defendants' reconsideration motion.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

---

[1]    Defendant Cook County is a necessary party to this lawsuit because Illinois counties have the duty to indemnify judgments against county sheriffs in their official capacity. *See Carver v. Sheriff of LaSalle County,* 324 F.3d 947, 948 (7th Cir. 2003); *Moy v. County of Cook,* 159 Ill.2d 519, 528-32, 203 Ill.Dec. 776, 640 N.E.2d 926 (Ill. 1994).

## LEGAL STANDARD

Because the Court's December 20, 2011 Memorandum, Opinion, and Order did not dispose of this case in its entirety, the Court reviews Defendants' reconsideration motion under Federal Rule of Civil Procedure 54(b), which states in relevant part:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In short, under Rule 54(b) the Court may exercise its inherent authority to reconsider its interlocutory orders because a court may revise its orders any time before it enters a final judgment. *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.,* 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable").

A motion for reconsideration is an extraordinary remedy reserved for exceptional situations. *See Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). Specifically, motions for reconsideration serve the limited function of allowing the Court to correct manifest errors of law or fact or consider newly discovered material evidence. *See Boyd v. Tornier, Inc.,* 656 F.3d 487, 492 (7th Cir. 2011); *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987). As the Seventh Circuit recently explained, "[i]t is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields,* __ F.3d __, 2011 WL 6396542, at *11 (7th Cir. Dec. 21, 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)). The federal rules of civil procedure concerning reconsideration motions "do not provide a vehicle for a party" to "introduce new or advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010) (citation omitted); *see also County of McHenry v. Insurance Co. of the West,* 438 F.3d 813, 819 (7th Cir. 2006). Whether to grant a motion for reconsideration is "entrusted to the sound judgment of the district court." *Matter of Prince,* 85 F.3d 314, 324 (7th Cir. 1996); *see also Resnick,* 594 F.3d at 568.

## ANALYSIS

### I.    Class Plaintiffs' State Law Negligence Claim

In their motion for reconsideration, Defendants maintain that Plaintiffs' state law claim must fail under the Illinois Local Government and Governmental Employees Tort Immunity Act, 745 ILCS 10/202-2. In particular, Defendants argue that Plaintiffs have failed to present evidence fulfilling the requirement that Cook County Jail policymakers acted with willful and wanton conduct, namely, that the policymakers acted with "utter indifference to or conscious disregard for the safety of others." *See* 745 ILCS 10/1–210; *Tagliere v. Western Springs Park Dist.,* 408 Ill.App.3d 235, 241-42, 348 Ill.Dec. 643, 944 N.E.2d 884 (1st Dist. 2011).

Although Defendants argued that Plaintiffs' state law negligence claim was barred by the statute of limitations under section 8-101(a) of the Illinois Tort Immunity Act – an affirmative defense that they unequivocally waived – they failed to make any arguments under established Illinois negligence law or argue that

the Cook County Jail policymakers' conduct was not willful or wanton in their summary judgment briefs. Instead, Defendants argued that the Class Plaintiffs could not establish a state-created liberty interest under *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), despite the fact that the Class Plaintiffs discussed the appropriate negligence standard and cited to the controlling legal authority, *see Calloway v. Kinkelaar*, 168 Ill.2d 312, 319-20, 213 Ill.Dec. 675, 659 N.E.2d 1322 (Ill. 1995), in their summary judgment briefs. (*See* R. 229, Pls.' Mem. at 6-11; R. 260, Pls.' Reply Mem., at 14-15.)

Defendants' present attempt to properly address the Class Plaintiffs' state law negligence claim is too little too late in light of well-established Seventh Circuit case law that reconsideration motions are not the appropriate vehicle to raise new arguments or arguments "that could and should have been presented to the district court prior to the judgment." *Resnick*, 594 F.3d at 568 (citation omitted); *see also Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009) (reconsideration motions "may not be used to cure defects that could have been addressed earlier"); *General Auto Serv. Station v. City of Chicago*, 526 F.3d 991, 1006 (7th Cir. 2008) ("Arguments that could have been made earlier but are instead raised for the first time" in a motion for reconsideration "are waived."). Therefore, the Court, in its discretion, denies Defendants' motion for reconsideration as to the Class Plaintiffs' negligence claim.

## II. Class Plaintiffs' Constitutional Claim

Next, Defendants argue that the Court should have granted summary judgment in favor of Defendants as to Plaintiffs' constitutional claim. In support of this argument, Defendants acknowledge that the proper framework for this claim is pursuant to *Monell v. Department of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), but take umbrage with the Court's analysis of the facts of this case in relation to the *Monell* standard. Defendants, however, never addressed the *Monell* standard in relation to the Class Plaintiffs' constitutional claim in the first instance. Again, Defendants' attempt to make *Monell* arguments for the first time in the present motion runs afoul of well-established Seventh Circuit precedent. *See Resnick*, 594 F.3d at 568; *County of McHenry*, 438 F.3d at 819.

Morever, Defendants' arguments that the Class Plaintiffs failed to present evidence that the shackling policy was not rationally related to the Cook County Jail's legitimate penological interests and that the Court failed to give enough deference to the Cook County Jail policymakers' decisions also fail. Specifically, the Court addressed Defendants' argument that the restraint policy was rationally related to the legitimate penological interest of safety and security in detail – scouring the record and the parties' briefs and conducting considerable additional research. Defendants' present arguments do not establish that the Court committed a manifest error of law or fact, instead, they merely show that Defendants disagree with the Court's legal reasoning and analysis. *See Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent."); *see, e.g., Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011). Finally, the remainder of Defendants' arguments merely rehash arguments that they already made at summary judgment. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). As such, the Court, in its discretion, denies Defendants' motion for reconsideration as to the Class Plaintiffs' constitutional claim.