IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE ZABOROWSKI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08 C 6946 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| SHERIFF OF COOK COUNTY and | ) | |
| COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court, in its discretion, grants Defendant's motion for relief from final judgment brought pursuant to Federal Rule of Civil Procedure 60(b)(6). [320]. The Court denies the Haymarket Center's Rule 24(a)(2) motion to intervene in which it seeks to enforce the settlement agreement. [318]. Further, the Court denies as moot Plaintiffs' motion to close the administration of the settlement because the Court already granted the parties' agreed motion to close out the administration of the settlement on January 4, 2017. [316]. Plaintiffs and Defendant must submit an agreed proposed final order in accordance with this ruling by no later than October 26, 2017.

## STATEMENT

After conducting a fairness hearing, on August 30, 2012, the Court approved the parties' settlement agreement and the Court dismissed this lawsuit with prejudice on August 30, 2013. Pursuant to the settlement agreement, any settlement funds remaining after the distribution to the class members are to be used for the Maternal Objective Management ("MOMS") program administered by the not-for-profit Haymarket Center. On December 14, 2016, the parties filed an agreed motion to close out the administration of the settlement that the Court granted on January 4, 2017. On that same date, the Court required counsel to prepare and submit a proposed order. Counsel failed to do so. On September 21, 2017, Plaintiffs filed the present motion and proposed order, which includes that the remaining balance of the settlement funds shall be paid to the Haymarket Center pursuant to the settlement agreement. Defendant Sheriff of Cook County then moved for relief from the Court's final judgment pursuant to Rule 60(b)(6) seeking to prevent payment of the remaining settlement funds to the Haymarket Center because the Sheriff's Office did not renew its contract with the Haymarket Center in relation to the MOMS program at issue in the settlement agreement. For the following reasons, the Court, in its discretion grants Defendant's Rule 60(b)(6) motion based on the exceptional circumstances in this matter. *Banks v. Chicago Bd. of Educ.,* 750 F.3d 663, 668 (7th Cir. 2014) ("Relief under this provision is an 'extraordinary remedy' and should be granted only in 'exceptional circumstances.'").

**LEGAL STANDARD**

"Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding." *Nelson v. Napolitano,* 657 F.3d 586, 589 (7th Cir. 2011). "Rule 60(b)(6) is a catch-all provision that allows a judgment to be set aside for 'any other reason that justifies relief[.]'" *Philos Techs., Inc. v. Philos & D, Inc.,* 802 F.3d 905, 917 (7th Cir. 2015) (citation omitted). "A motion under the 'catchall' provision contained in Rule 60(b)(6) [] must be made 'within a reasonable time.'" *Arrieta v. Battaglia,* 461 F.3d 861, 865 (7th Cir. 2006). "[W]hat constitutes 'reasonable time' for a filing under Rule 60(b) depends on the facts of each case." *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 371 F.3d 950, 952 (7th Cir. 2004) (per curiam).[1] The Seventh Circuit reviews the denial of a motion brought under Rule 60(b) for an abuse of discretion. *Philos Techs.,* 802 F.3d at 917; *see also Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) ("The district court has great latitude in making a Rule 60(b) decision because that decision is discretion piled on discretion.") (internal quotation marks omitted).

**ANALYSIS**

The Court first notes that the Sheriff's Office is not seeking to enforce the settlement, but instead, it seeks to modify or amend the final judgment, which the Court can consider under Rule 60(b)(6). On the other hand, the Haymarket Center has moved to intervene and seeks to enforce the settlement. The Court, however, does not have jurisdiction to enforce the settlement agreement because pursuant to the order of dismissal, the Court dismissed this lawsuit with prejudice on August 30, 2013. *See Dupuy v. McEwen,* 495 F.3d 807, 809 (7th Cir. 2007) ("when a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal"); *Shapo v. Engle,* 463 F.3d 641, 643 (7th Cir. 2006) ("district court does not have jurisdiction to enforce a settlement agreement merely because the agreement was the premise of the court's dismissal of the suit that the agreement settled"). In addition, a party cannot intervene in a case that is no longer pending. *See NAACP v. New York,* 413 U.S. 345, 365 (1973) (Under Rule 24, "the court where the action is pending must first be satisfied as to timeliness"). Accordingly, the Court denies the Haymarket Center's motion to intervene.

As the Court explained in its December 20, 2011 summary judgment ruling, in 1999, the Sheriff's Office created the Department of Women's Justice Services ("DWJS") that specifically focuses on women offenders. The DWJS's mission is to create integrated programs and services that break the intergenerational cycle of trauma, addiction, and crime for women and their children. At that time, these goals were achieved through various programs, including the MOMs program, which was a residential program located outside of the Cook County Jail Complex at the Haymarket Center. The MOMS program provided pregnant and postpartum

---

[1] Based on the unique facts of this case and the events occurring after the entry of the final judgment, the Court concludes that Defendant has filed this motion within a "reasonable time." *See Ingram,* 371 F.3d at 952; *Lowe v. McGraw-Hill Companies, Inc.,* 361 F.3d 335, 342 (7th Cir. 2004).

detainees treatment for mental health, physical health, and substance abuse, as well as other supportive services.

In the present Rule 60(b)(6) motion, the Sheriff's Office maintains that it no longer uses the MOMS program at Haymarket Center and that the Sheriff's Office provides the substance abuse and treatment services previously provided by the MOMS program. Neither Plaintiff nor the Haymarket Center dispute this fact. The Sheriff's Office argues that because it is impossible for the settlement balance to be used by Haymarket Center for the benefit of women in the Sheriff's custody as provided in the settlement agreement, it seeks to amend the final judgment allowing the Sheriff's Office to retain the balance of the settlement funds by placing them in a special purpose fund account with Cook County for the limited purpose of supporting a "MOMS" type program within the Sheriff's Office. The Court agrees.

The parties' settlement is for the benefit of the women in the Sheriff Office's custody, not the Haymarket Center. The Court has no doubt the not-for-profit Haymarket Center's MOMS program – that serves the Chicago area at large – has successful treatment programs. That being said, the settlement agreement between Plaintiffs and the Sheriff's Office concerned women who were in the Sheriff's custody. Because the Sheriff's Office no longer has a contract with the Haymarket Center in conjunction with the MOMS program, but instead provides for abuse and treatment services in-house, the best solution is to amend the judgment allowing the Sheriff's Office to retain the balance of the settlement funds by placing the funds in a special purpose account with Cook County for the limited purpose of providing in-house counseling and treatment to women in the Sheriff's custody who otherwise would have been served by the MOMS program. The funds must be used for this limited purpose. Therefore, the Court, in its discretion, grants Defendant's Rule 60(b)(6) based on these exceptional circumstances.

**Dated:** October 19, 2017

**AMY J. ST. EVE**
**United States District Court Judge**