**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CATHERINE ZABOROWSKI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08 C 6946 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| SHERIFF OF COOK COUNTY and | ) | |
| COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court, in its discretion, grants Plaintiffs' motion for the Court to reconsider its October 19, 2017 Order brought pursuant to Federal Rule of Civil Procedure 59(e). [329]. The Court denies Plaintiffs' motion to stay judgment pending appeal under Federal Rule of Appellate Procedure 8(a) as moot. [330].

**BACKGROUND**

This motion pertains to the parties' settlement agreement in this lawsuit that class Plaintiffs originally filed in 2008. As discussed in the Court's October 2017 ruling, after the Court conducted a fairness hearing on August 30, 2012, the Court approved the parties' settlement agreement and the Court dismissed this lawsuit with prejudice on August 30, 2013. Pursuant to the settlement agreement, any settlement funds remaining after the distribution to the class members were to be used for the Maternal Objective Management ("MOMS") program administered by the not-for-profit Haymarket Center. On December 14, 2016, the parties filed an agreed motion to close out the administration of the settlement that the Court granted on January 4, 2017. On that same date, the Court required counsel to prepare and submit a proposed order. Counsel failed to do so at that time.

Instead, on September 21, 2017, Plaintiffs filed a motion to close the administration of the settlement in which Plaintiffs argued that the remaining balance of the settlement funds should be paid to the Haymarket Center pursuant to the settlement agreement. Defendant Sheriff of Cook County then moved for relief from the Court's final judgment pursuant to Rule 60(b)(6) seeking to prevent payment of the remaining settlement funds to the Haymarket Center because the Sheriff's Office did not renew its contract with the Haymarket Center in relation to the MOMS program at issue in the settlement agreement. At the September 27, 2017 status hearing, the Court entered the parties' motions, including the Haymarket Center's motion to intervene, and directed the parties to file position papers with respect to the Court's jurisdiction by October 4, 2017. The Sheriff's Office and Haymarket Center filed jurisdictional memoranda by the deadline asserting that the Court had jurisdiction to modify the final judgment pursuant to Rule

60(b). On October 19, 2017, the Court, in its discretion, granted Defendant's Rule 60(b)(6) motion based on the exceptional circumstances in this matter and allowed Defendant to retain the balance of the settlement funds by placing the funds in a special purpose account with Cook County for the limited purpose of providing in-house counseling and treatment to women in the Sheriff's custody who otherwise would have been served by the MOMS program. In that ruling, the Court denied the Haymarket Center's Rule 24(a)(2) motion to intervene.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within twenty-eight days of the entry of judgment, a motion to alter or amend the judgment. *See* Fed.R.Civ.P. 59(e). Motions under Rule 59(e) serve the limited function of allowing the Court to correct manifest errors of law or fact or consider newly discovered material evidence. *See Baker v. Lindgren,* 856 F.3d 498, 507 (7th Cir. 2017). "A 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (citation omitted); *see also Stragapede v. City of Evanston, Ill.,* 865 F.3d 861, 868 (7th Cir. 2017). A "Rule 59 motion is not a forum to relitigate losing arguments*" see NLRB v. Latino Exp., Inc.,* 776 F.3d 469, 478 (7th Cir. 2015) (citation omitted), namely, it is not the proper vehicle to rehash previously rejected arguments. *See Vesely v. Armslist LLC,* 762 F.3d 661, 666 (7th Cir. 2014). District courts have broad discretion in determining Rule 59(e) motions. *See Stragapede,* 865 F.3d at 868.

## ANALYSIS

As discussed, the Court relied on Rule 60(b) to amend the final judgment in its October 2017 ruling. *See Kapco Mfg. Co. v. C & O Enter., Inc.*, 773 F.2d 151, 154 (7th Cir. 1985) (Rule 60(b) is "a method of reopening a closed case" that was "devised to give the district court a power of revisitation it had lacked" by allowing the court to modify judgments). Under the circumstances of this lawsuit, Defendant Sheriff has been more than willing to pay the settlement amounts under the parties' settlement agreement, and thus issues of non-performance and breach of contract – that are typical in motions to enforce settlements – have never been at issue. Instead, due to budgetary restraints, the Sheriff's Office no longer uses the Haymarket Center for the benefit of women in the Sheriff's custody, but rather provides for abuse and treatment services in-house. Despite this change in circumstances, Plaintiffs' class counsel takes the position that the Haymarket Center should receive the funds although the funds would no longer benefit the women in the Sheriff's custody.

In the present motion, Plaintiffs argue that the Court made a manifest error of law because the Court did not have jurisdiction to alter or modify the final judgment because the terms of the settlement agreement were not incorporated into the August 2012 Order of Dismissal. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *see, e.g., Natkin v. Winfrey,* No. 1:99-CV-05367, 2015 WL 8484511, at *3 (N.D. Ill. Dec. 8, 2015). For the first time in the present motion, Plaintiffs' counsel explains that a "dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal

order."[1] *Miener By & Through Miener v. Missouri Dep't of Mental Health,* 62 F.3d 1126, 1128 (8th Cir. 1995).

Under this precedent, the Court must determine whether its August 2012 dismissal order embodied or incorporated the settlement agreement. *See Miener,* 62 F.3d at 1128 ("although *Kokkonen* does not state how a district court may incorporate a settlement agreement in a dismissal order, the case does suggest the agreement must be 'embod[ied]' in the dismissal order."). Not long after the Supreme Court decided *Kokkonen*, the Seventh Circuit explained that "if the judgment explicitly incorporates the settlement, or reserves authority to enforce the settlement, the court possesses ancillary jurisdiction." *Lucille v. City of Chicago,* 31 F.3d 546, 548 (7th Cir. 1994). In *Lucille,* the Seventh Circuit looked to whether the dismissal order contained the terms of the settlement agreement in ascertaining the district court's jurisdiction. *See id.* at 548-49; *see also Jones v. Ass'n of Flight Attendants-CWA,* 778 F.3d 571, 573 (7th Cir. 2015).

Based on this precedent and turning to the August 30, 2012 Order of Dismissal, the dismissal order did not embody or incorporate the terms of the settlement agreement. The Order states as follows:

> **IT IS HEREBY ORDERED:**
>
> The Court has reviewed the proposed settlement of this class action and, having held a hearing on the fairness of the settlement, with no objection having been filed, finds that notice of the proposed settlement has been provided to all class members by first class mail to her last known address and that the proposed settlement is fair, reasonable, and adequate. Accordingly, IT IS ORDERED that the proposed settlement be, and the same hereby is, approved.
>
> **IT IS FURTHER ORDERED:**
>
> 1. This case is dismissed without prejudice with leave to reinstate on or before August 30, 2013.
>
> 2. In the event a motion to reinstate is not filed on or before August 30, 2013, the case shall be deemed dismissed with prejudice without further order of the Court.
>
> 3. The Court retains jurisdiction to enforce the terms of the settlement agreement until, and including, August 30, 2013.

---

[1] Despite the timing of Plaintiffs' argument, the Court must address challenges to its subject matter jurisdiction at any time or stage of the proceedings. *See Travelers Prop. Cas. v. Good,* 689 F.3d 714, 718 (7th Cir. 2012) ("Jurisdictional objections cannot be forfeited or waived, of course, for this court has an 'independent obligation to satisfy itself that federal subject matter jurisdiction exists.'") (citation omitted).

        4. Defendant Cook County shall pay to attorneys Kenneth N. Flaxman and Thomas G. Morrissey the sum of $80,000 as reimbursement for expenses and $1,025,000 as compensation for attorneys fees, the fees to be paid in two installments as set out in the settlement agreement.

(R. 305, 8/30/12, Order of Dismissal.)

       Although the Court referenced the settlement agreement in the dismissal order, the order did not discuss any specific terms of the settlement, including, for purposes of this motion, ¶ 16 of the settlement agreement entitled "Payout Procedure" that discusses the remaining balance of the settlement funds. Under these circumstances, the Court did not have jurisdiction to modify the judgment.

       It remains unclear why class counsel wants the remainder of the settlement funds to go to a facility that does not serve the class members. Indeed, at the September 27, 2017 motion hearing, counsel unequivocally stated "obviously, representing the class members, we would like it to go to programs that would benefit the class exclusively." (R. 336, 9/27/17 Hr'g Tr. at 9.) That being said, because the Court does not have subject matter jurisdiction over this matter, this question will remain unanswered.

**Dated:** April 9, 2018

                                              **AMY J. ST. EVE**
                                              **United States District Court Judge**